WILSHIRE LAW FIRM
Thiago Coelho, Esq., Bar No. 324715
thiago@wilshirelawfirm.com
3055 Wilshire Blvd.
12th Floor
Los Angeles, CA 90010
Telephone: (213) 381-9988
Facsimile:  (213) 381-9989

Attorneys for Plaintiff JUAN ALCAZAR
and Proposed Class

ROBERT W. CONTI, Bar No. 137307
rconti@littler.com
JOHN (DREW) SCHAFFER, Bar No. 320905
dschaffer@littler.com
LITTLER MENDELSON, P.C.
18565 Jamboree Rd.
Suite 800
Irvine, CA 92612
Telephone: 949.705.3000
Facsimile: 949.724.1201

Attorneys for Defendant FASHION NOVA, INC.

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN ALCAZAR, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>FASHION NOVA, INC., a California corporation; and DOES 1 to 10, inclusive,<br><br>Defendants. | Case No. 3:20-cv-01434-TSH<br><br>*Assigned for all purposes to the Hon. Judge Thomas Hixson*<br>*Courtroom: G-15th Floor*<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Complaint Filed:   February 26, 2020<br>Trial Date:              Not Set |

LITTLER MENDELSON, P.C.
18565 Jamboree Rd.
Suite 800
Irvine, CA 92612
949.705.3000

JOINT CASE MANAGEMENT STATEMENT                    (NO. 3:20-CV-01434-TSH)

The parties, by and through their undersigned counsel, jointly submit this Joint Case Management Statement in anticipation of the case management conference scheduled for Thursday, January 14, 2021 at 10:00 a.m. in Courtroom G-15th Floor before the Honorable Thomas Hixson.

1. **JURISDICTION AND SERVICE**

This Court has Subject Matter Jurisdiction over the claims at issue. All named parties have been served.

2. **SUMMARY OF FACTS**

   A. **Plaintiff's Description of the Case**

Plaintiff's Complaint alleges that Defendant's Website is inaccessible to Plaintiff, who is visually impaired and legally blind. Plaintiff has attempted on several occasions to visit https://www.fashionnova.com/ ("Website") using a screen-reader. Plaintiff alleges that Defendant's Website neglected to have the proper tools in place to ensure that people with disabilities like Plaintiff Juan Alcazar, would not encounter any barriers while attempting to visit Defendant's Website.

Due to the alleged accessibility barriers of Defendant's Website, Plaintiff claims that he has been denied full accessibility to either purchase an item or find a store location. Plaintiff alleges that he has been denied a web browsing experience similar to that of a sighted individual due to the Website's lack of a variety of features and accommodations which barred Plaintiff from completely accessing Defendant's Website.

The central issue in this case is whether Defendant violated the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12181, and the Unruh Civil Rights Act ("Unruh").

   B. **Defendant's Description of the Case**

Fashion Nova is a US-based fashion retail company founded in 2006. The company operates predominantly online, and it has five brick-and-mortar locations. Fashion Nova has devoted considerable time and resources to ensuring that its website

LITTLER MENDELSON, P.C.
18565 Jamboree Rd
Suite 800
Irvine, CA 92612
949.705.3000

JOINT CASE MANAGEMENT STATEMENT   (NO. 3:20-CV-01434-TSH)

1  is accessible to all members of the public, including individuals who are blind or who
2  have vision impairments. Fashion Nova has made significant updates to the website
3  that improve the accessibility of the website for individuals and individuals with
4  vision impairments, and it has added a specialized accessibility interface, accessiBe, to
5  its website that enables blind individuals, individuals with vision impairments and
6  individuals with other disabilities to customize the user interface to meet their needs
7  based on the Web Content Accessibility Guidelines ("WCAG") Level 2.1 Level AA
8  success criteria.

9  Fashion Nova has encountered similar claims previously. It entered into a
10 confidential settlement and release agreement in one case, and it has continued to
11 work to ensure that its website is accessible to individuals with disabilities.

12 In fact, Plaintiff's counsel filed a nearly identical putative class action on behalf
13 of three other individuals, Elia Haggar, Kyo Hak Chu, and Valerie Brooks, in the
14 United States District Court for the Central District of California in May 2019.
15 *Haggar, et al. v. Fashion Nova, Inc.*, Civil Action No. 2:19-cv-4351.[1]  Within two
16 weeks of the date on which Fashion Nova filed a motion for partial summary
17 judgment (Dkt. 22) in that case, the plaintiffs voluntarily dismissed all of their claims
18 (Dkt. 25), and Mr. Alcazar filed this nearly identical lawsuit in this Court.

19 Fashion Nova denies Plaintiff's allegations regarding Fashion Nova's website,
20 as well as all allegations in the cookie-cutter declarations he has produced to date (and
21 which he claims he will rely upon in seeking class certification).

22 **3.  LEGAL ISSUES:**

23 **A.  Plaintiff's Position**

24 Plaintiff anticipate the following questions will be at issue:

25 1) Whether the ADA and/or the Unruh Act apply to Defendant's website and, if

---

[1] Ms. Haggar, represented by Mr. Alcazar's counsel, filed 50 nearly identical lawsuits in the Central District. Ms. Chu has filed 12 nearly identical lawsuits in the Northern District, and Ms. Brooks, has filed over 75 nearly identical lawsuits in the Eastern District of California. Mr. Alcazar himself has filed 15 nearly identical lawsuits in the Northern District as well.

LITTLER MENDELSON, P.C.
18565 JAMBOREE RD
SUITE 800
IRVINE, CA 92612
949.705.3000

JOINT CASE MANAGEMENT STATEMENT                    (NO. 3:20-CV-01434-TSH)

so, what is required of a website operator to be in compliance with the ADA and/or the Unruh Act and, if so, whether Defendant's Website is accessible.

2) Whether Plaintiff has standing to bring the claims asserted, including whether Plaintiff's claims are moot.

3) Whether Plaintiff is entitled to damages.

4) Whether a class action may be maintained for the claims Plaintiff asserts in the Complaint.

5) Whether Plaintiff has met his burden to warrant issuance of a preliminary injunction prohibiting Defendant and all those acting in concert with it from violating the Unruh Civil Rights Act.

6) Whether Plaintiff has met his burden to warrant issuance of a permanent injunction prohibiting Defendant and all those acting in concert with it from violating the American With Disabilities Act of 1990.

### B.    Defendant's Position

Defendant Fashion Nova denies that there are accessibility barriers on its website that create cause of action under Title III of the ADA or California's Unruh Civil Rights Act. It also denies that this action is suitable for class treatment and that a class can or should be certified. .

## 4.    MOTIONS

There are no prior and/or pending motions at this time.

### A.    Plaintiff's Position

Plaintiff anticipates filing a motion for class certification and may seek to add additional Plaintiffs.

### B.    Defendant's Position

Defendant will oppose Plaintiff's Motion for Class Certification and expects that it will file a motion for summary judgment on all or some of Plaintiff's claims.

## 5.    AMENDMENTS TO PLEADINGS

There are no anticipated amendments to the Complaint at this time.

LITTLER MENDELSON, P.C.
18565 Jamboree Rd
Suite 800
Irvine, CA 92612
949.705.3000

JOINT CASE MANAGEMENT STATEMENT                           (NO. 3:20-CV-01434-TSH)

## 6. EVIDENCE PRESERVATION

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"). The parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and appropriate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

## 7. DISCLOSURES

The Parties have complied with the initial disclosure requirements of Fed. R. Civ. P. 26, and have exchanged initial disclosures.

## 8. DISCOVERY

Other than Rule 26 initial disclosures, no discovery has taken place to date.

### A. Plaintiff's Position

Plaintiff intends to propound Requests for Production of documents, Requests for Admissions, Interrogatories and Notice Defendant's deposition pursuant to Rule 30(b)(6). Discovery may be needed on the following subjects:

- Website's accessibility; and
- Data on visits to the Website.

### B. Defendant's Position

Fashion Nova plans to contest Mr. Alcazar's claims on the merits, his claim that this case should be certified as a class action, and his claim that he can serve as an adequate class representative. Defendant proposes that the Court bifurcate discovery into two phases: (1) class certification discovery ("Class Certification Phase") and (2) merits or post-certification discovery ("Post-Certification Phase"). While to some extent these matters are intertwined, Fashion Nova believes that the parties will be able to reach an agreement on the appropriate scope of discovery. The Class Certification Phase discovery would relate to Plaintiff's individual claims, the claims of the individuals from whom Plaintiff's counsel obtained declarations, and discovery related to the propriety of class certification. Post-Certification Phase discovery would relate to the merits of the individual or class claims.

LITTLER MENDELSON, P.C.
18565 Jamboree Rd
Suite 800
Irvine, CA 92612
949.705.3000

JOINT CASE MANAGEMENT STATEMENT                                  (NO. 3:20-CV-01434-TSH)

In addition, Fashion Nova anticipates propounding written discovery, including document request, requests for admission, and interrogatories concerning Plaintiff's claims. Fashion also anticipates taking Plaintiff's deposition and depositions of any witnesses identified by Plaintiff. Fashion Nova also anticipates that it will take the discovery of any expert witness(es) Plaintiff identifies.

### A.  Discovery Plan Pursuant to Fed.R.Civ.P.26(f)

1. <u>Rule 26(f)(3)(A): what changes should be made in timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made;</u>

The parties do not propose any changes to the form or requirements for disclosures under Rule 26(a).

2. <u>Rule 26(f)(3)(B): the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;</u>

The parties see no reason to limit/focus discovery on particular issues.

3. <u>Rule 26(f)(3)(C): any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced;</u>

The parties do not anticipate any issues relating to the disclosure or discovery of electronically stored information. They agree to address such issues in the event they arise.

4. <u>Rule 26(f)(3)(D): any issues about claims of privilege or of protection as trial-</u>

LITTLER MENDELSON, P.C.
18565 Jamboree Rd
Suite 800
Irvine, CA 92612
949.705.3000

JOINT CASE MANAGEMENT STATEMENT    (NO. 3:20-CV-01434-TSH)

> preparation materials, including – if the parties agree on a procedure to assert these claims after production – whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502;

The parties do not anticipate any issues relating to claims of privilege or of protection as trial material. They agree to address any such issues in the event they arise.

> 5. Rule 26(f)(3)(E): what changes should be made in the limitations on discovery imposed under those rules or by local rule, and what other limitations should be imposed; and

The parties do not require any changes to the limitation on discovery proposed by the Federal or Local Rules.

> 6. Rule 26(f)(3)(F): any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c);

The parties do not request any other orders that should be entered by the court under Rule 12(c), Rule 16(b), or Rule 16(c).

## 9. CLASS ACTION

### A. Plaintiff's Position

Plaintiff contends that the general rule is that a "class of 41 or more usually sufficiently numerous" to make joinder impracticable. 5-23 Moore's Federal Practice – Civil § 23.22 (2016). Here, more than 41 persons are similarly situated to the claims within Plaintiff's complaint and, in fact, have already submitted declarations indicating as much.

Accordingly, Plaintiff intends to file a motion for class certification on or before April 29, 2021, wherein Plaintiff can provide supporting declarations and a survey

LITTLER MENDELSON, P.C.
18565 Jamboree Rd
Suite 800
Irvine, CA 92612
949.705.3000

JOINT CASE MANAGEMENT STATEMENT                                    (NO. 3:20-CV-01434-TSH)

depicting the class's need for certification. Plaintiff will thereafter adhere to the Court's motion scheduling calendar for response and reply briefs.

### B. Defendant's Position

Defendant contends this case is not suitable for class treatment. Fashion Nova plans to contest Plaintiff's claims that this case should be certified as a class action, and that he can serve as an adequate class representative. Class Certification Phase discovery would relate to Plaintiff's individual claims, the claims of the individuals from whom Plaintiff's counsel obtained declarations, and discovery related to the propriety of class certification.

In addition, Fashion Nova anticipates propounding written discovery, including document request, requests for admission, and interrogatories concerning Plaintiff's claims. Fashion Nova also anticipates taking Plaintiff's deposition and depositions of any witnesses identified by Plaintiff.

Defendant has reviewed the Procedural Guidance for Class Action Settlements.

## 10. RELATED CASES

The parties are not aware of any related cases or proceedings pending before another Judge of this Court, or before another Court or Administrative Body.

## 11. RELIEF

### A. Plaintiff's Position:

As set forth in his Complaint, Plaintiff seeks:

(a) a declaratory judgment, under 28 U.S.C. §§ 2201.

(b) a preliminary injunction prohibiting Defendant and all those acting in concert with Defendant from violating the Unruh Civil Rights Act and requiring Defendant to take the steps necessary to make their Website fully accessible and usable by visually impaired individuals.

(c) a permanent injunction prohibiting Defendant and all those acting in concert with Defendant from violating the Unruh Civil Rights Act and requiring Defendant to

LITTLER MENDELSON, P.C.
18565 JAMBOREE RD
SUITE 800
IRVINE, CA 92612
949.705.3000

JOINT CASE MANAGEMENT STATEMENT                    (NO. 3:20-CV-01434-TSH)

take the steps necessary to make their Website fully accessible and usable by visually impaired individuals.

    (d) an award of statutory minimum damages of $4000 per offense per person.

    (e) an award of costs, expenses, and reasonable attorney fees; and

    (f) an award of such other relief as the Court deems just and proper.

Plaintiff reserves the right to amend his prayer for relief and sets forth additional damages as additional information becomes available during discovery.

    **B.**    **Defendant's Position:**

Defendant denies that Plaintiff's claims are susceptible to resolution as a class action for the reasons articulated above.

**12.**    **SETTLEMENT AND ADR**

The parties engaged in (pre-discovery) mediation with Kari Levine, Esq. on Wednesday, October 14, 2020. The case did not settle. Accordingly, the parties will proceed with written discovery and depositions, with the possibility of returning to mediation at a later date.

**13.**    **CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The parties have not consented to a magistrate judge for all purposes.

**14.**    **OTHER REFERENCES**

The parties agree that this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.**    **NARROWING OF ISSUES**

The parties agree that no issues can be narrowed at this time.

**16.**    **EXPEDITED TRIAL PROCEDURE**

The parties are not aware of any means to expedite or streamline the process at this time.

**17.**    **SCHEDULING**

At this time, the Court should set a briefing schedule and hearing date for Plaintiff's Motion for Class Certification. The parties recommend that any future

LITTLER MENDELSON, P.C.
18565 Jamboree Rd
Suite 800
Irvine, CA 92612
949.705.3000

JOINT CASE MANAGEMENT STATEMENT    (NO. 3:20-CV-01434-TSH)

scheduling should be handled after the Court rules on Plaintiff's Motion for Class Certification.

The parties propose the following schedule for filing and consideration of Plaintiff's Motion for Class Certification:

| Opening Brief | On or before April 29, 2021 (not to exceed 35 pages) |
|---|---|
| Opposition Brief | No more than 45 days after filing of Opening Brief (not to exceed 35 pages) |
| Reply Brief | No more than 45 days after filing of Opposition Brief (not to exceed 20 pages) |
| Hearing Date | Next available law and motion date three (3) weeks after Reply is filed |

## 18. TRIAL

### A. Plaintiff's Position

Plaintiff requests a trial by jury and estimates that said trial will be seven to ten days (7-10) in length.

### B. Defendant's Position

There is no right to a trial by jury under Title III of the ADA. Fashion Nova does not request a jury trial for Plaintiff's state law claim under the Unruh Civil Rights Act. Fashion Nova believes it is premature to set this matter for trial.

## 19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES

The parties certify that Plaintiff and Fashion Nova are the only parties to the litigation.

## 20. PROFESSIONAL CONDUCT

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

LITTLER MENDELSON, P.C.
18565 Jamboree Rd
Suite 800
Irvine, CA 92612
949.705.3000

JOINT CASE MANAGEMENT STATEMENT                                (NO. 3:20-CV-01434-TSH)

Pursuant to Local Rule 5-1(i)(3), I attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated:   January 7, 2021                WILSHIRE LAW FIRM


                                        By: /s/ Thiago Coelho
                                            THIAGO COELHO
                                            Attorneys for Plaintiff
                                            JUAN ALCAZAR


Dated:   January 7, 2021                LITTLER MENDELSON, PC


                                        By: /s/Robert W. Conti
                                            ROBERT W. CONTI
                                            JOHN (DREW) SCHAFFER
                                            LITTLER MENDELSON, P.C.
                                            Attorneys for Defendant
                                            FASHION NOVA, INC.

4815-9468-7701.4 096313.1016

LITTLER MENDELSON, P.C.
18565 Jamboree Rd
Suite 800
Irvine, CA 92612
949.705.3000

JOINT CASE MANAGEMENT STATEMENT                                    (NO. 3:20-CV-01434-TSH)