Thiago M. Coelho, SBN 324715
thiago@wilshirelawfirm.com
Binyamin I. Manoucheri, SBN 336468
binyamin@wilshirelawfirm.com
**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd., 12th Floor
Los Angeles, California 90010
Telephone: (213) 381-9988
Facsimile: (213) 381-9989

*Attorneys for Plaintiff and Proposed Class*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN ALCAZAR, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FASHION NOVA, INC., a California corporation; and DOES 1 to 10, inclusive,<br><br>Defendants. | Case No. 4:20-cv-01434-JST<br><br>*Hon. Judge Jon S. Tigar*<br>Courtroom 6 – 2nd Floor<br><br>**PLAINTIFF JUAN ALACAZAR'S REPLY TO DEFENDANT FASHION NOVA, INC.'S OPPOSITION TO PLAINTIFF JUAN ALCAZAR'S MOTION FOR CLASS CERTIFICATION**<br><br>Date:      April 14, 2022<br>Time:      2:00 p.m.<br>Dept.:      Courtroom 6, 2nd Floor<br><br>Complaint Filed: February 26, 2020<br>Trial Date: None |

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

## TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................................................ I

TABLE OF AUTHORITIES .................................................................................................. II

I.    INTRODUCTION ....................................................................................................... 1

   A.    DEFENDANT'S OPPOSITION FAILS TO ADEQUATELY COUNTER
      PLAINTIFF'S ESTABLISHED COMMON QUESTIONS OF FACT .......................... 2

   B.    PLAINTIFF HAS SHOWN PREDOMINANCE ............................................ 5

   C.    PLAINTIFF HAS SHOWN SUPERIORITY ................................................ 7

      1.    Statutory Damages Do Not Impact the Superiority of Class Management ................ 7

      2.    Due Process Concerns Do Not Destroy Class Certification ....................................... 8

      3.    Financial Impacts On Defendant Due to the Size of the Class Are Unavailing
         to Defeat Class Certification Based on Superiority ................................................. 9

   D.    PLAINTIFF'S REQUEST FOR INJUNCTIVE RELIEF IS NOT INCIDENTIAL TO
      REQUESTS FOR DAMAGES IN THIS CASE ............................................ 9

      1.    Because Rule 23 Requirements Are Satisfied and Statutory Damages Are Sought,
         Class Certification Should Not Be Refused Because of Lack of Need. ................... 11

   E.    ALTHOUGH ISSUES OF NEXUS AND ASCERTAINABILITY ARE NOT
      RELEVANT TO CLASS CERTIFICATION, PLAINTIFF STILL SUCCEEDS .......... 12

      1.    Plaintiff's Motion Provides More than An Ample Showing of a Nexus ................. 12

      2.    Ascertainability May Not Be Considered at the Time of Class Certification .......... 14

II.    CONCLUSION ......................................................................................................... 15

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

## TABLE OF AUTHORITIES

<u>Cases</u>

*Accounting Outsourcing LLC v. Version Wireless Personal Comm.*,

   329 F. Supp. 2d 789 (M.D. La. 2004) ................................................................................. 9

*Amgen Inc. v. Conn. Ret. Plans & Trust Funds*,

   133 S. Ct. 1184, 185 L.Ed.2d 308 (2013) ........................................................................... 2

*Arnold v. United States Theatre Circuit, Inc.*,

   158 F.R.D. 439 (N.D. Cal. 1994) ...........................................................................3, 4, 10

*Astiana v. Kashi Co.*,

   291 F.R.D. 493 (S.D. Cal. 2013) ...................................................................................... 15

*Bateman v. American Multi-Cinema, Inc.*

   623 F.3d 708 (9th Cir. 8, 9

*Brown v. Scott*,

   602 F.2d 791 (7th Cir. 1979).............................................................................................. 11

*Calabrese v. Winter*,

   285 Fed.Appx. 419, 2008 WL 2704620 (9th Cir. 2008) ..................................................... 2

*Califano v. Yamasaki*,

   442 U.S. 682 (1979)............................................................................................................ 8

*Campbell v. Facebook Inc.*,

   315 F.R.D. 250 (N.D. Cal. 2016) ..................................................................................... 15

*Carroll v. FedFinancial Federal Credit Union*,

   324 F. Supp. 3d 658 (E.D.Va. 2018) ............................................................................... 13

*Cooper v. Federal Reserve Bank*,

   467 U.S. 867 (1984)........................................................................................................... 10

*Dukes v. Wal-Mart*,

   222 F.R.D. 137 (N.D. Cal. 2004),

   *aff'd by Dukes v. Wal-Mart, Inc.*, 474 F.3d 1214 ...............................................................

*Ebeid v. Facebook, Inc.*,

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

2019 WL 2059662 (N.D. Cal. 2019) ............................................................. 9

*Eisen v. Carlisle & Jacquelin*,

   417 U.S. 156 (1974).........................................................................8, 12

*Ellis v. Costco*,

   --- F.R.D. ---, 2007 WL 127800 (N.D. Cal. 2007).........................................

*Geraghtv v. U.S. Parole Comm'n*,

   579 F 2d 238 (3d Cir. 1978)

   *rev'd on other grounds*, 445 U.S. 388, 100 S. Ct. 1202, 63 L. Ed 2d 479 (1980) ............... 11

*Gertz v. Robert Welch, Inc*.

   418 U.S. 323 (1974).......................................................................... 9

*Hanlon v. Chrysler Corp.*,

   150 F.3d 1011 (9th Cir. 1998)...............................................................

*In re Facebook Biometric Info. Priv. Litig.*,

   326 F.R.D. 535 (N.D. Cal. 2018) ............................................................ 6

*In re: Napster, Inc. Copyright Litigation*,

   No. C 04-1671 MHP, 2005 WL 1287611 (N.D. Cal. 2005)........................................ 8

*In re: Toys R Us-Delaware, Inc.-Fair and Accurate Transaction Act (FACTA) Litigation*,

   300 F.R.D. 347 (2013) ...................................................................... 6

*In re: Yahoo Mail Litigation*,

   308 F.R.D. 577 (N.D. Cal. 2015) ........................................................... 15

*International Brotherhood of Teamsters v. U.S.*,

   431 U.S. 324 (1977)......................................................................... 10

*James v. Ball*,

   613 F.2d 180 (9th Cir. 1979),

   *rev'd on other grounds*, 451 U.S. 355, 101 S.Ct. 1811, 68 L. Ed. 2d 150 (1981) ............... 11

*Jones v. Fort McPherson Credit Union*,

   347 F. Supp. 3d 1351 (N.D. Ga. 2018) ...................................................... 13

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

iii

TABLE OF AUTHORITIES

*Legge v. Nextel Commc'ns, Inc.*,

    No. CV 02-8676DSF(VNKX), 2004 WL 5235587 (C.D. Cal. June 25, 2004) ...................... 8

*Linn v. Target Stores, Inc.*,

    61 F.R.D 469 (D. Minn. 1973) .................................................................................

*Martinez v. San Diego Country Credit*,

    50 Cal.App.5th 1048 (2020) ...................................................................6, 13, 14

*Moeller v. Taco Bell Corp.*,

    220 F.R.D. 604 (N.D. Cal. 2004),

    *amended in part*, 2012 WL 3070863 (N.D. Cal. , 4, 10

*Molski v. Gleich*,

    318 F.3d 937 (9th Cir. 2003).............................................................................. 10

*Murray v. GMAC Mortg. Corp.*,

    434 F.3d 948 (7th Cir. 2006)................................................................................

*National Federation of the Blind v. Target Corp.*,

    582 F. Supp. 2d 1185 (N.D. Cal. 2007) .................................................12, 13, 14

*Ochoa v. McDonald's Corp.*,

    Case No. 14-cv-02098 JD, 2016 WL 3648550, at *5-6 (N.D. Cal. July 7, 2016)................. 6

*Park v. Ralph's Grocery Co.*,

    254 F.R.D. 112 (C.D. Cal. 2008) ....................................................................... 10

*Patel v. Facebook, Inc.*,

    932 F.3d 1264 (9th Cir. 2019)............................................................................. 6

*Pereira v. Ralphs Grocery Co.*,

    No. CV 07-841 PA (FFMX), 2007 WL 9759648 (C.D. Cal, July 2, 2007) ...................10, 11

*Ratner v. Chemical Bank New York Trust Co.*,

    54 F.R.D. 412 (S.D.N.Y. 1972).......................................................................... 8

*Reiter v. Sonotone Corp.*,

    442 U.S. 330 (1979)........................................................................................ 8

*Rivera v. Patino*,

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

TABLE OF AUTHORITIES

524 F. Supp. 136 (N.D. Cal. 1981) ..................................................................... 11

*Robinson v. Metro-North Commuter R.R. Co.*,

267 F.3d 147 (2d Cir. 2001) ...........................................................................

*Robles v. Domino's Pizza LLC*,

913 F.3d 898 (9th Cir. 2019),

*cert. denied*, 140 S.Ct. 122, 206 L. Ed. 2d 41 (2019) ................................... 13, 14

*State Farm Mutual Auto Insurance Co. v. Campbell*,

538 U.S. 408 (2003) ........................................................................................

*Strojnik v. Resort at Indian Springs, LLC*,

2019 WL 6913039 (N.D. Cal. 2019) .................................................................. 9

Statutes

42 U.S.C. Section 12181 .......................................................................6, 10, 11, 14

Rules

Fed. R. Civ. P. 23 ...................................................................................passim

Treatises

3 NEWBERG ON CLASS ACTIONS, Section 4:48 ............................................... 5

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

TABLE OF AUTHORITIES

## I.    INTRODUCTION

Defendant Fashion Nova, Inc.'s ("Fashion Nova") limited opposition fails to address many of the elements presented by Plaintiff Juan Alcazar ("Plaintiff") in support of class certification.  Defendant has failed to address and thereby conceded many of the elements of class certification including standing, numerosity, typicality, adequacy, and whether there are common questions of law.  Plaintiff's motion is uncontested as to those issues and the Court should rule in Plaintiff's favor on each of them.   As to the issues that Defendant raises— commonality, superiority, predominance, and the fact that injunctive relief is primary to damages—Defendant fails to counter the evidence provided to the Court in support of certification, and as such, those arguments fail for three main reasons.

First, *common facts* pervade Plaintiff's case—the central issue remains; the inability of the visually disabled to access its website despite Fashion Nova's admitted knowledge that it fails to comply with the widely recognized Web Content Accessibility Guidelines ("WCAG").  This fact is illustrated by Plaintiff's expert's Kannan Arumugam declaration and rebuttal to Defendant's expert witness Aaron Cannon, and Defendant's commissioned accessibility audits.

Second, Defendant has failed to rebut that class issues *predominate*—the similar experiences of *putative* class members pervade the case as again amply explained by Plaintiff's expert's Kannan Arumugam rebuttal.

Third, Defendant's argument that the existence and potential size of statutory awards somehow defeats *superiority* runs contrary to established and binding Ninth Circuit law.

Defendant's argument that *damages are incidental* to the injunctive relief fails given the nature of the Pleadings, established law, and admitted facts.  Even as recently as April 6, 2022, the Fashion Nova website remains woefully inadequate and still fails to meet WCAG requirements.   Plaintiff's complaint requests important injunctive relief: Fashion Nova continues to show a flagrant disregard for simple compliance with WCAG standards and this disregard begs for relief.

Finally, Defendant raises two arguments that do not impact the procedural inquiry that

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

PLAINTIFF JUAN ALCAZAR'S REPLY TO DEFENDANT FASHION NOVA, INC.'S
OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

is of class certification. It is axiomatic that at the class certification stage a court may not resolve substantial or disputed factual issues concerning the merits unless those issues also are relevant to a Rule 23 determination. *See Amgen Inc. v. Conn. Ret. Plans & Trust Funds*, 133 S. Ct. 1184, 1194–95, 185 L.Ed.2d 308 (2013) ("Rule 23 grants courts no license to engage in free-ranging merits inquiries at the certification stage. Merits questions may be considered to the extent—but only to the extent—that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied."). Even so, should the Court wish to evaluate them, Plaintiff has more than a sufficient "nexus" between how Defendant's website is accessed and the nature of Defendant's physical clothing retail stores. Likewise, even though ascertainability is not an issue for class certification, Plaintiff's class is readily ascertainable. *Briseno v. ConAgra Foods, Inc*., 844 F.3d 1121, 1127 (9th Cir. 2017) ("[The language of Rule 23 neither provides nor implies that demonstrating an administratively feasible way to identify class members is a prerequisite to class certification.").

In sum, Defendant's Opposition fails to negate a single element supporting class certification as established in Plaintiff's motion. As such, the Court should grant Plaintiff's motion in full.

### A. DEFENDANT'S OPPOSITION FAILS TO ADEQUATELY COUNTER PLAINTIFF'S ESTABLISHED COMMON QUESTIONS OF FACT

Fed. R. Civ. P. ("FRCP") 23(a)(2) requires the presence of common questions of fact to support class certification.[1] The Ninth Circuit has held that the commonality requirement is "construed permissively," that "[a]ll questions of fact and law need not be common to satisfy the rule," and that the requirements for finding commonality under Rule 23(a)(2) are "minimal." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998); *see also Moeller v. Taco Bell Corp.,* 220 F.R.D. 604, 608 (N.D. Cal. 2004), *amended in part*, 2012 WL 3070863 (N.D. Cal. 2012). Here, common questions of fact support class certification such as common discriminatory practices, i.e.,

---

[1] Defendant's Opposition raises only a handful of issues which are actually pertinent to Plaintiff's Motion for Class Certification—commonality, superiority, predominance, and the fact that damages are a primary form of relief rather than injunctive relief. Since Defendant fails to counter the evidence provided to the Court in support of certification, this failure constitutes a waiver as to these issues, and therefore, Plaintiff's Reply focuses only as to the issues addressed by Defendant. *See Calabrese v. Winter*, 285 Fed.Appx. 419, 2008 WL 2704620 (9th Cir. 2008).

PLAINTIFF JUAN ALCAZAR'S REPLY TO DEFENDANT FASHION NOVA, INC.'S
OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

Defendant's failure to code its website pursuant to WCAG—ensuring Plaintiff and the Class members each encountered a website replete with barriers and denying them the ability to access the goods and services of Defendant's brick-and-mortar stores—and Defendant's tight centralized control of the method in which content is uploaded to the website.

Defendant does not deny the key facts supporting commonality. It does not counter the facts established in declarations of over forty visually impaired persons—including Plaintiff's declaration—which establish a shared inability to access vital features of the website that are inextricably tied to the goods and services of Defendant's brick-and-mortar stores. (Dkt. Nos. 57 through 57-4 and 59.) Defendant has not rebutted Plaintiff's expert Kannan Arumugam's testimony setting forth overarching problems that exist regardless of the screen-reader, browser, or operating system employed. (Dkt. No. 57 through 57-4 and 59.) Nor has Defendant denied that WCAG is agnostic as to browsers, systems, and screen readers.

Defendant's argument that commonality is unmet because visually impaired persons use different screen-readers, browsers, computers, operating systems, and possess different skill levels is unavailing. Commonality of fact is met by the existence of Defendant's common discriminatory practices. In *Arnold v. United States Theatre Circuit, Inc.*, 158 F.R.D. 439, 444 (N.D. Cal. 1994), the court found commonality was met for a class of mobility-impaired persons alleging claims involving all California United Artists Theaters under the ADA's readily achievable standard. The court extrapolated that "the actions of the defendant need not affect each member of the class in the same manner . . . . Nor must all questions of law and fact involved in the dispute be common to all members of the class." *Id*. The court found that inadequate wheelchair accommodations at particular theaters are very likely to affect all wheelchair-users in the same way. *Id*. at 449.

Here, akin to *Arnold*, the requirement that there be questions of law or fact common to the class is met by the existence of common discriminatory practices because Defendant knows that: (1) its website is not ADA compliant, (2) knows that its procedures for uploading content onto the website are not sufficient; (3) but Defendant continues to use the same procedures for the uploading of content, which is changed regularly, assuring the lack of the website's ADA compliance. Further, like *Arnold*, the state of elements on Defendant's website such as provision of sufficient ALT text

3

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 900010-1137

for images and links, the legal adequacy of such elements, and Defendant's failure to make its website WCAG compliant, are issues of fact common to all Class Members. Factually, this case involves a homogenous class of plaintiffs who are bring multiple but common factual claims that will be determined based to a common legal backdrop. *Moeller v. Taco Bell Corp.*, 220 F.R.D. 604, 609 (N.D. Cal. 2004), *amended in part*, No. C 02-5849 PJH, 2012 WL 3070863 (N.D. Cal. July 26, 2012) ("A number of courts have held the same types of barriers at a number of commonly owned or affiliated public accommodations, commonality is established and class certification is appropriate"); *see also Arnold*, 158 F.R.D. at 449). As in *Arnold* and *Moeller*, Plaintiff and Class Members challenge the "same categories" of barriers on Defendant's website.

Commonality of fact is also met because Defendant exerts tight, centralized control of the processes for uploading non-ADA compliant content to the website. *See Moeller*, 220 F.R.D. at 610 ("This centralized decision-making is an additional factor weighing *heavily* towards a finding of commonality, *if it does not establish commonality outright").* Here, Defendant's decision-making process on website coding lies in the hands of a tightly controlled centralized authority—Defendant's internal technical team. (emphasis added). Commonality is met.

To rebut these common facts, Defendant, like the Defendants in *Arnold* and *Moeller*, claims that variables "outside" Fashion Nova's control impact the ability of putative class members to access the website. In support of its argument Defendant *only* provides a conclusory declaration from Aaron Cannon ("Mr. Cannon"). *See* Declaration of Aaron Cannon, February 24, 2022, Dkt. 57-1, ¶¶ 4-8; Dkt. 57-1, Cannon Decl. Mr. Cannon claims that "[w]ebsites *can* be usable in one browser, but not in another." This is contradicted by Mr. Arumugam's testimony that: "[r]egardless of the respective browser chosen, if a visually impaired user of a screen-reader encountered a deficiently coded website, like Defendant's, the visually impaired user could not access the website due to the barriers encountered. (Rebuttal Declaration of Plaintiff's Expert Kannan Arumugam Decl., ¶ 8 (Arumugam Rebuttal Decl.)). Moreover, "Mr. Cannon does not even make a definite statement, instead choosing to use the word "*can* vary widely in their support for accessibility and to what degree they are supported by a given screen reader." (Arumugam Rebuttal Decl., ¶ 5.) Defendant's attempt to extrapolate from these meager premises that commonality is unmet is unavailing.

4

PLAINTIFF JUAN ALCAZAR'S REPLY TO DEFENDANT FASHION NOVA, INC.'S
OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

The standards of WCAG do not separate out different coding standards for browsers, screen-readers, or operating systems employed by different visually impaired individuals—their guidelines cut across all technologies. Arumugam Rebuttal Decl., ¶ 6, 12, 13. The absence of any such specificity with WCAG is a strong indication of commonality. Arumugam Rebuttal Declaration, ¶¶ 3-19. Rather than being a source of differences between the plaintiffs' experiences, the flawed nature of key parts of Defendant's website such as its failure to provide sufficient ALT text for images and links are issues of fact common to all Class Members. Arumugam Rebuttal Decl., paras. 14-16. The WCAG was developed with the "goal of providing a single shared standard for web content accessibility that meets the needs of individuals, organizations and governments internationally." Arumugam Rebuttal Decl., ¶ 7 (citing principles established by the World Wide Web Consortium). WCAG developers are required to create shared guidelines for developers to use in order to assure a uniform experience for all visually impaired screen-reader users, regardless of system, browser, or screen-reader employed. Arumugam Rebuttal Decl., ¶ 7, 12, 13. Mr. Cannon's arguments simply run counter to reality–WCAG standards direct programmers to consider such issues and program their code to meet the requirements for commonly available and well-known accessibility software programs such as JAWS. Arumugam Rebuttal Decl., ¶ 9-11.

The factual issues are common to the class: Defendant's website has been and remains inaccessible to the visually impaired because of Defendant's common discriminatory practices--its failure to comply with known WCAG standards—and its tight central controls. These common facts are unrebutted and support Plaintiff's motion.

## B.  PLAINTIFF HAS SHOWN PREDOMINANCE

Under Rule 23(b)(3), "questions of law or fact common to class members [must] predominate over any questions over any questions affecting only individual members." Rule 23(b)(3). "The predominance requirement is meant to assess whether the class's interests are 'sufficiently cohesive to warrant adjudication by representation." 3 NEWBERG ON CLASS ACTIONS, Section 4:48 (quoting *Amchem Products v. Windsor,* 521 U.S. 591, 623 (1997); *see also Erica P. John Fund, Inc. v. Halliburton Co*., 563 U.S. 804 (2011). "As the Court has discussed in other decisions, the line separating the commonality inquiry under Rule 23(a)(2) and the predominance assessment under

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

PLAINTIFF JUAN ALCAZAR'S REPLY TO DEFENDANT FASHION NOVA, INC.'S
OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Rule 23(b)(3) can be elusive." *In re Facebook Biometric Info. Priv. Litig.,* 326 F.R.D. 535, 544 (N.D. Cal. 2018), *aff'd sub nom. Patel v. Facebook, Inc.*, 932 F.3d 1264 (9th Cir. 2019) (*citing Ochoa v. McDonald's Corp*., Case No. 14-cv-02098 JD, 2016 WL 3648550, at *5-6 (N.D. Cal. July 7, 2016). The "presence of statutory damages also is likely to obviate the need for individualized damages determinations" *In re: Toys R Us-Delaware, Inc.-Fair and Accurate Transaction Act (FACTA) Litigation,* 300 F.R.D. 347 (2013).

Plaintiff brings two causes of action in this case for violations of the Americans With Disabilities Act of 1990, 42 U.S.C. Section 12181 (ADA) and California's Unruh Civil Rights Act, California Civil Code Section 51, *et seq.* (Unruh Act). "California's Unruh Civil Rights Act provides: "All persons within the jurisdiction of this state are free and equal, and no matter what their ... disability ... are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." (Civ. Code, § 51, subd. (b).) A plaintiff can recover under the Unruh Civil Rights Act on two alternate theories: (1) a violation of the ADA (§ 51, subd. (f)); or (2) denial of access to a business establishment based on intentional discrimination." *Martinez v. San Diego Country Credit,* 50 Cal.App.5th 1048, 1059 (2020). "The purpose of this title is ""to bring individuals with disabilities into the economic and social mainstream of American life ... in a clear, balanced, and reasonable manner."" *Id.*

Plaintiff's claims relate to discrimination due to the lack of accessibility to blind and visually impaired persons. [Dkt No. 1, Para. 54-66.] Defendant knew of and failed to make its website accessible under widely known and accepted standards implemented by the World Wide Web Consortium, i.e., WCAG. Arumugam Rebuttal Decl., Paras. 6-19. Each person whose declaration has been submitted is visually impaired, was unable to access the website and was unable to learn about with Defendant's stores and how to visit them. Defendant knew of the inability of the visually impaired to use its website, knew of the way in which it could easily program the website to become accessible, and failed to make those corrections.

Fashion Nova challenges predominance of issues by simply asserting that despite the fact that it knew that its website did not provide access to the visually impaired, it was too difficult for it to comply. It suggests -- wrongly – that the mere existence of different browsers, screen readers and

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

6

operating systems creates the need for individual investigation into how each user's accessibility was denied. Cannon Decl., Paras. 3-8. (Dkt. 57, pp 12-13.) This is however not an argument that weighs against predominance. It is a factual defense to allegations of discrimination. As such, it cannot defeat class certification. *Huntsman v. Southwest Airlines Co.,* 2021 WL 391300, at *11 (N.D. Cal. 2021) (noting that "as long as a defendant is able to assert individualized defenses at a later stage, the mere existence of such a defense does not defeat certification").

Even as a defense the argument that "there are different browsers" is expected to fail: WCAG standards are agnostic as to various web technologies. These guidelines foresee and incorporate requirements for all browsers, new and old, revised and updated. *See* Arumugam Rebuttal Decl., Paras. 17-19.] They were established for the very purpose of setting uniform standards. Indeed, the very audits ordered by Defendant refer to the standards of WCAG in their conclusions. The common issue predominating this class is that visually impaired persons were denied access to important and key features of the website, and that defendant knew but chose not to make its website meet accessibility standards. Defendant does not deny that there were visually disabled persons who could not access numerous portions of its website. In order to defend against class claims, Defendant will not need to ask each plaintiff as to their experiences with its website. Fashion Nova's argument that variances in technology create individualized issues is not an argument that cuts against predominance, and common issues predominate.

## C. PLAINTIFF HAS SHOWN SUPERIORITY

### 1. Statutory Damages Do Not Impact the Superiority of Class Management

Rule 23(b)(3) requires that class management be superior to other means of class management including individual control of each case and the desirability of concentrating litigation in a particular forum. Defendant urges this court to consider long-rejected arguments that statutory damages may prevent certification. [Dkt 57, page 9, lines 4-5.]

The Ninth Circuit has long rejected using the aggregate size of statutory damages as a means for determining superiority. *See Bateman v. American Multi-Cinema, Inc.* 623 F.3d 708, 719-720 (9th Cir. 2010); *Murray v. GMAC Mortg. Corp*., 434 F.3d 948, 953–54 (7th Cir. 2006) (request for statutory damages under the Fair Credit Reporting Act were insufficient to deny

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

PLAINTIFF JUAN ALCAZAR'S REPLY TO DEFENDANT FASHION NOVA, INC.'S
OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

class certification); *In re: Napster, Inc. Copyright Litigation*, No. C 04-1671 MHP, 2005 WL 1287611, *9 (N.D. Cal. 2005) ("nothing in Ninth Circuit precedent suggests that the availability of statutory damages raises a *per se* bar to class certification".)[2]

The Ninth Circuit and others have rejected Defendant's argument --- the very purpose of class actions is due to the fact that even statutory damages may be inadequate to incentivize Plaintiffs to bring their claims. Defendant's argument that the aggregation of statutory damages defeats superiority is inconsistent with current law and should be disregarded.

## 2. *Due Process Concerns Do Not Destroy Class Certification*

Defendant next argues that class actions which contain statutory damages are *per se* "punitive" and therefore violate general principles due process. The paucity of case law cited by Defendant to support such an extreme position is telling. *Legge v. Nextel Commc'ns, Inc.*, No. CV 02-8676DSF(VNKX), 2004 WL 5235587, at *15 (C.D. Cal. June 25, 2004) actually holds that financial condition is merely one element to be considered when evaluating class certification. Due process concerns in cases such as *Linn v. Target Stores, Inc.,* 61 F.R.D 469, 474 (D. Minn. 1973) and *Ratner, supra* have been rejected by modern cases such as *Bateman, supra*. Plaintiff's statutory claims are directly related to a lack of accessibility, and are not intended for punitive impact.

Defendant's references to *BMW of North America v. Gore*, 517 U.S. 559 (1996) and *State Farm Mutual Auto Insurance Co. v. Campbell*, 538 U.S. 408 (2003) are also unavailing. Punitive and statutory damages are fundamentally different - punitive damages are to punish "reprehensible conduct and deter its future occurrence." *Gertz v. Robert Welch, Inc*. 418 U.S. 323, 350 (1974). Statutory damages are contained verbatim in operative statutes thereby putting defendants on notice of the potential outcomes for strict failure to comply. *See*

---

[2] In support of Defendant's claims that statutory damages undermine superiority, Defendant makes much of Judge Frankel's comments in *Ratner v. Chemical Bank New York Trust Co.*, 54 F.R.D. 412, 416 (S.D.N.Y. 1972). Yet Defendant's opposition fails to discuss how *Bateman, supra,* essentially rejects Judge Frankel's *ratio decidendi* in its entirety. *Bateman, supra* at page 719. Acceptance of the opinions in *Ratner* and similar cases from the same era has faded over time - not just by the Ninth Circuit but over and over again by the U.S. Supreme Court as well. *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156 (1974), *Reiter v. Sonotone Corp.*, 442 U.S. 330, 244-345 (1979) and *Califano v. Yamasaki,* 442 U.S. 682, 699-700 (1979).

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

PLAINTIFF JUAN ALCAZAR'S REPLY TO DEFENDANT FASHION NOVA, INC.'S
OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

*e.g., Bateman, supra* at page 718 (statutory damages under FCRA are compensatory, not punitive.); *Accounting Outsourcing LLC v. Version Wireless Personal Comm.*, 329 F. Supp. 2d 789, 808-09 (M.D. La. 2004).  Courts have repeatedly and regularly refused to consider statutory damages as a barrier to class certification under the grounds of a lack of superiority.  The same should apply here.

### 3.  *Financial Impacts On Defendant Due to the Size of the Class Are Unavailing to Defeat Class Certification Based on Superiority*

Defendant's exaggerations as to the number of persons who may ultimately be awarded statutory damages shows that it misunderstands Plaintiff's allegations and their impact.  Statutory damages under the Unruh Act are limited to California residents and will not be nationwide.  *See Strojnik v. Resort at Indian Springs, LLC,* 2019 WL 6913039, at *6 (N.D. Cal. 2019) (Unruh Act applies only within California); *Ebeid v. Facebook, Inc.,* 2019 WL 2059662, at *7 (N.D. Cal. 2019).

In his motion, Plaintiff did report that 760,000 Californians experience some form of blindness or severe difficulty reading even with glasses.  (Dkt. 56-52.)  However, Plaintiff has not alleged that all of these persons use screen-readers, nor that they accessed Defendant's website during the Class Period.  Defendant's exaggerations as to the financial impact of the potential size of the class and its impact on due process concerns should be ignored.

Fundamentally, the size and scope of statutory damage awards are not relevant in the Ninth Circuit to class certification, whether in relation to superiority or otherwise.  *Bateman v. Am. Multi-Cinema, Inc.*, 623 F.3d 708, 710–11 (9th Cir. 2010).  The court should find for Plaintiff on the element of superiority as defendant has failed to provide any law or facts to suggest otherwise.

### D.  PLAINTIFF'S REQUEST FOR INJUNCTIVE RELIEF IS NOT INCIDENTAL TO REQUESTS FOR DAMAGES IN THIS CASE

Defendant incorrectly claims that certification fails because damages are the primary relief sought, not the important injunctive relief sought.  Despite Defendant's protestations to the contrary, Plaintiff's complaint in this case clearly identifies injunctive relief as the main gravamen of the case.

"In cases where plaintiffs seek minimum statutory damages in addition to injunctive relief to remove access barriers, courts have considered damages incidental to injunctive relief and certified a class under Rule 23(b)(2)."  *Park v. Ralph's Grocery Co.*, 254 F.R.D. 112, 123 (C.D.

PLAINTIFF JUAN ALCAZAR'S REPLY TO DEFENDANT FASHION NOVA, INC.'S
OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Cal. 2008) (citing *Molski v. Gleich*, 318 F.3d 937, 950 (9th Cir. 2003); *Moeller*, 220 F.R.D. at 612-13). "[C]ertification is not limited to actions in which only injunctive . . . relief is requested, but is also proper where a claim for monetary damages is "secondary" to the primary claims for injunctive . . . relief." *Pereira v. Ralphs Grocery Co.*, No. CV 07-841 PA (FFMX), 2007 WL 9759648, at *4 (C.D. Cal, July 2, 2007) (citing *Molski*, 318 F.3d at 947). "Where . . . statutory damages are sought under the Unruh Act . . . in addition to injunctive relief requiring removal of barriers to access, the statutory damages are incidental to the other relief requested and certification under 23(b)(2) is proper. *Id.* (citing *Molski*, 318 F.3d at 950; *Moeller*, 220 F.R.D. at 612-13; *Arnold*, 158 F.R.D. at 450-52). Here, the damages sought are incidental to the injunctive relief. Moreover, the importance of the injunctive relief sought cannot be underscored due to Defendant's knowledge of its website's failure to comply with the ADA and refusal to enact a proactive policy to ensure its website content is ADA compliant as it becomes forward facing.

Further, most civil rights class actions have a damage phase with individualized determinations for monetary relief. *See, e.g., Cooper v. Federal Reserve Bank*, 467 U.S. 867, 876 (1984); *International Brotherhood of Teamsters v. U.S.*, 431 U.S. 324, 361 (1977). Defendant presents no authority to suggest that Plaintiffs' Unruh Act claim does not fall within this well-established framework. Indeed, the statutory damages that Plaintiff seeks is much simpler to determine, and raise far fewer individualized issues, than the compensatory and punitive damages permitted in other Rule 23(b)(2) class actions. *Cf. Dukes v. Wal-Mart*, 222 F.R.D. 137, 170-73 (N.D. Cal. 2004), *aff'd by Dukes v. Wal-Mart, Inc.*, 474 F.3d 1214; *Ellis v. Costco*, --- F.R.D. ---, 2007 WL 127800, *12-13 (N.D. Cal. 2007) (citing *Robinson v. Metro-North Commuter R.R. Co.*, 267 F.3d 147, 164 (2d Cir. 2001)). Moreover, the Court could find that the statutory damages should be limited to minimal statutory damages for each Class Member.

Despite Defendant's knowledge that it should be WCAG and ADA compliant in order to be accessible to legally blind individuals (as shown by Defendant's own records of multiple failed audits), Defendants continue to fail to revise its policies and procedures or train its employees involved in this process. Arumugam Decl., ¶ 19. Defendant's failure to adopt policies that would

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 900010-1137

PLAINTIFF JUAN ALCAZAR'S REPLY TO DEFENDANT FASHION NOVA, INC.'S
OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

apply to the entire class, makes it so the injunctive relief Plaintiff seeks will ensure that Defendant only uploads ADA compliant content to the website as it becomes public facing.

### 1. Because Rule 23 Requirements Are Satisfied and Statutory Damages Are Sought, Class Certification Should Not Be Refused Because of Lack of Need.

"Even though a court does not abuse its discretion in refusing to certify class action when the injunctive relief sought "will, as a practical matter, produce the same result as formal class-wide relief," that rule does not apply where ancillary monetary damages are also sought on behalf of the class." *Pereira*, 2007 WL 9759648, at *4 (citing *James v. Ball*, 613 F.2d 180, 186 (9th Cir. 1979), *rev'd on other grounds*, 451 U.S. 355, 101 S.Ct. 1811, 68 L. Ed. 2d 150 (1981); *Rivera v. Patino*, 524 F. Supp. 136, 149 (N.D. Cal. 1981). Here, because Plaintiff also seeks ancillary monetary damages on behalf of himself and the *putative* Class Members, the Court would not abuse its discretion by certifying the classes.

Additionally, numerous courts have recognized that class certification should not be denied simply because class adjudication is not "necessary" where all of the express requirements of Rule 23 are satisfied." *Id*. citing *Brown v. Scott*, 602 F.2d 791, 795 (7th Cir. 1979) ("if the requirements of Rule 23 are satisfied class certification should not be refused because of lack of need"); *Geraghtv v. U.S. Parole Comm'n*, 579 F 2d 238, 252 (3d Cir. 1978) ("The plaintiff here need not have proved that certification was 'necessary,' as the trial judge seemed to indicate, but only that there was compliance with the prerequisites of Rule 23"), *rev'd on other grounds*, 445 U.S. 388, 100 S. Ct. 1202, 63 L. Ed 2d 479 (1980); *Hoehle v. Likins*, 538 F.2d 229, 231 (8th Cir. 1976), *rev'g* 405 F Supp. 1167, 1175 (D. Minn. 1975) ("while all requirements for a class action may have been fulfilled, a class action is not necessary in this case"). Defendant's argument that: "if Plaintiff was allowed to proceed in this case for injunctive relief only, without the 'incidental' damages, class certification in this action is entirely unnecessary[,]" simply does not hold water under a rigorous analysis of the Ninth Circuit's and other circuits' case law.

So as to Defendant's contention that a Rule 23(b)(2) class would be improper, that is not so. Courts in this circuit hold that statutory damages under the Unruh Act can be certified under

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

PLAINTIFF JUAN ALCAZAR'S REPLY TO DEFENDANT FASHION NOVA, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Rule 23(b)(2) when the primary relief sought is equitable in nature. *See e.g., Pereira v. Ralphs Grocery Co.,* 2007 WL 9759648, at *4 (C.D. Cal. 2007). Defendant's argument as to injunctive relief falls flat (Defendant does not seem to raise an issue regarding this on a 23(b)(3) class).

**E.    ALTHOUGH ISSUES OF NEXUS AND ASCERTAINABILITY ARE NOT RELEVANT TO CLASS CERTIFICATION, PLAINTIFF STILL SUCCEEDS**
*1.    Plaintiff's Motion Provides More than An Ample Showing of a Nexus*

Defendant's nexus argument is inappropriate for evaluation at the class certification stage. Rule 23 "grants courts no license to engage in free-ranging merits inquiries at the certification stage." *Alcantar v. Hobart Service*, 800 F.3d 1047, 1052 (9th Cir. 2015) (citing *Amgen Inc. v. Conn. Ret. Plans & Trust Funds*, 568 U.S 455, 465-66 (2013)). Instead, "[m]erits questions may be considered to the extent—but only to the extent—that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied." *Id.* (citing *Amgen Inc.*, 568 U.S. at 466). Here, as Defendant's nexus argument is untethered to whether the Rule 23 prerequisites for class certification are satisfied, the Court need not evaluate the merits of its nexus argument at this stage of the proceedings. Any substantive allegation issue that relate to the underlying merits of the case must be "accept[ed] . . . as true and analyze only whether the asserted claims . . . are susceptible to resolution on a class-wide basis." *National Federation of the Blind v. Target Corp.*, 582 F. Supp. 2d 1185, 1194 (N.D. Cal. 2007); *see also Eisen v. Carlisle & Jacqueline,* 417 U.S. 156, 177-78 (1974). In focusing on the issue of nexus, the Court's analysis should avoid coming "dangerously close . . . to mak[ing] a preliminary inquiring into the merits of plaintiffs' claims in determining whether to certify a class". *Id.*

In *Robles v. Domino's Pizza LLC*, 913 F.3d 898, 905 (9th Cir. 2019), *cert. denied*, 140 S.Ct. 122, 206 L. Ed. 2d 41 (2019), the Ninth Circuit concluded that because customers use Domino's website to locate a nearby restaurant and order pizzas for at-home delivery *or* in-store pickup, a sufficient nexus existed between the places of public accommodation, Defendant's restaurants, and the website, to subject the website to the requirements of the ADA. Here, by Defendant's very own admission, just like Domino's customers could order pizzas from the restaurants through the website and mobile app for at-home delivery, here, "[t]he merchandise available in Fashion Nova's physical stores is available online" for fashion nova customers to

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

PLAINTIFF JUAN ALCAZAR'S REPLY TO DEFENDANT FASHION NOVA, INC.'S
OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

purchase for at-home delivery.  (Dkt. 57 at 4:26).  Further, just like Domino's customers could use the website and mobile app to locate a restaurant, here, Fashion Nova customers could use the website to find store locations.  Accordingly, a sufficient nexus exists between the website and Defendant's stores to subject Defendant's website to the ADA.[3]

Defendant also fails to inform the Court of numerous other recent cases finding a nexus between a physical location and a defendant's website as in *Robles*.  *See e.g., Martinez v. San Diego County Credit Union*, 50 Cal. App. 5th 1048 (2020) (citing *Carroll v. FedFinancial Federal Credit Union*, 324 F. Supp. 3d 658 (E.D.Va. 2018); *Jones v. Fort McPherson Credit Union*, 347 F. Supp. 3d 1351 (N.D. Ga. 2018)).  The California Court of Appeal recently followed the District Court of Virginia in holding that the "[p]laintiff in . . . *FedFinancial* satisfied the nexus test by alleging that the website . . . 'provided access to the [credit union's] facility, shared branch locations and ATMS so that a potential customer may determine from the website the closest location for them to visit'."  *Martinez, supra* at page 1068 (quoting *FedFinancial*).  It has been held that it is even sufficient to allege that "the website allows users to find the physical stores . . . and enables visitors to 'pre-shop' before visiting a location to purchase a mortgage."  *Id.; see also National Federation of the Blind, supra,* at page 959; *Thurston v. Midvale Corp.* 39 Cal. App. 5th 634, 644 (2019).

Defendant readily admits that it has brick-and-mortar clothing retail stores.  (*See* Declaration of Greg Scott ("Scott Decl.") ¶ 4) ("Defendant has five brick-and-mortar stores"); *see also* Dkt. 57 at 4:24.  Defendant also admits that the merchandise available in its stores is available on its website.  *See* Scott Decl. ¶ 5.  Defendant does not deny that these stores may be visited by any consumer, nor that information regarding their location is available on its website.  *Id*.  Despite being warned of the difficulties with screen-readers, this information cannot be accessed by the visually impaired.

---

[3] Defendant's sole argument as to "nexus" is the facts of a ten-year old, inapposite case involving an insurance policy should control over the facts of a more recent, on-point Ninth Circuit case evaluating the nature of websites as they relate to the need to locate and use physical locations.  S*ee National Federation of the Blind*, *supra,* 582 F. Supp. 2d at 1195.  *Cf. Weyer v. Twentieth Century Fox Film Corp*, 198 F.3d 1104 (9th Cir. 2000).  The court in *Weyer* rejected claims that an employer's insurance policy provider's offices were sufficiently close together to create a nexus.  In comparison, *Robles* discusses the relationship between a website's inability to provide the visually impaired with a way to locate and use its stores.  Clearly, Defendant's efforts to compare the two is fallacious—*Robles* is both on point and directly supports Plaintiff's position.

PLAINTIFF JUAN ALCAZAR'S REPLY TO DEFENDANT FASHION NOVA, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Plaintiff provides ample evidence of the connection between Defendant's inaccessible website and the services and goods of Defendant's stores. For example, Plaintiff averred that: "[he] was not able to determine any store hours or locations while using the website." (Dkt. 56-5, Alcazar Decl., 2:21-22.) Gabriel Lalli stated that: "I was not able to advance as far as the checkout process based on the inaccessibility of the website, nor was I able to obtain store locations, hours of service or further accessibility assistance for the visually impaired." (Dkt. 56-31, Lalli Decl., 3:1-3.) Katie Phan asserts that: "[she] could not access any store hours from the website, and I had a very difficult time trying to place an order." (Dkt. 56-42, Phan Decl., 2:7-8.) As in *National Federation of the Blind, Robles,* and *Martinez, e.g.*, Plaintiff has more than established facts supporting the type of nexus required by courts analyzing whether adequate nexus exists to subject websites to the requirements of the ADA. Class members are kept from being able to access important features of websites for entities with retail operations in an equivalent manner to sighted persons. The application of ADA principles to this case is more than adequately established.

In a vacuous effort to distinguish this case on the merits, Defendant argues that "Fashion Nova does not sell or advertise merchandise from its physical locations with coupons or promotions on its website". (Dkt. 57 at pg. 51-4.) However, this is simply false as Defendant admittedly sells all of the merchandise found in its brick-and-mortar stores on its website, and Defendant even has a "sales" and "last chance" headings on its website. Defendant argues that: "the nationwide class outside of Southern California could never be expected to . . . order in-store merchandise through [Defendant's] website, Dkt. 57 at 5:5-7, while admitting that: "[t]he merchandise available in Fashion Nova's physical stores is available online" in the same paragraph. *Id. at* 4:26. If the goods available in-store can be purchased online, then members of the Nationwide Class certainly did purchase in-store merchandise through Defendant's website.

### 2.    *Ascertainability May Not Be Considered at the Time of Class Certification*

Defendant's arguments as to the ascertainability of the class must be disregarded as outdated and not made in accordance with the binding precedent. "[T]he language of Rule 23 neither provides nor implies that demonstrating an administratively feasible way to identify class members is a prerequisite to class certification." *Briseno v. ConAgra Foods, Inc*., 844

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

14

F.3d 1121, 1127 (9th Cir. 2017).   California courts have not endorsed an administratively infeasible element as to class certification. Indeed, in the Ninth Circuit, when notice is issued courts just require the best notice practicable. *Id.* at 1128–29.   "[R]equiring class proponents to satisfy an administrative feasibility prerequisite 'conflicts with the well-settled presumption that courts should not refuse to certify a class merely on the basis of manageability concerns.'"   Rule 23 acknowledges that class certification may be proper even if "it might be impossible to identify some class members".   *Id; see also, In re: Yahoo Mail Litigation*, 308 F.R.D. 577, 597 (N.D. Cal. 2015); *Campbell v. Facebook Inc.,* 315 F.R.D. 250, 259 (N.D. Cal. 2016) (adopting the reasoning of *Yahoo Mail* and concluding plaintiffs need not establish ascertainability to seek certification of a Rule 23(b)(2) class).

In support of its argument as to ascertainability, Defendant relies on *Weaver v. Pasadena Tournament of Roses Association*, 32 Cal.2d 833 (1948).   To the extent that holding in *Weaver* was based on ascertainability at the time of class certification, it is completely irrelevant following the Ninth Circuit's most recent statement on the issue.   *See e.g., Briseno, supra.*   In *Astiana v. Kashi Co.,* 291 F.R.D. 493, 500 (S.D. Cal. 2013) defendants' alleged lack of records of consumer purchases was not grounds to deny certification: "[t]here is no requirement that 'the identity of the class members … be known at the time of certification.'"   *Id.* (citation omitted).   "If class action could be defeated because membership was difficult to ascertain at the class certification stage, "there would be no such things as a consumer class action."   *Id.* (citation omitted).

## II.   CONCLUSION

Plaintiff respectfully requests that the Court grant his motion and certify the classes.

Dated: April 7, 2022

Respectfully Submitted,

*/s/ Thiago M. Coelho*
Thiago M. Coelho
Binyamin I. Manoucheri
**WILSHIRE LAW FIRM, PLC**
*Attorneys for Plaintiff and Proposed Class*

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 900010-1137

PLAINTIFF JUAN ALCAZAR'S REPLY TO DEFENDANT FASHION NOVA, INC.'S
OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION