UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN ALCAZAR,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>FASHION NOVA, INC.,<br><br>　　　　Defendant. | Case No. 20-cv-01434-JST<br><br>**ORDER GRANTING MOTION FOR CLASS CERTIFICATION**<br><br>Re: ECF No. 56 |

Before the Court is Plaintiff Juan Alcazar's motion for class certification. ECF No. 56. The Court will grant the motion.

## I. BACKGROUND

Alcazar is visually impaired. In this putative class action, Alcazar seeks to certify a class in a lawsuit alleging that Defendant Fashion Nova, Inc. – "one of the nation's fastest growing online clothing retailers," ECF No. 56 at 7 – operates its website in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12181 *et seq*. ("ADA") and the Unruh Civil Rights Act, Cal. Civ. Code §§ 51 *et seq*. ("Unruh Act"). He alleges that he was "denied access to the goods and services of [Fashion Nova's] stores, [which are] places of public accommodation" when he unsuccessfully tried accessing Fashion Nova's website "using screen-reader software." ECF No. 56 at 7. He seeks to certify a class under Rule 23(b)(3) and, in the alternative, a class under Rule 23(b)(2).

## II. JURISDICTION

This Court has jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because "the class members number at least 100, at least one plaintiff is diverse in citizenship from any defendant, and the aggregate amount in controversy exceeds $5 million, exclusive of

1  interest and costs." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 (9th Cir. 2015).

## III. LEGAL STANDARD

To obtain class certification, a party must satisfy the requirements of Rule 23(a), i.e., numerosity, commonality, typicality, and adequacy. That party must also satisfy one of the requirements of Rule 23(b). Alcazar here invokes both Rule 23(b)(2) and Rule 23(b)(3). Rule 23(b)(2) requires the Court to find that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). Rule 23(b)(3) requires the Court to find "that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

The party seeking class certification bears the burden of demonstrating by a preponderance of the evidence that all four requirements of Rule 23(a) and at least one of the requirements under Rule 23(b) are met. *Wal-Mart Stores, Inc. v. Dukes*, 546 U.S. 338, 350-51 (2011). "Rule 23 grants courts no license to engage in free-ranging merits inquiries at the certification stage." *Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 466 (2013). "Merits questions may be considered to the extent – but only to the extent – that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied." *Id*. Courts "must take the substantive allegations of the complaint as true" but "need not accept conclusory or generic allegations regarding the suitability of the litigation for resolution through class action." *Keilholtz v. Lennox Hearth Prods. Inc.*, 268 F.R.D. 330, 335 (N.D. Cal. 2010) (citation omitted).

## IV. DISCUSSION

Alcazar seeks to certify two classes. The first is "a nationwide class comprised of 'all legally blind individuals who have attempted to access Defendant's website by the use of a screen reading software during the applicable limitations period up to and including final judgment in this action.'" ECF No. 56 at 13 (citation omitted). The second is "a California class, comprised of 'all legally blind individuals in the State of California who have attempted to access Defendant's

1  website by the use of a screen reading software during the applicable limitations period up to and
2  including final judgment in this action.'" *Id.* (citation omitted).

### A.  Rule 23(b)(3)

The Court begins with Alcazar's motion for certification under Rule 23(b)(3). To obtain class certification under Rule 23(b)(3), Alcazar must satisfy Rule 23(a)'s numerosity, commonality, typicality, and adequacy requirements and Rule 23(b)(3)'s requirement "that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Given the relationship between Rule 23(a)'s commonality requirement and Rule 23(b)(3)'s predominance requirement, courts often analyze those requirements together. *See, e.g.*, *Aberin v. Am. Honda Motor Co., Inc.*, No. 16-cv-04384-JST, 2021 WL 1320773, at *7 (N.D. Cal. Mar. 23, 2021). The Court takes this approach below.

#### 1.  Numerosity

"Numerosity" refers to Rule 23's requirement that "the class [be] so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Alcazar argues that the numerosity prong of Rule 23(a) is satisfied because there are thousands of putative class members. Fashion Nova does not dispute numerosity. The Court therefore finds that Alcazar has demonstrated numerosity. *See Floyd v. Saratoga Diagnostics*, Inc., No. 20-cv-01520-LHK, 2021 WL 2139343, at *3 (N.D. Cal. May 26, 2021) (quoting *Keegan v. Am. Honda Motor Co., Inc.*, 284 F.R.D. 504, 522 (C.D. Cal. 2012)) (explaining that "'as a general rule . . . classes of 40 or more are numerous enough'").

#### 2.  Commonality and Predominance

"Commonality" is a shorthand way of describing Rule 23's requirement that "there [be] questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). "[F]or purposes of Rule 23(a)(2) '"[e]ven a single [common] question"' will do." *Dukes*, 564 U.S. at 359 (quoting *id.* at 376 n.9 (Ginsburg, J., concurring in part and dissenting in part)). Where questions common to class members present significant issues that can be resolved in a single adjudication, "there is a

3

1  clear justification for handling the dispute on a representative rather than on an individual basis."
2  7AA Charles Alan Wright & Arthur D. Miller, Federal Practice and Procedure § 1778 (3d ed.
3  2022).  But the common contention "must be of such a nature that it is capable of classwide
4  resolution – which means that determination of its truth or falsity will resolve an issue that is
5  central to the validity of each one of the claims in one stroke." *Dukes*, 564 U.S. at 350.
6       "Predominance" is a shorthand way of describing Rule 23's requirement that these
7  common questions "predominate over any questions affecting only individual members."  Fed. R.
8  Civ. P. 23(b)(3).  "Considering whether 'questions of law or fact common to class members
9  predominate' begins . . . with the elements of the underlying cause of action."  *Erica P. John*
10 *Fund, Inc. v. Halliburton Co.*, 563 U.S. 804, 809 (2011) (quoting Fed. R. Civ. P. 23(b)(3)).  In
11 determining whether common questions predominate, the Court identifies the key substantive
12 issues related to the putative class's claims (both the causes of action and affirmative defenses),
13 and then considers the proof necessary to establish each element of the claim or defense, and how
14 these issues would be tried.  *See* Schwarzer, et al., Cal. Prac. Guide Fed. Civ. Pro. Before Trial Ch.
15 10-C § 10:412.  The predominance inquiry requires that plaintiffs demonstrate that common
16 questions predominate as to each cause of action for which they seek class certification. *Amchem*,
17 521 U.S. at 620.  In short, "'Rule 23(a)(2) asks whether there are issues common to the class,' and
18 'Rule 23(b)(3) asks whether these common questions predominate.'"  *Abdullah v. U.S. Sec.*
19 *Assocs., Inc.*, 731 F.3d 952, 957 (9th Cir. 2013) (quoting *Wolin v. Jaguar Land Rover N. Am.,*
20 *LLC*, 617 F.3d 1168, 1172 (9th Cir. 2010)).
21      Fashion Nova argues that Alcazar fails to satisfy commonality and predominance because
22 "there are a variety of important variables outside Fashion Nova's control that undoubtedly impact
23 the ability of putative class members to access the website."  ECF No. 57 at 12-13.  Fashion Nova
24 argues that "accessibility depends on the web browser, the screen reader, the operating system and
25 computer, and the degree to which the user knows how to operate all this confusing technology,"
26 *id.* at 13, 17, which means the putative class's claims (including damages) cannot be resolved
27 without conducting many minitrials.  *See* ECF No. 57 at 17.
28      Alcazar and the national class's claims rest on a common contention: that Fashion Nova's

website violates national disability-discrimination laws.  Alcazar and the California class's claims likewise rest on a common contention: that Fashion Nova's website violates both national and state disability-discrimination laws.  Whether Fashion Nova's website complies with those laws or whether it violates them can be answered in one fell swoop.

Fashion Nova contends that individual issues nonetheless predominate because it is possible some class members did not actually experience discrimination but were instead thwarted by technological roadblocks outside Fashion Nova's control, such as the visitors' browsers, computers, screen readers, or the limitations of their own technical knowledge.  The Court rejects these arguments.  Because the barriers to access, if any, presented by Fashion Nova's website are common to all class members, the fact that some individual class members may also have experienced additional, external barriers does not destroy predominance.  This case resembles *Nevarez v. Forty Niners Football Co., LLC*, in which the court found that common issues pertaining to the accessibility to Levi's Stadium predominated even though "the Stadium is a very large building," 326 F.R.D. 562, 586 (N.D. Cal. 2018).  The case also resembles *Castaneda v. Burger King Corp.*, in which the district court certified a Rule 23(b)(3) class for each of the 10 restaurants visited by a named plaintiff because "[a]ll mobility-impaired patrons of a particular restaurant who use wheelchairs face identical facilities and identical access barriers.  Their common interest in assuring that all the features at the particular restaurant are in compliance will predominate over any individual differences among them."  264 F.R.D. 557, 572 (N.D. Cal. 2009).  So here, class members' interest in ensuring that Fashion Nova's website is accessible will predominate over any individual differences among class members.

### 3. Typicality

Typicality exists if "the claims or defenses of the representative parties are typical of the claims or defenses of the class."  Fed. R. Civ. P. 23(a)(3).  "The test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'"  *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (quoting *Schwartz v. Harp*, 108 F.R.D. 279, 282 (C.D. Cal. 1985)).  Fashion Nova does not contest that

5

Alcazar's claims are typical of the class and the Court finds this factor has been satisfied.

#### 4. Adequacy

"To determine whether named plaintiffs will adequately represent a class, courts must resolve two questions: '(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?'" *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 985 (9th Cir. 2011) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998), *overruled on other grounds by Dukes*, 564 U.S. 338). Fashion Nova does not contest adequacy and the Court finds that Alcazar and his counsel will fairly and adequately protect the interests of the class.

#### 5. Superiority

"Superiority" refers to whether the class-action device is "superior to other methods of litigation." *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996). "'[T]he purpose of the superiority requirement is to assure that the class is the most efficient and effective means of resolving the controversy.'" *Wolin*, 617 F.3d at 1175 (quoting 7AA Charles Wright, Arthur Miller & Mary Kay Kane, Federal Practice and Procedure § 1779 (3d ed. 2005)). In determining superiority, courts consider the four factors set forth in Rule 23(b)(3): "(1) the class members' interests in individually controlling a separate action; (2) the extent and nature of litigation concerning the controversy already begun by or against class members; (3) the desirability of concentrating the litigation in the particular forum; and (4) the manageability of a class action." *Hodges v. Akeena Solar, Inc.*, 274 F.R.D. 259, 270-71 (N.D. Cal. 2011).

Fashion Nova raises several arguments to contest superiority. First, Fashion Nova contends that because the California class may recover statutory damages under the Unruh Act as well as attorney's fees theirs "are not the 'insignificant claims' the class action procedure was designed to protect." ECF No. 57 at 15. Second, Fashion Nova contends that "[t]here is no evidence of an ascertainable class in this case." *Id.* at 15-17. Third, Fashion Nova contends that the number of individual issues "would result in numerous individual trials over liability and damages," which shows the class-action device is not superior to individual litigation. *Id.* at 17.

The Court rejects Fashion Nova's arguments. First, this Court agrees with other courts in

this circuit that have held that "[a]lthough [California] class members are entitled to $4,000 in damages per Unruh Act violation[,] that sum pales in comparison with the cost of pursuing litigation." *Nevarez*, 326 F.R.D. at 589; *see also Bateman v. Am. Multi-Cinema, Inc.*, 623 F.3d 708, 719 (9th Cir. 2010) ("To the extent that statutory damages also serve a deterrent purpose, a court undermines that purpose in denying class certification on the basis of the proportionality of actual harm and statutory liability.")  Second, the Ninth Circuit has rejected the idea that Rule 23 requires ascertainability.  In *Briseno v. ConAgra Foods, Inc.*, the Ninth Circuit held that "the language of Rule 23 neither provides nor implies that demonstrating an administratively feasible way to identify class members is a prerequisite to class certification."  844 F.3d 1121, 1133 (9th Cir. 2017).  Third, the Court has already explained that individual issues do not predominate. Having rejected Fashion Nova's only arguments against superiority, the Court finds that a class action is superior to other methods of litigation.[1]

### B. Fashion Nova's Remaining Arguments

Fashion Nova raises other arguments against class certification, although they do not track the requirements of Rule 23.  First, Fashion Nova contends that Alcazar cannot maintain a disability-discrimination claim because the ADA applies only to places of public accommodation and, under Ninth Circuit law, there must be a sufficiently close nexus between a website and a brick-and-mortar place of public accommodation for the ADA to apply to the website.  ECF No. 57 at 8 (citing *Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104 (9th Cir. 2000)). Fashion Nova contends Alcazar has not alleged that close nexus.  Second, Fashion Nova contends that a minimum $4,000 statutory award for each ADA violation for each class member could result "in potential class damages of $3.2 billion," ECF No. 57 at 10, which would violate due process.

These arguments are premature.  Fashion Nova's argument that Alcazar cannot show Fashion Nova's website is a place of public accommodation goes not to class certification but to

---

[1] Fashion Nova argues that that class certification is improper under Rule 23(b)(2) because monetary damages are not incidental to Alcazar's claims.  Because Alcazar seeks certification under Rule 23(b)(2) only as an alternative to Rule 23(b)(3), the Court's certification of the class under Rule 23(b)(3) moots Fashion Nova's arguments against certification under Rule 23(b)(2).

7

the merits of his claims. This is not the appropriate stage of the litigation at which to resolve that arugment. *See Amgen Inc.*, 568 U.S. at 466 ("Merits questions may be considered to the extent – but only to the extent – that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied."). Nor is this the time to consider Fashion Nova's due process argument. The Ninth Circuit has approvingly cited Seventh Circuit law stating that "constitutional limits [on awards] are best applied after a class has been certified." *Bateman*, 623 F.3d at 723 (citing *Murray v. GMAC Mortg. Corp.*, 434 F.3d 948, 954 (7th Cir. 2006)). Until then, Fashion Nova's due process arguments are "unduly speculative." *Id.*

## CONCLUSION

For the reasons set forth above, the Court grants Alcazar's motion for class certification. The Court sets a case management conference on November 8, 2022 at 2:00 p.m. An updated case management statement is due November 1, 2022.

**IT IS SO ORDERED.**

Dated: September 6, 2022

JON S. TIGAR
United States District Judge