# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN ALCAZAR, individually and on behalf of all others similarly situated,<br><br>            Plaintiffs,<br><br>    vs.<br><br>FASHION NOVA, INC., a California corporation; and DOES 1 to 10, inclusive,<br><br>            Defendants. | Case No.:  4:20-cv-01434-JST<br><br>*Assigned to Hon. Jon S. Tigar*<br>*Courtroom 6*<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S ADMINISTRATIVE MOTION TO APPROVE THE STIPULATED NOTICE OF CLASS CERTIFICATION (FILED CONCURRENTLY HEREWITH), NOTICE ADMINISTRATOR, AND CLASS NOTICE PLAN**<br><br>Filed:     February 26, 2020<br>Trial:     None Set |

This Court, having read, reviewed, and considered the administrative motion by Plaintiff Juan Alcazar ("Plaintiff") to approve the selection of notice administrator, the proposed class notice plan, and the proposed notices, other papers filed in connection with this motion, and the arguments made, hereby orders as follows:

WHEREAS the Court, by Order dated September 6, 2021, certified the above-captioned action (the "Action") to proceed as a class action (ECF No. 70);

WHEREAS the Court certified the following class definitions as follows:

**Nationwide**: All legally blind individuals who have attempted to access Defendant's website by the use of a screen reading software during the applicable limitations period up to and including final judgment in this action.

**California**: All legally blind individuals in the State of California who have attempted to access Defendant's website by the use of a screen reading software during the applicable limitations period up to and including final judgment in this action.

WHEREAS, Plaintiffs have moved the Court, pursuant to Fed. R. Civ. P. 23 of the Federal Rules of Civil Procedure, for an Order approving the proposed form and content of the notices to be disseminated to the Classes as well as the proposed method for dissemination of these notices; and

WHEREAS, the Court has reviewed the proposed notices submitted by Plaintiffs and has found good cause for entering the following Order.

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. The Court approves the form, substance and requirements of the email notice and long form notice, attached as Exhibits 1 to the motion.

2. The proposed form and content of the long form notice meets the requirements of Fed. R. Civ. P. 23(c)(2)(B) – as it clearly and concisely states in

plain and easily understood language, the nature of the action, the definition of the classes certified, the class claims, issue or defenses, that a class member may enter an appearance through an attorney if the member so desires, that the Court will exclude from the class any member who requests exclusion, the time and manner for requesting exclusion and the binding effect of a class judgment on members under Fed. R. Civ. P. 23(c)(3). The long form and other notices, and the method and schedule set forth below for notifying the Class of the pendency of the Action as a class action meet the requirements of Rule 23 and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

  3. The Court hereby approves the retention of KCC Class Action Services as Notice Administrator in this class action.

  4. The Notice Administrator shall cause the Notice Plan to be executed as of March 27, 2023.

  5. The Notice Administrator shall cause the notices to be distributed to all Class Members who can be identified with reasonable effort, including but not limited through electronic means and other means.

  6. The Notice Administrator shall cause a copy of the long form notice to be posted on the website that the Notice Administrator shall design and maintain for this lawsuit from which Class Members may download copies of the long form notice.

  7. The Notice Administrator shall implement an internet media effort of digital media advertising to be distributed over desktop and mobile devices, including tablets and smartphones, via Google Display Network and Facebook over a period of 30 days, targeting likely Class Members in California and nationwide.

8. The Notice Administrator shall establish and host a case specific toll-free number to allow Class Members to learn more and to request further information about the Action.

9. Class Members shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable, unless such persons and entities request exclusion from the Class in a timely and proper manner, as hereinafter provided. A Class Member wishing to make such a request shall either fill out a form on the website or mail the request in written form by first class mail, postmarked no later than seventy (70) calendar days after the Notice Date, to the address designated in the long form notice. Such request for exclusion shall clearly state that the Class Member requests exclusion from the Classes in *Alcazar v. Fashion Nova, Inc.*, No. 4:20-cv-01434, and must clearly state the name, address and signature of the person or entity requesting exclusion. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

10. Class Counsel shall file with the Court proof of publication of notice within ten (10) business days following the date notice is published. Class Counsel shall also file with the Court a declaration setting forth a list of all persons who have requested exclusion from the Classes within fourteen (14) calendar days following the expiration of the exclusion deadline.

**IT IS SO ORDERED**.

Dated: March 6, 2023

HON. JON S. TIGAR
U.S. DISTRICT COURT JUDGE