UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN ALCAZAR,<br>　　　　　Plaintiff,<br>　　v.<br>FASHION NOVA, INC.,<br>　　　　　Defendant. | Case No. 20-cv-01434-JST<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br>Re: ECF No. 132 |

Before the Court is Defendant Fashion Nova, Inc.'s motion for reconsideration. ECF No. 132. Defendant asks the Court to reconsider its July 6, 2023 order denying Defendant's motion to amend the scheduling order. ECF No. 100. Specifically, Defendant requests leave to file a rebuttal expert report and to depose Plaintiff Juan Alcazar. ECF No. 132 at 2. The Court will deny the motion.

The Court has discretion to reconsider its interlocutory orders at any point before it enters a final judgment. Fed. R. Civ. P. 54(b); *Amarel v. Connell*, 102 F.3d 1494, 1515 (9th Cir. 1996). Reconsideration is generally appropriate only if "the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks and citation omitted).

Under the Local Rules of this District, a party moving for reconsideration must show reasonable diligence and base its motion on one of three enumerated grounds. *See* Civil L.R. 7-9(b)(1)–(3). Relevant here, Civil Local Rule 7-9(b)(1) provides that a motion for reconsideration may raise a "material difference in fact or law" about which the party learned after entry of the interlocutory order despite exercising reasonable diligence.

United States District Court
Northern District of California

In addition, Rule 16 of the Federal Rules of Civil Procedure gives the Court discretion to modify the discovery schedule for "good cause." Fed. R. Civ. P. 16(b)(4). When considering whether there is good cause, "the primary focus should be on whether the party seeking to reopen discovery has acted diligently." *De Paz v. Wells Fargo Bank, N.A.*, 2020 WL 2404897, at *2 (C.D. Cal. Feb. 18, 2020) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). A party who has not acted diligently may nonetheless demonstrate "good cause" under Rule 16(b)(4) if its former counsel's actions amounted to "gross negligence or abandonment." *Matrix Motor Co., Inc. v. Toyota Jidosha Kabushiki Kaisha*, 218 F.R.D. 667, 674 (C.D. Cal. 2003).

Defendant asserts that a material factual difference warrants reconsideration here because Defendant discovered after the Court's denial of the July 6 motion that its prior counsel had been negligent in pursuing discovery. ECF No. 132 at 5; *see* Civil L.R. 7-9(b)(1). Defendant points out that prior counsel did not retain experts until the due date for rebuttal reports, did not timely disclose those experts, and never deposed Plaintiff despite having noticed his deposition in November 2021. ECF No. 132 at 2–3, 6–9. Although the Court previously found that Defendant had not shown diligence or good cause warranting modification of the scheduling order, ECF No. 100 at 3, Defendant asks the Court to attribute that lack of diligence to prior counsel's negligence, ECF No. 132 at 6.

"[A] client is ordinarily chargeable with his counsel's negligent acts"; only in "unusual" cases of "extreme negligence or egregious conduct" will courts decline to attribute attorneys' conduct to the client. *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002); *see also S.E.C. v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1101 (9th Cir. 2010) (stating that clients cannot "avoid the consequences of the acts or omissions of former counsel") (citation omitted). "Because the client is presumed to have voluntarily chosen the lawyer as his representative and agent, he ordinarily cannot later avoid accountability for negligent acts or omissions of his counsel." *Tani*, 282 F.3d at 1168 (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633–34 (1962)).

Defendant argues that its prior counsel misrepresented the likelihood that Plaintiff would agree to an extension of the deadline for expert rebuttal reports, ECF No. 132 at 5, and that the

failure to depose Plaintiff was an "oversight" committed "for no strategic reason," *id.* at 9.

Although there is some evidence that prior counsel failed to diligently pursue discovery, these circumstances fall short of "extreme negligence or egregious conduct" warranting reconsideration of the Court's order. *Tani*, 282 F.3d at 1168. Nor does prior counsel's conduct amount to "gross negligence or abandonment" justifying departure from the general rule that attorneys' actions are attributed to their clients. *Matrix Motor Co., Inc.*, 218 F.R.D. at 674; *see Durben v. State Farm Gen. Ins. Co.*, 2020 WL 803852, at *2 (E.D. Cal. Feb. 18, 2020) (finding no gross negligence where counsel participated in the action and noting that "dissatisfaction with [the attorney]'s handling of the case is insufficient" to demonstrate good cause).

Accordingly, the Court will not revisit its determination that Defendant has not shown good cause for an amendment of the scheduling order. The motion for reconsideration is DENIED.

**IT IS SO ORDERED.**

Dated: October 31, 2023

_____
JON S. TIGAR
United States District Judge