Chad S. Hummel (SBN 139055)
chummel@sidley.com
Amy P. Lally (SBN 198555)
alally@sidley.com
SIDLEY AUSTIN LLP
1999 Avenue of the Stars, 17th Floor
Los Angeles, CA 90067
Telephone: (310) 595-9662
Facsimile: (310) 595-9501

Eric B. Schwartz (SBN 266554)
eschwartz@sidley.com
Anna Tutundjian (SBN 309969)
atutundjian@sidley.com
Marissa X. Hernandez (SBN 341449)
marissa.hernandez@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, California 90013
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

Paul J. Watford (SBN 183283)
pwatford@wsgr.com
WILSON SONSINI GOODRICH & ROSATI, P.C.
953 East Third Street, Suite 100
Los Angeles, CA 90013
Telephone: (323) 210-2900
Facsimile: (866) 974-7329

David H. Kramer (SBN 168452)
dkramer@wsgr.com
WILSON SONSINI GOODRICH & ROSATI, P.C.
650 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 493-9300
Facsimile: (866) 974-7329

*Attorneys for Defendant*
*FASHION NOVA, INC.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JUAN ALCAZAR, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br>FASHION NOVA, INC., a California Corporation, and DOES 1 to 10, inclusive,<br><br>Defendants. | Case No. 4:20-cv-01434-JST<br><br>Assigned to Hon. Jon S. Tigar<br><br>**DEFENDANT FASHION NOVA, INC.'S REPLY IN SUPPORT OF MOTION TO EXCLUDE, OR ALTERNATIVELY, TO LIMIT, THE EVIDENCE, TESTIMONY, AND/OR ARGUMENT RE: EXPERT OPINIONS OF ROBERT MOODY**<br><br>Hearing Date: February 29, 2024<br>Trial Date: June 10, 2024<br>Complaint Filed: February 26, 2020 |

**TABLE OF CONTENTS**

| | Page |
|---|---|
| I. INTRODUCTION | 1 |
| II. ARGUMENT | 2 |
|     A. Moody is Not Qualified to Opine on Web Accessibility | 2 |
|     B. Moody's Opinions are Inadmissible Because They Consist of Legal Conclusions | 4 |
|     C. Moody's Testimony and Opinions are Unreliable | 5 |
|         1. Moody's Testimony and Opinions Do Not Help the Trier of Fact Assess Accessibility In Any Way | 5 |
|         2. Moody's Sole Reliance on the WCAG Guidelines Renders His Opinions Unreliable, Unhelpful, and Misleading | 7 |
|     D. Moody's Reliance Upon Declarations and the Reports of Other Experts in this Action is Unreliable, Unhelpful, and/or Not Based On Any Specialized Knowledge | 9 |
|     E. Moody's Use of the Wayback Machine Renders His Opinions Unreliable | 10 |
| III. CONCLUSION | 13 |

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Alcazar v. Bubba Gump Shrimp Co. Rests., Inc.*,
   No. 20-cv-02771-DMR, 2020 WL 4601364 (N.D. Cal. Aug. 11, 2020) ................................... 8, 9

*Asetek Danmark A/S v. CMI USA, Inc.*,
   No. 13-CV-00457-JST, 2014 WL 5590699 (N.D. Cal. Nov. 3, 2014) .......................................... 3

*California Found. for Indep. Living Ctr. v. Cnty of Sacramento*,
   142 F. Supp. 3d 1035 (E.D. Cal. 2015) ......................................................................................... 5

*Daubert v. Merrell Dow Pharms., Inc.*,
   509 U.S. 579 (1993) .......................................................................................................... 2, 3, 7, 12

*Elbert v. Howmedica, Inc.*,
   59 F.3d 174, 1995 WL 383409 (9th Cir. 1995) ............................................................................. 3

*Erickson v. Neb. Mach. Co.*,
   15-cv-01147-JD, 2015 WL 4089849 (N.D. Cal. July 6, 2015) .............................................. 10, 11

*Gavrieli Brands LLC v. Soto Massini (USA) Corp.*,
   No. 18-462 (MN), 2019 WL 10248462 (D. Del. Apr. 18, 2019) ................................................ 12

*Grodzitsky v. Am. Honda Motor Co.*,
   957 F.3d 979 (9th Cir. 2020) ......................................................................................................... 7

*Hangarter v. Provident Life & Acc. Ins. Co.*,
   373 F.3d 998 (9th Cir. 2004) ......................................................................................................... 4

*Henderson v. Lindland*,
   No. CV11-01350 DDP, 2012 WL 12885104 (C.D. Cal. Aug. 15, 2012) .................................... 12

*Jerpe v. Aerospatiale*,
   No. CIV503-555-LKK, 2007 WL 1394969 (E.D. Cal. May 10, 2007) .................................. 9, 10

*Kalani v. Starbucks Corp.*,
   81 F.Supp. 3d 876 (N.D. Cal. 2015) .............................................................................................. 5

*Michael Grecco Prods., Inc. v. NetEase Info. Tech. Corp.*,
   No. CV 18-3119 DSF, 2018 WL 6443082 (C.D. Cal. Sept. 24, 2018) ........................................ 12

*Oracle Am., Inc. v. Hewlett Packard Enterprise Co.*,
   No. 16-cv-01393-JST, 2018 WL 6511146 (N.D. Cal. Dec. 11, 2018) ........................................... 4

*Reed v. CVS Pharmacy, Inc.*,
   No. 17-CV-3877 MWF, 2017 WL 4457508 (C.D. Cal. Oct. 3, 2017) .......................................... 8

*Robles v. Yum! Brands, Inc.*,
   No. 16-cv-8211- ODW(SS), 2018 WL 566781 (C.D. Cal. Jan. 24, 2018) .................................... 8

ii   Case No. 4:20-cv-01434-JST
DEFENDANT'S REPLY IN SUPPORT OF MOTION TO EXCLUDE EXPERT OPINIONS OF ROBERT MOODY

Case 4:20-cv-01434-JST   Document 179   Filed 12/21/23   Page 4 of 17

*Sharp v. Islands Cal. Ariz. LP*,
  900 F. Supp. 2d 1101 (S.D. Cal. 2012) ............................................................................. 5

*Todd v. Tempur-Sealy Int'l, Inc.*,
  No. 13-CV-04984-JST, 2016 WL 5462428 (N.D. Cal. Sept. 28, 2016) ........................... 4

*In re Twitter, Inc. Sec. Litig.*,
  No. 16-CV-05314-JST, 2020 WL 13863616 (N.D. Cal. Jan. 28, 2020) ......................... 4

*United States v. Chang*,
  207 F.3d 1169 (9th Cir. 2000) .......................................................................................... 3

*United States v. Holguin*,
  51 F.4th 841 (9th Cir. 2022) ............................................................................................ 7

*U.S. v. Santini*,
  656 F.3d 1075 (9th Cir. 2011) .......................................................................................... 3

*UL LLC v. Space Chariot Inc.*,
  250 F. Supp. 3d 596 (C.D. Cal. 2017) ..................................................................... 10, 11

*United States v. Holguin*,
  51 F.4th 841 (9th Cir. 2022) ............................................................................................ 7

**Statutes and Rules**

29 U.S.C. § 508 ......................................................................................................................... 8

Fed. R. Evid 702 .................................................................................................................. 2, 3

Fed. R. Evid. 703 ..................................................................................................................... 9

Fed. R. Evid. 901 ................................................................................................................... 12

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

Robert Moody's expert report should be excluded because it does not assist the trier of fact, it is unreliable, it offers an improper legal conclusion, and Moody is simply not qualified to offer his novel, made-for-litigation methodology and opinions. Moody, just like Plaintiff's other improper accessibility "experts," purported to analyze Fashion Nova's website for compliance with an accessibility guideline developed by a consortium of private parties called the Web Content Accessibility Guidelines ("WCAG"). In doing so, Moody improperly equated WCAG compliance with ADA compliance, offering an improper legal opinion. But he is wrong on the law because compliance with WCAG is not required. As a result, his opinions do not help the jury determine the relevant facts, and in fact are highly misleading because he seeks to hold Fashion Nova to a different, higher standard for website accessibility than what is imposed by the law. He also failed to analyze whether the website impedes access to Fashion Nova's physical locations because he failed to analyze the "locations" subpage of Fashion Nova's website (the precise subpage at issue). These methodological failures render his Report and testimony unreliable and unhelpful to the trier of fact.

Additionally, Moody's reliance on the 42 declarations and the reports of other experts in this action is unreliable, unhelpful, and not based on any specialized knowledge. Despite attempting to characterize Moody's work as having referenced the materials to confirm and support Moody's own independent analysis of these issues, Moody concedes he did not conduct any independent analysis into these issues.

Moody's use of the Wayback Machine to test for web accessibility issues was an unreliable methodology. As Moody admitted during deposition, the Wayback Machine often does not render functional prior iterations of websites. Yet, Moody used the Wayback Machine to test for ADA compliance over time. There is no law or literature indicating that the Wayback Machine is a reliable source for determining the *accessibility* of a website over time. In fact, the Wayback Machine's own online resources indicate that it is not.

1   Finally, Fashion Nova notes for the Court that this reply is largely duplicative of the replies and related motions to exclude Kannan Arumugam and Dr. William Easttom.  That is because Plaintiff designated three different "experts" to perform the same flawed analysis.  To the extent that any of these three experts survive Fashion Nova's motions, only one of them should be permitted to testify, as allowing all three to testify would be unduly cumulative.

In sum, this Court should exclude any evidence, testimony, and/or argument regarding Moody's expert opinions under *Daubert* and Rule 702 of the Federal Rules of Evidence.

## II.     ARGUMENT

### A.     Moody is Not Qualified to Opine on Web Accessibility

Plaintiff fails to offer a compelling explanation of why Moody is qualified. ECF No. 164 at 6. Plaintiff cannot do so because, with the exception of one certificate that Moody obtained in 2002, that he purports relates to auditing websites, *none* of Moody's educational or professional experiences have anything to do with web accessibility or ADA compliance. ECF No. 147 at 6-9; *see also* ECF No. 164 at 5-7. Plaintiff contends that Moody purportedly "holds decades of comprehensive experience as a certified information systems auditor, which involves auditing websites for ADA compliance." *See* ECF No. 164 at 6. This is simply untrue. Moody testified that he obtained a certification as an Information Systems Auditor (CISA) in 2002. ECF No. 147-04 (Moody Dep.), 69:19-74:7. He testified that CISA relates to "auditing IT systems," and is related to web accessibility simply because "a website would be an IT system," and "it taught [Moody] to be an IT auditor" which he "then [] applied it to this specific problem which is auditing websites for compliance." *Id*.  In other words, his past experience did not have anything to do with evaluating website accessibility for the visually impaired.  Critically, Moody admitted that the very first time he would have audited a website for web accessibility was around 2017 or 2018 and therefore there would have been no overlap in his CISA training and web auditing efforts until that time. *Id*. ("I don't think website accessibility was an issue in 2002. So you're absolutely right. I became involved in the issues of website accessibility in 2017…."). As such, characterizing Moody's one certificate from 2002 as affording him with "decades of comprehensive experience" is disingenuous. Moreover, Plaintiff does not dispute that Moody admitted during his deposition that he does not have any of the

relevant certifications, including the leading certificate in the web accessibility space, Certified Professional in Web Accessibility ("CPWA"). *Id*. 76:13-78:24.

      Tacitly conceding Moody's lack of qualifications, Plaintiff argues that Rule 702 "contemplates a *broad conception* of expert qualifications." ECF No. 164 at 5 (emphasis in original). However, experts are still required to have at least some relevant experience or training related to the subject of their opinions. *See, e.g.*, *Elbert v. Howmedica, Inc.,* 59 F.3d 174, 1995 WL 383409, at *1 (9th Cir. 1995) (concluding that district court abused its discretion in permitting the jury to hear expert opinion where the expert "admitted to having no training or familiarity" and "presented no evidence of his experience or qualifications regarding the specific subject areas in which he offered testimony"). Moody's limited putative experience auditing undisclosed websites is insufficient.

      Being qualified to opine as an expert in a particular field – such as website auditing generally – does not automatically make that expert qualified to testify on a related subject matter – namely, auditing for accessibility by the visually impaired. This Circuit has previously excluded the opinions of experts who are not qualified to opine on the relevant issue as required by *Daubert*. *See United States v. Chang*, 207 F.3d 1169, 1172-73 (9th Cir. 2000) (affirming district court's exclusion of professor's testimony as he was not qualified to testify on another relevant issue in case); *see U.S. v. Santini*, 656 F.3d 1075, 1078-79 (9th Cir. 2011) (explaining that Rule 702 requires that "[a]n expert in one field…cannot express an opinion relying on data that requires expertise in another field").

      Plaintiff argues that *Asetek* is instructive, however, *Asetek* was specific to qualifications in a patent case and held that an individual does not need to "be officially credentialed in the specific matter under dispute" specifically "[t]o testify as an expert *in a patent case*[.]" *Asetek Danmark A/S v. CMI USA, Inc.*, No. 13-CV-00457-JST, 2014 WL 5590699, at *1 (N.D. Cal. Nov. 3, 2014) (emphasis added) (determining an expert in a patent-infringement action himself has patents and an extensive background in the science underlying the patent at issue). However, this case is not a patent matter, or analogous in any way, and there is no authority for the proposition that general IT auditing equips someone to validly opine on web accessibility issues. Similarly, Plaintiff's reliance on several other inapposite cases fares it no better. In each of these cases, the relevant knowledge, skill, experience, training, or education of the proffered expert witness was explained in detail and the proffering party

was able to explain how the experience of the expert was sufficient. There has not been, and could not be, any such showing here. *See, e.g.*, *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998 (9th Cir. 2004) (expert had previously been qualified on the same topic and had detailed experience with the issue at hand); *In re Twitter, Inc. Sec. Litig.*, No. 16-CV-05314-JST, 2020 WL 13863616, at *3 (N.D. Cal. Jan. 28, 2020) (expert had many years of experience in "researching, consulting, and teaching about" the issue at hand); *Oracle Am., Inc. v. Hewlett Packard Enterprise Co.*, No. 16-cv-01393-JST, 2018 WL 6511146 (N.D. Cal. Dec. 11, 2018) (experts had specific experience in the issue at hand); *Todd v. Tempur-Sealy Int'l, Inc.*, No. 13-CV-04984-JST, 2016 WL 5462428 (N.D. Cal. Sept. 28, 2016) (defendants fail to offer any reasons why expert's extensive experience studying toxic chemicals is relevant to study of pesticides, but not household products).

### B. Moody's Opinions are Inadmissible Because They Consist of Legal Conclusions

There is no credible dispute that Moody directly and repeatedly offers a legal opinion that Fashion Nova's website does not comply with the ADA. That is not proper, and merits exclusion. In opposition, Plaintiff argues that Moody does not in fact opine that the website violates the ADA, and cites to inapposite case law. ECF No. 164 at 8. Plaintiff's arguments fail.

Moody's conclusion in his Report could not be clearer. He states "To *conclude*, it is my opinion, based upon reasonable scientific certainty that the Defendant, Fashion Nova, Inc., who operates the website https://www.fashionnova.com, has program and design issues in its website that has been systemic for years and as such has created access barriers for disabled users that are both physical and digital in nature and *thus violates the disabled users rights as provided under the ADA*." ECF No. 147-03 (Moody Rep.) at p. 8 (emphasis added). Similarly, in his deposition, Moody testified—*on several occasions*—unequivocally that Fashion Nova's website is not ADA-Complaint. *See, e.g.*, ECF No. 147-04 (Moody Dep.) (52:22-24 Q Is it your opinion that Fashion Nova's website is not ADA complaint? A Yes.); *see also* (42:23-43:25, 53:3- 56:4; 121:14-18; 227:20-228:11). As noted previously, despite these opinions, Moody, of course, concedes he does not have any specific legal training to opine on legal issues. (52:25-53:2 Q Do you have any specific legal training as to ADA laws? A No.). These improper legal opinions must be excluded.

Plaintiff relies on *California Foundation for Independent Living Center v. County of Sacramento*, but the case is inapposite. There, plaintiff alleged that the airport's gate counter and emergency evacuation plan violated various laws, including the ADA. The expert testified about "what the Airport's evacuation plan must contain on her review of the Airport's evacuation plan, her background and experience as a specialist in emergency planning for people with disabilities, and her knowledge of national guidance documents on emergency planning for people with disabilities." 142 F. Supp. 3d 1035, 1049 (E.D. Cal. 2015). Critically, in holding the expert's testimony was admissible, the court explicitly stated: "She has sufficient expertise to give her evaluation of the Airport's evacuation plan. She *does not* conclude the Airport's evacuation plan violates legal standards." *Id.* (emphasis added). Moody, on the other hand, does in fact conclude that Fashion Nova's website violates ADA laws.

Plaintiff wants to minimize Moody's legal conclusions and argue they arise from "his expertise," but surely he can rely on his expertise, if any, without rendering an improper legal opinion. He can even refer to the law in expressing his opinion, but what he cannot do is offer a legal opinion which is directly at issue in the case—*i.e.*, whether Fashion Nova's website is ADA-compliant. Indeed, courts in the Ninth Circuit routinely strike statements from experts regarding ADA compliance. *See, e.g.*, ECF No. 147 at 11-13; *see also Kalani v. Starbucks Corp.*, 81 F.Supp. 3d 876, 881-84 (N.D. Cal. 2015) (excluding statements from an expert "as impermissible legal conclusions"); *see also Sharp v. Islands Cal. Ariz. LP,* 900 F. Supp. 2d 1101, 1111 (S.D. Cal. 2012) (statement that the "waiting area is accessible to wheelchair users and complies with all ADAAG requirements" was an improper legal conclusion).

    **C.**    **Moody's Testimony and Opinions are Unreliable**

        **1.**    **Moody's Testimony and Opinions Do Not Help the Trier of Fact Assess Accessibility In Any Way**

Plaintiff's response does not address the fundamental problem that Moody's Report does not help the trier of fact assess the accessibility of Fashion Nova's website. ECF No. 164 at 10-11. Instead, Plaintiff acknowledges that in order to bring a claim under the ADA, Fashion Nova's website must impede his ability to access the goods and services *at a physical Fashion Nova*

*location*. *Id.* (stating that claims based on online purchases "are not claims at issue in this action"). As Fashion Nova noted in its Motion, and as discussed more fully in Fashion Nova's Motion for Summary Judgment, under well-established Ninth Circuit law, websites, standing alone, are not places of public accommodation under the ADA. ECF No. 147 at 9 (citing *Nat'l Fed'n of Blind v. Target Corp.*, 582 F. Supp. 2d 1185, 1204 (N.D. Cal. 2007)). Instead, the inability to access Fashion Nova's website must impede access to the goods and services available in Fashion Nova's physical stores.

      Moody's report and testimony does not help the trier of fact assess whether Fashion Nova's website inhibited access to one of its five physical locations. Plaintiff all but concedes Moody did not undertake this analysis. Plaintiff argues that "Mr. Moody's report and conclusions directly address and substantiate those claims through a review of class member declarations as well as his testing of Defendant's website code," but plaintiff fails to point to any testing of Fashion Nova's website with respect to access to its physical locations. ECF No. 164 at. 10. He cannot do so because Moody did not test Fashion Nova website code to assess whether or not visually impaired individuals were impeded access to Fashion Nova's physical locations. All he did was rely on third-party declarations from unqualified third parties.  Although experts can rely on hearsay, the hearsay must be reliable, and there is no evidence that any of the declarations on which he relied on are reliable. Moreover, despite averring that two tools—Deque and Wave—were used to evaluate Fashion Nova's website, these tools were not used to scan the "locations" subpage of Fashion Nova's website, even though Plaintiff's claim rests on an inability to make purchases from physical Fashion Nova locations. That is, despite Plaintiff's contention that Moody's analysis showed that customers could not access Fashion Nova's physical stores, ECF No. 164 at 10-11, these tools were not used on the subpage that specifically includes the information relevant to this case.

      In sum, Plaintiff fails to point to any analysis, testing, or methodology to substantiate Moody's conclusion that Fashion Nova's website "can and does impact the disabled user from accessing brick-and-mortar locations, phone numbers, and store hours thus preventing any commerce with the store directly." ECF No. 147-03 (Moody Rep.) at 8. Plaintiff also completely ignores and fails to address the fact that visually impaired individuals can in fact make purchases on

Fashion Nova's website as evidenced by Cannon's declaration. *See* Cannon Declaration ECF No. 57-1, ¶ 9.

## 2. Moody's Sole Reliance on the WCAG Guidelines Renders His Opinions Unreliable, Unhelpful, and Misleading

Moody's Report relied solely on a single industry guideline—the WCAG 2.1 AA—to reach the conclusion that Fashion Nova's website is inaccessible to visually impaired customers, and therefore violates the ADA. ECF No. 147 at 13-15. This reliance on a single optional guideline renders Moody's opinions unreliable, and unhelpful for the trier of fact. *Id.* For an expert's opinion and testimony to be appropriate, a "fit" must exist between the offered opinion and the facts of the case. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591 (1993). In fact, his opinions are misleading because they improperly suggest WCAG compliance is necessary to comply with the ADA.

Plaintiff attempts to brush aside this ground to exclude Moody's Report by claiming that expert testimony should not be excluded under *Daubert* because of a disagreement about the expert's conclusions. ECF No. 164 at 11-12. This mischaracterizes Fashion Nova's argument. Fashion Nova's objection to Moody's sole use of WCAG guidelines is a challenge to Moody's *methodology*, as well as his conclusions, as well as whether his opinion will aid the trier of fact. An expert opinion that does not aid the trier of fact should be excluded, and methodological challenges are plainly the proper subject of *Daubert* challenges. *See United States v. Holguin*, 51 F.4th 841, 854 (9th Cir. 2022) ("To carry out its gatekeeping role, a district court must find that an expert's testimony is reliable—an inquiry that focuses not on what the experts say, or their qualifications, but what basis they have for saying it.") (quotation marks omitted). "Scientific evidence is reliable if the principles and methodology used by an expert are grounded in the methods of science." *Grodzitsky v. Am. Honda Motor Co.*, 957 F.3d 979, 984 (9th Cir. 2020) (quotation marks omitted).

Plaintiff also contends that even if Moody's Report relied solely on the optional WCAG guidelines—which it did—his methodology is still reliable because settlements in ADA cases have required the defendant to become WCAG compliant. ECF No. 164 at 12. But, as discussed in Fashion Nova's Motion, this confuses *remedy* with liability. Whether a company's website "must

comply with the Web Content Accessibility Guidelines, or any other set of noncompulsory guidelines, is a question of *remedy*, not liability." *Reed v. CVS Pharmacy, Inc.*, No. 17-CV-3877 MWF (SKx), 2017 WL 4457508, at *4 (C.D. Cal. Oct. 3, 2017); *see also Robles v. Yum! Brands, Inc.*, No. 16-cv-8211- ODW(SS), 2018 WL 566781, at *5 (C.D. Cal. Jan. 24, 2018) ("Whether [the defendant's] digital offerings must comply with the WCAG or any other set of noncompulsory guidelines, is a question of remedy, not liability."). Courts are clear that compliance with the WCAG does not determine whether a website complies with the ADA. *See Alcazar v. Bubba Gump Shrimp Co. Rests., Inc.*, No. 20-cv-02771-DMR, 2020 WL 4601364, at *4 (N.D. Cal. Aug. 11, 2020) (alleged violation of WCAG is "*not dispositive of*, whether it violates the ADA") (emphasis added). Proving an ADA violation does not require a showing whether the defendant "complied with any *specific guidelines*." *Robles*, 2018 WL 566781, at *5.

Plaintiff contends that caselaw supports that proposition that whether a website complies with WCAG standards is "informative" of whether it violates the ADA. ECF No. 164 at 12 n.9 (citing *Robles*, 2018 WL 566781, at *5; and *Alcazar*, 2020 WL 4601364, at *4). But both cases Plaintiff cites acknowledge that the crucial question is whether the defendant "has met its obligations under the ADA," not whether the defendant's website complies with the optional WCAG guidelines. *Robles*, 2018 WL 566781, at *5; *see also Alcazar*, 2020 WL 4601364, at *4 (noting that "whether Bubba Gump's website violates WCAG 2.1 standards is informative to, *but not dispositive of*, whether it violates the ADA") (emphasis added).

Plaintiff also points out that Fashion Nova's accessibility experts recommended that it comply with WCAG guidelines, but that is irrelevant. *See* ECF No. 164 at 12–13. That Fashion Nova itself reviewed its website for compliance with multiple industry guidelines—WCAG and Section 508—does not mean that achieving these standards equates with ADA compliance. A company's decision to adopt optional accessibility guidelines such as the WCAG, whether as a condition of settlement or as a voluntary decision to improve accessibility, does not show that the website failed to comply with the ADA. All it shows is that Fashion Nova strives to hold itself to a standard in excess of what is required by the ADA.

Plaintiff also contends that Moody's sole reliance on the WCAG was reliable because other industry guidelines reference the WCAG guidelines. ECF No. 164 at 12-14. However, as Moody acknowledged during deposition, the WCAG guidelines are but one of many optional standards. ECF No. 147-04 (Moody Dep.) at 121:20-123:15 & 221:17-235:9. And, again, compliance with the WCAG is not equivalent to compliance with the ADA. *Alcazar*, 2020 WL 4601364, at *4. Alleged lack of compliance with the WCAG—or any other optional web accessibility standard—is not proof of liability. Moody's sole focus on an optional web accessibility standard renders his opinions and testimony unreliable, unhelpful for the trier of fact, and misleading.

>   D.   **Moody's Reliance Upon Declarations and the Reports of Other Experts in this Action is Unreliable, Unhelpful, and/or Not Based On Any Specialized Knowledge**

Moody's opinions are also inadmissible because "[e]xperts may not solely rely on the opinions of other experts." *Jerpe v. Aerospatiale*, No. CIV503-555-LKK, 2007 WL 1394969, at *6 (E.D. Cal. May 10, 2007). If an expert opinion is based solely upon the opinion of another expert, it is impermissible. *Id*. (explaining that FRE 703 permits experts to rely on "facts or data" as a basis for opinions and therefore a plaintiff's expert opinion on design defects that did not rely on "facts or data" but rather was based solely upon the opinion of another expert is impermissible).

Plaintiff argues Moody did more than just rely on the 42 declarations and expert reports; rather, he referenced these materials in order to "confirm and support his own independent manual and automated audits of Defendant's website—finding that the issues uncovered by both were consistent with each other." ECF No. 164 at 14-15. Plaintiff argues these issues "'were replicable' through his manual and automated review." *Id*. Critically, Plaintiff doesn't assert that Moody did in fact *replicate* the issues—just that they were "replicable." Nor can he. Moody admitted in his testimony that his conclusion that Fashion Nova's website impedes disabled users from accessing its brick-and-mortar locations was based entirely on having read the 42 declarations wherein at least some of the declarants provided they had issues accessing Fashion Nova's physical locations. ECF No. 147-04 (Moody Dep.) 218:2-221:16. Moody did not conduct independent analysis to determine whether Fashion Nova's website does in fact impede visually impaired individuals from accessing Fashion Nova's physical locations.

1    Plaintiff's relies on *Jerpe*, *supra*, but that case actually supports excluding Moody's opinions. There, the court disagreed in part with excluding the expert's opinions, explaining that the expert's manufacturing defect opinion "was based on visual inspection, photographs, x-rays, and ultrasounds, which comprise 'facts and data' that need not themselves be admissible in evidence." *Id*. at *6. Further, the expert provided a declaration which "clearly states that he independently arrives at his opinions by, for example, reviewing x-ray radiographs and ultrasonic data." *Id*. For these reasons, the expert did not "solely" rely on another expert's opinion in forming his opinion on the existence of a manufacturing defect. However, the court ruled differently and excluded the expert's opinion with respect to the design defect on the grounds that he did not independently "examine evidence or otherwise review the data before concluding that a design defect existed in the helicopter blade. *See id*. at *7. Here, Moody's opinions parallel *Jerpe's* expert opinion on design defect in that Moody admits he has not independently looked into the issues present in the declarations or other expert reports. Accordingly, Moody's opinions should be excluded as speculative and inadmissible.

### E.  Moody's Use of the Wayback Machine Renders His Opinions Unreliable

Plaintiff contends that Moody's use of the Wayback Machine to test prior iterations of Fashion Nova's website for ADA accessibility issues was a reliable methodology. ECF No. 164 at 16–18. In support, Plaintiff cites two cases for the proposition that webpage records saved by the Wayback Machine are reliable because courts have taken judicial notice of these records. *Id.* at 16 (citing *UL LLC v. Space Chariot Inc.*, 250 F. Supp. 3d 596, 604 n.2 (C.D. Cal. 2017); and *Erickson v. Neb. Mach. Co.*, 15-cv-01147-JD, 2015 WL 4089849, at *1 n.1 (N.D. Cal. July 6, 2015)). These cases do not support Plaintiff's position that webpage records saved on the Wayback Machine are a reliable basis for analyzing webpage accessibility issues over time. Instead, the courts in *UL LLC* and *Erickson* took judicial notice of "images" from a website that were the subject of a trademark and copyright suit, respectively. *See UL LLC*, 250 F. Supp. 3d at 603, 604 n.2; *Erickson*, 2015 WL 4089849, at *1 & n.1. In *UL LLC*, the court took judicial notice of images from the Wayback Machine to show that the defendant "continued to use on its website" the plaintiff's trademark on specific dates. 250 F. Supp. 3d at 604.  Likewise, the court in *Erickson* took judicial notice of images from the Wayback Machine to show that the defendant used the plaintiff's copyrighted photos on its

website. 2015 WL 4089849, at *1. Neither case held that the Wayback Machine is a reliable method of conducting website accessibility analyses. And neither case considered the use of the Wayback Machine in an expert's accessibility analysis, the precise issue here. Instead, the courts used the Wayback Machine for the simple purpose of showing what images appeared on the website, and when.

This distinction is crucial because, as Fashion Nova explained in its Motion, prior iterations of the Wayback Machine often are not functional. ECF No. 147 at 7. Even if the Wayback Machine may accurately show images that appeared on a website at a given point in time, the Wayback Machine cannot reliably render older versions of websites, with all of the attendant functionality, a prerequisite to determining if the website is accessible. As Moody admitted during his deposition, if you look at the Wayback Machine's archive of sites you will find broken pages and that the Wayback Machine does not capture the full functionality of a website. ECF No. 147-04 (Moody Dep.) 175:19-176:23.

Plaintiff—relies on Dr. Easttom's (its *other* expert) deposition testimony, to contend that the versions of Fashion Nova's website captured on the Wayback Machine are not subject to these functionality issues because the website still runs the same JavaScript source code. ECF No. 164 at 16–17. But as Easttom admitted at deposition, the guide to using the Wayback Machine expressly states that JavaScript elements are hard to archive and "the archive will not contain the original site's functionality." ECF No. 175-2 (Easttom Dep.) at 328:15-18. Plaintiff—again purporting to rely on Easttom's testimony—claims that because the JavaScript source code on the archived versions was the same as on the current version of the website that the Wayback Machine will accurately render the website. But as Easttom admitted during deposition, he did not conduct a comprehensive analysis of the source code on Fashion Nova's website over time. *Id.* at 336:22–337:10. Instead, he randomly cherry-picked sample pages over the course of years to test. *Id.* at 332:10-11; *see also* ECF No. 173 (Easttom Rep.) at 42, ¶ 92 ("I selected dates and times randomly in order to get a complete view of the condition of the fashionnova.com website throughout recent years."). Based on this unreliable— and untestable—method of *another* purported expert selecting days at random, Moody cannot

1  reliably opine on whether Fashion Nova's source code changed during the class period. Without that
2  information, he cannot reliably use data from the Wayback Machine.
3         In addition to being an unreliable source for testing accessibility, information from the
4  Wayback Machine is not authenticated, as Plaintiff admits. ECF No. 164 at 17–18. Courts typically
5  require (1) a witness with personal knowledge about the content of the archived webpage; and/or (2)
6  an affidavit from an Internet Archive employee. *See Henderson v. Lindland*, No. CV11-01350 DDP
7  (DTBx), 2012 WL 12885104, at *4 (C.D. Cal. Aug. 15, 2012) (determining that an affidavit from an
8  Internet Archive employee was sufficient); *Michael Grecco Prods., Inc. v. NetEase Info. Tech.
9  Corp.*, No. CV 18-3119 DSF (RAOx), 2018 WL 6443082, at *1 (C.D. Cal. Sept. 24, 2018)
10 (requiring webpages to be "authenticated by someone with personal knowledge of how the Wayback
11 Machine creates an unaltered copy of a website as it appeared on a particular day"). This Court
12 should reject any attempt by Plaintiff to use Moody's Report and testimony as a method of
13 authenticating screenshots from the Wayback Machine.[1] *Gavrieli Brands LLC v. Soto Massini (USA)
14 Corp.*, No. 18-462 (MN), 2019 WL 10248462, at *2 (D. Del. Apr. 18, 2019) ("This Court generally
15 agrees that, to satisfy the requirements of Rule 901, screenshots from the Wayback Machine must be
16 authenticated by an Internet Archive employee or another individual with experience in its operation
17 and reliability."). To be admitted as evidence, these documents must be independently authenticated.
18 ///
19 ///
20 ///
21 ///
22 ///

---

[1] In an apparent recognition that Moody's Report and testimony are insufficient to authenticate material from the Wayback Machine, Plaintiff claims that he has "submitted a request for an affidavit authenticating the webpages relied upon by his experts, including Dr. Moody." ECF No. 164 at 17. Fashion Nova objects to this exercise as untimely and prejudicial as Plaintiff is seeking authentication for the very first time in its *Daubert* Opposition. Furthermore, given the timing, Fashion Nova has not reviewed any affidavit authenticating these records. Fashion Nova may raise additional objections to the authentication of these documents based on any forthcoming affidavit.

**III.   CONCLUSION**

For the foregoing reasons, Fashion Nova respectfully requests that the Court exclude any evidence, testimony, and/or argument regarding certain expert opinions of Mr. Moody.

Dated:  December 21, 2023         By:  */s/ Eric B. Schwartz*
Chad S. Hummel (SBN 139055)
chummel@sidley.com
Amy P. Lally (SBN 198555)
alally@sidley.com
SIDLEY AUSTIN LLP
1999 Avenue of the Stars, 17th Floor
Los Angeles, CA 90067
Telephone: (310) 595-9662
Facsimile: (310) 595-9501

Eric B. Schwartz (SBN 266554)
eschwartz@sidley.com
Anna Tutundjian (SBN 309969)
atutundjian@sidley.com
Marissa X. Hernandez (SBN 341449)
marissa.hernandez@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, California 90013
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

Paul J. Watford (SBN 183283)
pwatford@wsgr.com
WILSON SONSINI GOODRICH & ROSATI, P.C.
953 East Third Street, Suite 100
Los Angeles, CA 90013
Telephone: (323) 210-2900
Facsimile: (866) 974-7329

David H. Kramer (SBN 168452)
dkramer@wsgr.com
WILSON SONSINI GOODRICH & ROSATI, P.C.
650 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 493-9300
Facsimile: (866) 974-7329

*Attorneys for Defendant
FASHION NOVA, INC.*