Thiago M. Coelho, SBN 324715
*thiago@wilshirelawfirm.com*
Shahin Rezvani, SBN 199614
*srezvani@wilshirelawfirm.com*
Jennifer M. Leinbach, SBN 281404
*jleinbach@wilshirelawfirm.com*
Jesenia A. Martinez, SBN 316969
*jesenia.martinez@wilshirelawfirm.com*
Jesse S. Chen, SBN 336294
*jchen@wilshirelawfirm.com*
**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd., 12th Floor
Los Angeles, California 90010
Telephone: (213) 381-9988
Facsimile: (213) 381-9989

*Class Counsel for Plaintiff/Class Representative
and the Nationwide and California Classes*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JUAN ALCAZAR, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>FASHION NOVA, INC., a California corporation; and DOES 1 to 10, inclusive,<br><br>Defendants. | Case No.: 4:20-cv-01434-JST<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT**<br><br>Judge: Hon. Jon S. Tigar<br>Date: August 1, 2024<br>Time: 2:00 p.m. (via Zoom)<br>Courtroom: 6, 2nd Floor |

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

---

PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

## NOTICE OF MOTION

**TO THE COURT, THE PARTIES, AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on August 1, 2024 at 2:00 p.m., via Zoom, Plaintiff and Class Representative Juan Alcazar, will and hereby does move the Court for an order pursuant to Federal Rule of Civil Procedure 23: (1) granting preliminary approval of the Agreement[1] dated May 16, 2024; (2) authorizing retention of CPT Group, Inc. as the settlement administrator; (3) approving the form and matter of notice of the settlement to the Classes[2]; and (4) setting the Final Approval Hearing as well as the schedule for various deadlines in connection with the Agreement.

This unopposed motion is supported by the below memorandum of points and authorities, the Agreement and exhibits thereto, the supporting declarations and exhibits attached thereto, all prior pleadings in this action, and such additional evidence or argument as the Court may request.

Dated: May 16, 2024

Respectfully submitted,

*/s/ Thiago M. Coelho*
Thiago M. Coelho
**WILSHIRE LAW FIRM, PLC**
*Class Counsel for Plaintiff Juan Alcazar
and the Nationwide and California Classes*

---

[1] Unless otherwise noted, capitalized terms have the meaning ascribed to them in the settlement agreement, filed concurrently herewith as Exhibit A to the Declaration of Thiago M. Coelho ("Coelho Decl.").
[2] The Nationwide Class together with the California Class comprise the "Classes."

# TABLE OF CONTENTS

TABLE OF CONTENTS.................................................................................i

TABLE OF AUTHORITIES ........................................................................iii

MEMORANDUM OF POINTS AND AUTHORITIES .................................1

I.     INTRODUCTION ................................................................................1

II.    FACTUAL AND PROCEDURAL BACKGROUND.............................2

       A.    Plaintiff's Allegations and Early Case Activities.......................2

       B.    Class Certification .....................................................................3

       C.    Class Discovery .........................................................................3

       D.    Class Notice...............................................................................3

       E.    May 2023 Settlement Planning Meeting ....................................4

       F.    Expert Disclosures.....................................................................4

       G.    Motion to Modify the November 2022 Scheduling Order .........4

       H.    Fashion Nova's Substitution of Counsel ...................................4

       I.     Motion to Extend November 2022 Scheduling Order Deadlines.....4

       J.     August 2023 Settlement Conference ..........................................5

       K.    Motion for Reconsideration re November 2022 Scheduling Order .............5

       L.    Expert Depositions .....................................................................5

       M.    Summary Judgment and Motions to Decertify the Class and *in limine* .......5

       N.    December 2023 Settlement Conference ......................................5

       O.    Settlement Negotiations .............................................................6

III.   SETTLEMENT TERMS SUMMARY....................................................6

       A.    The Settlement Classes...............................................................6

       B.    Settlement Benefits.....................................................................6

       C.    Distribution of the Settlement Fund for the California Class......7

       D.    Class Notice and CAFA Notice..................................................8

       E.    Release of Claims .......................................................................9

       F.    Attorneys' Fees and Expenses, and Service Award ...................9

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

G. The Settlement Administrator ................................................................. 10

IV. ARGUMENT ............................................................................................. 10

    A. The Proposed Settlement Warrants Preliminary Approval ......................... 10

    B. The Settlement is Fair, Reasonable, and Adequate ................................... 12

        1. Class Counsel and Plaintiff Adequately Represented the Classes ............. 12

        2. The Settlement is the Product of Arm's Length Negotiations Among
Experienced Counsel Who Were Aware of the Action's Risks. ............... 12

        3. The Settlement Provides Substantial Benefits to the Classes ................... 13

           a. The Substantial Benefits for the Classes, Weighed Against the Costs,
Risks, and Delay of Further Litigation Support Preliminary Approval .............. 13

           b. The Proposed Notice and Claims Process is Effective and
Supports Approval ........................................................................... 17

           c. Class Counsel's Attorneys' Fees ......................................................... 18

        4. No Other Agreements Exist ............................................................... 19

        5. The Proposed Distribution Plan Treats Class Members Equally ............... 19

        6. Opportunity for Exclusion ................................................................ 20

        7. The Remaining *Hanlon* Factors Are Satisfied ...................................... 20

           a. The Risk of Maintaining Class Action Status Through Trial ..................... 20

           b. Views and Experience of Counsel ..................................................... 20

V. MAINTAINING CERTIFICATION OF THE CLASSES FOR SETTLEMENT
PURPOSES IS PROPER ............................................................................ 21

VI. THE NOTICE PROGRAM SATISFIES RULE 23 AND DUE PROCESS ................... 21

VII. CONCLUSION ........................................................................................... 22

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

**TABLE OF AUTHORITIES**

**Cases**

*Allen v. Bedolla*,
    787 F.3d 1218 (9th Cir. 2015) ...................................................................... 11

*Bernstein v. Virgin Am., Inc.*,
    No. 15-cv-02277-JST, 2023 WL 7284158 (N.D. Cal. Nov. 3, 2023) (Tigar, J.) ...................... 9

*Broomfield v. Craft Brew All., Inc.*,
    No. 17-cv-01027-BLF, 2020 WL 1972505 (N.D. Cal. Feb. 5, 2020) ...................................... 11

*Cuellar v. First Transit Inc.*,
    No. 8:20-cv-01075-JWH-JDE, 2024 WL 83231 (C.D. Cal. Jan. 8, 2024) ............................ 13

*Custom LED, LLC v. eBay, Inc.*,
    No. 12-cv-00350-JST, 2014 WL 2916871 (N.D. Cal. June 24, 2014) (Tigar, J.) .................. 19

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*,
    509 U.S. 579 (1993) ........................................................................... 1, 13, 15

*Dickey v. Advanced Micro Devices, Inc.*,
    2019 WL 4918366 (N.D. Cal. 2019) ..................................................................... 21

*Ellis v. Naval Air Rework Facility*,
    87 F.R.D. 15 (N.D. Cal. 1980) .......................................................................... 20

*Federal Ins. Co. v. Caldera Med., Inc.*,
    No. 2:15-cv-00393-SVW-PJW, 2016 WL 5921245 (C.D. Cal. 2016) .................................... 13

*Foster v. Adams & Assocs., Inc.*,
    2021 WL 4924849 (N.D. Cal. 2021) ..................................................................... 21

*Gribble v. Cool Transports Inc.*,
    2008 WL 5281665 (C.D. Cal. Dec. 15, 2008) ........................................................ 21

*Hanlon v. Chrysler Corp.*,
    150 F.3d 1011 (9th Cir. 1998) .................................................................. 11, 12, 13

*Hefler v. Wells Fargo & Co.*,
    2018 WL 6619983 (N.D. Cal. 2018) ..................................................................... 20

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

*In re BofI Holding, Inc. Sec. Litig.*,

Nos. 3:15-CV-02324-GPC-KSC, 3:15-CV-02486-GPC-KSC,

2022 WL 9497235 (S.D. Cal. Oct. 14, 2022) ........................................................ 16

*In re Chrysler-Dodge-Jeep EcoDiesel Mktg., Sales Practices, & Prods. Liab. Litig.*,

No. 17-md-02777-EMC, 2019 WL 536661 (N.D. Cal. Feb. 11, 2019) .................... 11

*In re Lenovo Adware Litig.*,

2018 WL 6099948 (N.D. Cal. 2018) ..................................................................... 20

*In re Lithium Ion Batteries Antitrust Litig.*,

No. 4:13-md-02420-YGR (DMR), 2017 WL 1086331 (N.D. Cal. 2017) ............... 16

*In re Nexus 6P Prod. Liab. Litig.*,

2019 WL 6622842 (N.D. Cal. 2019) ..................................................................... 20

*In re Oracle Sec. Litig.*,

1994 WL 502054 (N.D. Cal. 1994) ....................................................................... 19

*In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*,

895 F.3d 597 (9th Cir. 2018) ................................................................................. 8

*In re Yahoo Mail Litig.*,

Nos. 13-CV-4980-LHK, 13-CV-4989-LHK, 13-CV-5326-LHK,

13-CV-5388-LHK, 2016 WL 4474612 (N.D. Cal. Aug. 25, 2016) ........................ 14

*In re: Cathode Ray Tube (CRT) Antitrust Litig.*,

2016 WL 6778406 (N.D. Cal., 2016) ..................................................................... 19

*K.H. v. Secretary of Dep't of Homeland Sec.*,

No. 15-cv-02740-JST, 2018 WL 6606248 (N.D. Cal. Dec. 17, 2018) .................... 9

*Khoja v. Orexigen Therapeutics, Inc.*,

2021 WL 5632673 (S.D. Cal. 2021) ...................................................................... 19

*Kulesa v. PC Cleaner, Inc.*,

No. CV 12-0725 FMO (ANx), 2014 WL 12581769 (C.D. Cal. 2014) ................... 13

*Mazzei v. Money Store*,

829 F.3d 260 (2d Cir. 2016) .................................................................................. 20

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

*Mendez v. C-Two Grp., Inc.*,

    No. 13-cv-05914-HSGM, 2017 WL 2861118 (N.D. Cal. July 5, 2017) .............................. 14

*Mullane v. Cent. Hanover Bank & Tr. Co.*,

    339 U.S. 306 (1950) ..................................................................................................... 18

*Murphy v. Eyebobs, LLC*,

    638 F.Supp.3d 463, 484 (W.D. Pa. 2021) ...................................................... 15, 17

*Murphy v. Le Sportsac, Inc.*,

    No. 1:22-CV-00058-RAL, 2023 WL 375903 (W.D. Pa. Jan. 24, 2023) ........................ 15, 17

*Nat'l Fed'n of the Blind v. Target Corp.*,

    No. C 06-01802 MHP, 2009 WL 2390261 (N.D. Cal. Aug. 3, 2009)........................ 7, 17, 19

*Norris v. Mazzola*,

    2017 WL 6493091 (N.D. Cal. Dec. 19, 2017) ......................................................... 20

*Rodriguez v. W. Publ'g Corp.*,

    563 F.3d 948 (9th Cir. 2009) .................................................................... 14, 21

*Schaffer v. Litton Loan Servicing, LP*,

    No. CV 05–07673 MMM (JCx), 2012 WL 10274679 (C.D. Cal. 2012)................................ 16

*Schneider v. Chipotle Mexican Grill, Inc.*,

    336 F.R.D. 588 (N.D. Cal. 2020)................................................................................ 14

*Staton v. Boeing Co.*,

    327 F.3d 938 (9th Cir. 2003) ..................................................................................... 9

*Stewart v. Apple Inc.*,

    No. 19-cv-04700-LB, 2022 WL 3109565 (N.D. Cal. Aug. 4, 2022)................................ 15

*Thomas v. Cognizant Tech. Sols. U.S. Corp.*,

    No. SACV 11-1123-JST (Anx), 2013 WL 12371622 (C.D. Cal. June 24, 2013) .................. 16

*Walker v. Life Ins. Co. of the Sw.*,

    No. CV 10-9198 JVS (JDEx), 2021 WL 1220692 (C.D. Cal. 2021)................................ 15

*Youth Just. Coalitions v. City of Los Angeles*,

    2020 WL 9312377 (C.D. Cal. 2020)......................................................................... 21

**Statutes**

28 U.S.C. §1715 ...................................................................................................... 8

42 U.S.C. §§ 12101, *et seq.* .................................................................................. *passim*

Cal. Civ. Code §§ 51, *et seq.* ........................................................................ 1, 3, 7, 19

**Rules**

Fed. R. Civ. P. 23 ............................................................................................... 1, 21

Fed. R. Civ. P. 23(b)(2) .............................................................................................. 3

Fed. R. Civ. P. 23(b)(3) .............................................................................................. 3

Fed. R. Civ. P. 23(e) ............................................................................................ 10, 11

Fed. R. Civ. P. 23(e)(1) ....................................................................................... 10, 21

Fed. R. Civ. P. 23(e)(2) ..................................................................................... *passim*

Fed. R. Civ. P. 23(e)(3) ....................................................................................... 11, 19

Fed. R. Civ. P. 23(e)(4) ............................................................................................ 20

Fed. R. Civ. P. 23(e)(5) .............................................................................................. 8

Fed. R. Civ. P. 23(h)(1) ............................................................................................ 18

Fed. R. Civ. P. 30(b)(6) .............................................................................................. 3

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

After four years of litigation and intensive settlement negotiations, Plaintiff and Class Representative, Juan Alcazar, seeks preliminary approval of a nationwide injunction and $5,150,000 settlement to resolve this matter and to provide significant benefits to Class Members, legally blind individuals who were unable to enjoy reasonable accommodation on Fashion Nova's Website. To the best of Plaintiff's knowledge, this settlement is the second highest obtained in the country for website inaccessibility claims. The settlement meets all the criteria for preliminary approval under Federal Rule of Civil Procedure 23 and the Northern District's Procedural Guidance for Class Action Settlements ("Guidance").[3]

The settlement was reached after arm's length negotiations, supervised by Hon. Amy Hogue (Ret.) of Signature Resolution. The settlement follows challenged class certification briefing, motions for reconsideration, and hotly contested summary judgment and *Daubert* briefing, as well as a decertification challenge as to the California Class. The well-developed record gave the Parties a thorough understanding of the strengths and weaknesses of their positions. But for the settlement, the case was scheduled to proceed to trial in June 2024.

The settlement provides two-fold relief for the Classes. Nationwide Class Members[4] will enjoy injunctive relief that ensures Fashion Nova's Website provides reasonable accommodations for legally blind individuals as required under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq.*,. California Class Members[5] will receive injunctive relief (overlapping injunctive relief with the Nationwide Class under the ADA) under California's Unruh Civil Rights Act ("Unruh Act"), California Civil Code §§ 51, *et seq.*, and are eligible for up to $4,000 in payment under the Unruh Act's statutory damages provision.

---

[3] *Available at*: https://www.cand.uscourts.gov/forms/procedural-guidance-for-class-action-settlements/.

[4] The "Nationwide Class" is defined as: All legally blind individuals who have attempted to access Fashion Nova's Website by the use of screen reading software during the applicable limitations period up to and including final judgment in this Action.

[5] The "California Class" is defined as: All legally blind individuals in the State of California who have attempted to access Fashion Nova's Website by the use of screen reading software during the applicable limitations period up and including final judgment in this Action.

PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL

Continued litigation carried considerable risk of a lesser recovery or none at all. Fashion Nova vigorously denies liability and argues that no nexus exists between Fashion Nova's Website and its five brick-and-mortar stores, which are only located in California. Plaintiff would have to maintain class certification through entry of judgment and overcome numerous defenses including Fashion Nova's arguments that: (1) there is no requisite nexus between Fashion Nova's Website and physical retail locations to trigger the ADA's reasonable accommodation provision for places of public accommodation; (2) it does not intentionally discriminate against blind individuals through its website policies; and (3) Plaintiff's damages model is unreliable. The settlement provides the Classes with the opportunity to achieve a certain recovery with the benefit of a claimant-friendly procedure supervised by an experienced Settlement Administrator. Moreover, it assures that Fashion Nova takes concrete steps to ensure that Fashion Nova's Website is accessible so Class Members will receive relief now, rather than wait years for an uncertain recovery. The settlement is a win for the Classes and meets all criteria for preliminary approval.

Therefore, as set forth in further detail below, Plaintiff respectfully requests that the Court enter the proposed order authorizing notice and scheduling further settlement proceedings.

## II. FACTUAL AND PROCEDURAL BACKGROUND

While the Court is familiar with the factual and procedural history of this case, Plaintiff offers a brief recitation of the claims, Class Counsel's investigation and settlement negotiations, the risks and uncertainties presented in this litigation, the course of motion practice and discovery, and other factors bearing on the settlement's fairness and adequacy. As described below, the Parties litigated this case for nearly four years before agreeing to a settlement in principle.

### A. Plaintiff's Allegations and Early Case Activities

Plaintiff is visually impaired. ECF No. 1, ¶1. Like other visually impaired individuals, he relies on screen reading software to experience and use the internet. *Id.* at ¶14.

Fashion Nova is an American retail company. ECF Nos. 56-2, 56-3. Fashion Nova operates both an online e-commerce store, www.fashionnova.com, and five California brick-and-mortar stores. *Id.*

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

Plaintiff filed this class action case on February 26, 2020. ECF No. 1. Plaintiff alleged two causes of action: an ADA claim and a California Unruh Act claim. *Id.* The Action is based on Fashion Nova's alleged failure to adequately accommodate Plaintiff's disability on Fashion Nova's Website; Plaintiff alleges he was unable to use screen-reading software to navigate and shop on the site. *Id.* ¶¶24–28. On April 22, 2020, Fashion Nova filed its Answer. ECF No. 10.

Plaintiff propounded his first set of discovery on Fashion Nova on May 19 and 20, 2020, including interrogatories, and requests for production. Coelho Decl. ¶3. Plaintiff served his first set of requests for admission on October 9, 2021. *Id.* Fashion Nova provided responses to Plaintiff's first set of discovery on December 6, 2021. *Id.*

On January 4, 2022, Plaintiff served his second set of requests for production on Fashion Nova. *Id*. During class certification briefing, on January 22, 2022, Plaintiff took the deposition of Fashion Nova's Federal Rule of Civil Procedure 30(b)(6) witness, Roger Satur. *Id.* ¶4. On February 7, 2022, Fashion Nova responded to Plaintiff's second set of requests for production. *Id.* ¶3.

**B.      Class Certification**

On January 13, 2022, Plaintiff moved for class certification. ECF No. 56. After full briefing [ECF Nos. 57, 65–66], on September 6, 2022, the Court certified the Classes: a nationwide injunctive relief class under Federal Rule of Civil Procedure 23(b)(2) and a California damages class per Rule 23(b)(3). ECF No. 70.

**C.      Class Discovery**

Following class certification, Plaintiff focused on meet and confer efforts regarding discovery. Coelho Decl. ¶5. Fashion Nova's responses to Plaintiff's two sets of discovery were inadequate. *Id.* Throughout the fall and winter of 2022, Class Counsel drafted and sent several meet and confer letters and requested conferences regarding the same. *Id.* This included negotiating additional search terms and terms of a protective order. *Id.*

**D.      Class Notice**

On January 17, 2023, following extensive negotiations with Fashion Nova's counsel, Littler Mendelson P.C. ("Littler"), regarding redlines to the class notice, Plaintiff moved for

3

approval of the stipulated class notice. ECF No. 84. On March 23, 2023, the Court approved the class notice and proposed notice program. ECF No. 87. On August 22, 2023, Class Counsel provided the Court with an update as to the notice program execution, which included a digital media campaign and organizational outreach. ECF No. 120. Pursuant to the notice program, only one Class Member opted out of the Classes. ECF No. 120-1, ¶9.

### E. May 2023 Settlement Planning Meeting

On May 19, 2023, the parties participated in a settlement conference with Chief Magistrate Judge Donna M. Ryu. ECF No. 94. Judge Ryu converted this conference into a settlement planning meeting. ECF Nos. 93–94.

### F. Expert Disclosures

Per to the November 8, 2022 Scheduling Order (ECF No. 74, "November 2022 Scheduling Order") deadline, on June 23, 2023, Plaintiff served his expert disclosures on Fashion Nova. ECF No. 99-1 ¶4. On the July 7, 2023 rebuttal deadline, Fashion Nova did not serve any rebuttal expert disclosures. *Id.*

### G. Motion to Modify the November 2022 Scheduling Order

On July 6, 2023, Fashion Nova filed an administrative motion to modify the November 2022 Scheduling Order [ECF No. 98], which Plaintiff opposed four days later. ECF No. 99. On July 11, 2023, the Court denied Fashion Nova's administrative motion. ECF No. 100.

### H. Fashion Nova's Substitution of Counsel

On July 18, 2023, Littler moved to withdraw as Fashion Nova's counsel and requested a stay. ECF No. 101. On July 20, 2023, Plaintiff filed a limited opposition to the motion's request for a stay. ECF No. 105. On July 27, 2023, the Court denied the motion. ECF No. 111.

On July 21, 2023, Sidley Austin LLP ("Sidley") filed a notice of substitution of counsel. ECF No. 106. On July 21, 2023, the Court granted the request for Littler to withdraw and to substitute Sidley as new counsel for Fashion Nova. ECF No. 108.

### I. Motion to Extend November 2022 Scheduling Order Deadlines

On July 21, 2023, Fashion Nova, now with its new counsel at Sidley, moved to extend the November 2022 Scheduling Order deadlines by 90 days [ECF No. 109], Plaintiff opposed again

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

four days later. ECF No. 110. On August 14, 2023, the Court granted the motion in part and extended only those deadlines that had not yet lapsed deadlines by 90 days. ECF No. 117.

**J.      August 2023 Settlement Conference**

On August 14, 2023, Judge Ryu held a settlement conference with the parties. ECF No. 118. The matter did not settle. *Id.* Judge Ryu set a deadline for a further settlement conference for December 8, 2023, with a November 22, 2023 renewed demand deadline. *Id.*

**K.      Motion for Reconsideration re November 2022 Scheduling Order**

On August 31, 2023, Fashion Nova requested leave to file a motion for reconsideration asking that the Court reconsider its order denying the motion to amend the November 22 Scheduling Order. ECF No. 126. On September 1, 2023, the Court granted the request. ECF No. 129.

On September 5, 2023, Fashion Nova filed its motion for reconsideration. ECF No. 132. On September 19, 2023, Plaintiff opposed [ECF No. 133], and on September 21, 2023, Fashion Nova replied [ECF No. 134]. The Court denied reconsideration on October 31, 2023. ECF No. 135.

**L.      Expert Depositions**

Between October 26 and November 11, 2023, Fashion Nova took Plaintiff's experts' depositions. Coelho Decl. ¶6. Class Counsel defended Plaintiff's four experts (Drs. Krosnick and Easttom and Messrs. Arumugam and Moody) in all-day protracted examinations. *Id.*

**M.      Summary Judgment and Motions to Decertify the Class and *in limine***

On November 30, 2023, Fashion Nova moved for summary judgment [ECF No. 143], to limit the testimony of all four of Plaintiff's experts [ECF Nos. 145, 147, 150, 151] and to decertify the California Class. ECF Nos. 143, 145, 147–148, 150–151. On December 14, 2023, Plaintiffs opposed all motions. ECF Nos. 160–166. On December 21, 2023, Fashion Nova replied. ECF Nos. 175–181.

**N.      December 2023 Settlement Conference**

On December 8, 2023, as the Parties briefed Fashion Nova's six motions, Judge Ryu held a continued settlement conference. ECF No. 156. The settlement conference resulted in the Parties'

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL

continued settlement discussions, cumulating with scheduling private mediation with Judge Hogue. Coelho Decl. ¶7.

### O.    Settlement Negotiations

On January 18, 2024, the parties attended a full-day mediation with Judge Hogue. *Id*. In advance of the mediation, the Parties provided Judge Hogue detailed mediation briefs with supporting exhibits. *Id*. The Parties negotiated in good faith but did not reach an agreement. *Id*. On January 22, 2024, Judge Hogue circulated a mediator's proposal. *Id.* On January 25, 2024, both Parties accepted the mediator's proposal, reaching an agreement-in-principle to settle the case on the terms in the Agreement. *Id*.

## III.    SETTLEMENT TERMS SUMMARY

### A.    The Settlement Classes

The proposed settlement consists of two Classes: a Nationwide Class and a California Class. Coelho Decl. ¶2, Ex. A (Settlement Agreement and Release ("SA") §H. These are the same Classes the Court certified on September 6, 2022. ECF No. 70.

The Classes exclude the following: Fashion Nova; any entity in which Fashion Nova has a controlling interest; Fashion Nova's directors, officers, and employees; Fashion Nova's legal representatives, successors, and assigns; all judges assigned to this case and any members of their immediate families; the Parties' counsel in this litigation; and all persons who validly request exclusion from the Classes. SA §H.

### B.    Settlement Benefits

**Monetary Relief:** Fashion Nova will pay $5,150,000 to create a Funding Pool. SA §1.1. Notice costs, administration expenses, attorneys' fees and costs, and a service award to be approved by the Court will be deducted from the Funding Pool. *Id.* at §1.1. The balance (the "Net Settlement Amount") will be applied to pay California Class Member claims. *Id.* §1.2.

**Injunctive Relief:** To the extent it has not already done so, Fashion Nova will also execute remedial measures to ensure that Fashion Nova's Website is in substantial compliance with WCAG 2.1. *Id.* §2.1. This includes implementing a Website Accessibility Policy and consulting with one or more individuals or entities to aid with website accessibility issues. *Id.* ¶2.2. Class

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

Counsel will have the right to conduct compliance audits to ensure that Fashion Nova's Website is in substantial compliance with WCAG 2.1. *Id.* §2.2.2.

### C. Distribution of the Settlement Fund for the California Class

The proposed allocation for the Net Settlement Amount is as follows. California Class Members are eligible to receive up to a total of $4,000, pro rata based on the number of timely and valid claims made, from the Net Settlement Amount. *Id.* SA §1.2. California Class Members must submit a timely and valid claim to receive a Class Payment, averring, under penalty of perjury, to the following: that (1) they are legally blind; (2) they visited Fashion Nova's Website with the intention of visiting a Fashion Nova physical store; (3) while visiting Fashion Nova's Website they attempted to find physical store locations and were unable do so through the exercise of reasonable diligence; and (4) the approximate dates of their visit to Fashion Nova's Website. *Id.* §1.2.1. A California Class Member cannot receive more than one Class Payment regardless of the number of visits to Fashion Nova's Website. *Id.* Only one payment per household is allowed. *Id.*

While Class Counsel does not yet have the claims rate data available, Class Counsel has worked with the Settlement Administrator to develop a robust notice program that will ensure the highest claims rate possible. Coelho Decl. ¶¶8–9. There are very few comparable class action settlements where certified classes under the ADA and the Unruh Act obtained classwide settlement relief in the form of statutory damages and injunctive relief. Class Counsel is only aware of the *National Federation of the Blind v. Target* case, which obtained similar settlement relief; however, information on the class size and claims rate is unavailable. *Id.*

If the entirety of the Funding Pool is not expended because some California Class Members do not elect to receive payments, or do not timely cash their Class Payments, 50% of any of the Net Settlement Remainder will be distributed to the American Foundation for the Blind [6] and Fashion Nova will utilize the remainder to fund the injunctive relief portion of the

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

---

[6] The Parties selected the American Foundation for the Blind as the *cy pres* recipient due to its commitment to advocate for visually impaired individuals, providing essential services to the community, and offering invaluable resources to the community.

PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

proposed settlement. *Id.* SA §1.3. Fashion Nova has represented it is committed to paying 100% of every valid timely claim made to the extent the payments do not exceed the Net Settlement Amount, and if approximately 650 or more California Class Members make valid, timely claims, the entirety of the Net Settlement Amount will be paid to California Class Members. *Id.* §1.2. For this reason, the Settlement term raises no "specter of collusion." *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*, 895 F.3d 597, 612 (9th Cir. 2018).

As in *Volkswagen*, Fashion Nova is committed to providing the $5.150,000 Funding Pool, and the benefits available are quite substantial, worth thousands of dollars (up to $4,000 per California Class Member); thus, "given the amounts at stake, there is little chance class members will forego the benefits because of the effort of lodging a claim." *Id.* Class Counsel anticipates that the outcome here will mirror that of *Volkswagen*, and that the Funding Pool "[will] not, in design or in effect, allow [Fashion Nova] to recoup a large fraction of the funding pool." *Volkswagen*, 895 F.3d at 612. Even if Fashion Nova were to recoup a fraction of the Funding Pool, those funds would be used to implement the injunctive relief portion of the settlement. SA §1.3

### D.    Class Notice and CAFA Notice

The Classes previously received notice regarding certification. ECF No. 120. The Settlement Administrator will provide settlement notice by: (1) a digital media campaign and (2) outreach to entities and organizations that provide services to visually impaired persons. SA §6.2. The Settlement Administrator will also provide CAFA notice under 28 U.S.C. §1715. *Id.* SA, Ex. 4.

The notice program complies with Rule 23(e)(5) in that it discusses the rights Class Members have concerning the settlement. SA §6.2 The proposed notice includes information on Class Members' rights to object to the settlement, or any aspect thereof, and the manner for filing an objection. *Id.* The notices include all required information as set forth in Guidance 3(a) through (e): Class Counsel's contact information, the Settlement Website information; instructions on how to access the case docket via PACER; and pertinent information regarding the Final Approval Hearing (once set by the Court). SA §6.2, Exs. 1–2.

PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

Further, the notices include information on California Class Members' rights to request exclusion and the manner for submitting such requests. SA §6.2, Exs. 1–2. The notices require only the information needed to opt out and will clearly advise of the deadlines. *Id.*

### E.    Release of Claims

The release applies to claims arising from the facts and allegations in this action. SA §8.1. The release appropriately tracks the claims in the complaint. *See, e.g., K.H. v. Secretary of Dep't of Homeland Sec.*, No. 15-cv-02740-JST, 2018 WL 6606248, at *4 (N.D. Cal. Dec. 17, 2018) ("Because the release is appropriately limited to claims related to those litigated in this lawsuit, the Court finds it is sufficiently narrow to support approval."). Class Counsel is unaware of any other known cases that the release will impact. Coelho Decl. ¶9.

### F.    Attorneys' Fees and Expenses, and Service Award

Plaintiff will seek attorneys' fees of up to 25% of the Funding Pool ($1,287,500), up to $1,235,259.03 in reimbursement of expenses, including expert fees, and a $1,000 service award for Plaintiff as Class Representative. SA §§7.1–7.2.

Class Counsel's total lodestar exceeds its estimated request of up to 25% of the Funding Pool. Thus, if Class Counsel were to submit their fee application now, Class Counsel's request will result in the application of a negative multiplier in seeking an award of 25% of Funding Pool. *Id.* at ¶10. Class Counsel's fee request reflects the successful result achieved for the Classes; the tremendous risks faced on summary judgment, at trial, and appeal and is in line with other recent fee awards approved in the Ninth Circuit. *Id.*

Class Counsel intends to apply for a service award of up to $1,000 for Plaintiff for his services as the Class Representative. SA §7.2; *see Staton v. Boeing Co.*, 327 F.3d 938, 976 (9th Cir. 2003) (service awards approved where adequately tailored to representational time and account for proportion of payment relative to settlement amount); *Bernstein v. Virgin Am., Inc.*, No. 15-cv-02277-JST, 2023 WL 7284158, at *3 (N.D. Cal. Nov. 3, 2023) (Tigar, J.) (service award of $5,000 or under in this district "is presumptively reasonable"). Plaintiff devoted substantial time to this case, including assisting counsel in preparing the Complaint, communicating with Class Counsel about case developments, participating in discovery,

certifying the Classes, opposing summary judgment and attending settlement conferences and reviewing and evaluating the proposed settlement. Declaration of Juan Alcazar ("Alcazar Decl.") ¶¶2–17.

### G. The Settlement Administrator

Based on information provided by the parties to date, the Settlement Administrator has agreed to perform all settlement notice and administration duties required by the Agreement at a cost not expected to exceed $158,000. SA §B, Ex. 4.

Class Counsel retained CPT Group, Inc. ("CPT") as the Settlement Administrator after sending requests for proposal to three leading class action administrators and receiving proposals from each of them. After reviewing all the proposals, Class Counsel selected CPT based on its qualifications and competitive bid. Coelho Decl. ¶12. CPT has extensive experience in settlement administration, including established procedures for securely handling class member data. *Id.*

Class Counsel has previously retained CPT as settlement administrator in both state and federal court over the past few years due to extensive familiarity in complex litigation, knowledge of notice distribution, and effective settlement administration processes helpful to class members. *Id.* ¶13.

## IV. ARGUMENT

### A. The Proposed Settlement Warrants Preliminary Approval

Federal Rule of Civil Procedure 23(e) requires judicial approval for a settlement of claims brought as a class action. Pursuant to Rule 23(e)(1), the issue at preliminary approval turns on whether the Court "(i) will likely be able to: approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal."

Rule 23(e)(2) provides:

(2) Approval of the Proposal. If the proposal would bind class members, the court may approve it only if after a hearing and only on finding that it is fair, reasonable, and adequate after considering whether:

(A) the class representatives and class counsel have adequately represented the class;

(B) the proposal was negotiated at arm's length;

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

(C) the relief provided for the class is adequate, taking into account:

(i) the costs, risks, and delay of trial and appeal;

(ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

(iii) the terms of any proposed award of attorney's fees, including timing of payment; and

(iv) any agreement required to be identified under Rule 23(e)(3); and

(D) the proposal treats class members equitably relative to each other.

Rule 23(e)'s factors supplement, rather than displace, the *Hanlon* factors. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998); *see* Fed. R. Civ. P. 23(e)(2) advisory committee's note to 2018 amendment. The Ninth Circuit has long considered the following factors when evaluating a class settlement, some of which overlap with Rule 23(e)(2): "the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement." *Hanlon*, 150 F.3d at 1026.

"[T]here is a strong judicial policy that favors settlements, particularly where complex class action litigation is concerned.'" *In re Chrysler-Dodge-Jeep EcoDiesel Mktg., Sales Practices, & Prods. Liab. Litig.*, No. 17-md-02777-EMC, 2019 WL 536661, at *5 (N.D. Cal. Feb. 11, 2019) (quoting *Allen v. Bedolla*, 787 F.3d 1218, 1223 (9th Cir. 2015)). Moreover, the heightened scrutiny that applies to settlements entered prior to formal class certification "does not apply to this case because the Court previously certified a class." *Broomfield v. Craft Brew All., Inc.*, No. 17-cv-01027-BLF, 2020 WL 1972505, at *6 (N.D. Cal. Feb. 5, 2020).

As discussed below, the settlement satisfies each of the factors identified under Rule 23(e)(2), as well as the applicable Ninth Circuit factors, such that notice of the proposed settlement should be sent to the Classes in advance of the Final Approval Hearing.

PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL

**B.    The Settlement is Fair, Reasonable, and Adequate**

**1.    Class Counsel and Plaintiff Adequately Represented the Classes**

Rule 23(e)(2)'s first two factors "look[] to the conduct of the litigation and of the negotiations leading up to the proposed settlement." Rule 23(e)(2) advisory committee's notes to 2018 amendment. The settlement embodies all the hallmarks of a fair resolution under Rule 23(e)(2).

Rule 23(e)(2)(A) asks whether the plaintiff and plaintiff's counsel have adequately represented the class. This factor overlaps with the Ninth Circuit's factor regarding "the extent of discovery completed and the stage of the proceedings." *Hanlon*, 150 F.3d at 1026. As explained above, Class Counsel and Plaintiff satisfy this factor: they diligently prosecuted this action for four years. Among other things, they investigated and drafted the Complaint; opposed Fashion Nova's several motions, including summary judgment; successfully certified the Classes; conducted expert discovery; and engaged in several settlement discussions with Fashion Nova, including a lengthy mediation with Judge Hogue. Coelho Decl. ¶¶3–7; Alcazar Decl. ¶¶4–17. Given Class Counsel's and Plaintiff's demonstrated prosecution of this Action, they have adequately represented the Classes.

**2.    The Settlement is the Product of Arm's Length Negotiations Among Experienced Counsel Who Were Aware of the Action's Risks.**

Rule 23(e)(2)(B) asks whether "the [settlement] proposal was negotiated at arm's length." As noted above, the proposed settlement follows extensive litigation over the course of four years and arm's-length negotiations. Coelho Decl. ¶¶3–7; Alcazar Decl. ¶¶4–17. The settlement was achieved only after an all-day mediation with Judge Hogue. Coelho Decl ¶7. Class Counsel and Fashion Nova's Counsel prepared submissions concerning, among other things, their respective views on the merits of the action, including Fashion Nova's defenses and issues relating to damages. *Id*. The protracted negotiations under the supervision of a neutral and experienced mediator establish that the settlement was reached at arm's length. *See* Fed. R. Civ. P. 23(e)(2) advisory committee's note to 2018 amendment (stating that "involvement of a neutral" in negotiations "may bear on whether they were conducted in a manner that would protect and

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

further the class interests."); *Federal Ins. Co. v. Caldera Med., Inc.*, No. 2:15-cv-00393-SVW-PJW, 2016 WL 5921245, at *5 (C.D. Cal. 2016). The negotiations were always adversarial and at arm's length, and produced a result that is in the Classes' best interests.

Before the Parties reached the agreement, Plaintiff (1) developed a classwide damages model through Dr. Krosnick's survey, and (2) investigated the alleged WCAG violations on Fashion Nova's website. ECF Nos. 56, 65–66; *Cuellar v. First Transit Inc.*, No. 8:20-cv-01075-JWH-JDE, 2024 WL 83231, at *4 (C.D. Cal. Jan. 8, 2024) (expert analysis supported Rule 23(e)(2)(A) conclusion regarding adequacy of representation). Class Counsel's discovery and expert work enabled Class Counsel to "enter[] the settlement discussions with a substantial understanding of the factual and legal issues from which they could advocate for their respective positions and which are necessary for a robust negotiation." *Kulesa v. PC Cleaner, Inc.*, No. CV 12-0725 FMO (ANx), 2014 WL 12581769, at *10 (C.D. Cal. 2014).

### 3.  The Settlement Provides Substantial Benefits to the Classes

#### a.  The Substantial Benefits for the Classes, Weighed Against the Costs, Risks, and Delay of Further Litigation Support Preliminary Approval

Rule 23(e)(2)(C)(i) and the Ninth Circuit's factors concerning the "strength of plaintiffs' case, the "risk, expense, complexity, and likely duration of further litigation," and "the amount offered in settlement," are also satisfied because the injunctive relief and $5,150,000 recovery provide a significant and immediate benefit to the Classes, especially in light of the costs, risks, and delay posed by continued litigation. *Hanlon*, 150 F.3d at 1026.

At the time of settlement, Fashion Nova's motions for summary judgment, decertification, and motions *in limine* to exclude or limit Plaintiff's experts' testimony under *Daubert* were pending. ECF Nos. 143, 145, 147, 150, 151. While Plaintiff believed Fashion Nova's summary judgment motion did not present a significant threat given its burden of establishing no genuine issue of material fact existed in light of the numerous material factual disputes present (*i.e.*, whether a sufficient nexus existed between Fashion Nova's Website and its physical retail locations and whether Plaintiff was denied adequate accommodations), there

PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL

was still the possible risk that the Court could grant summary judgment. ECF Nos. 143, 160, 177; *In re Yahoo Mail Litig.*, Nos. 13-CV-4980-LHK, 13-CV-4989-LHK, 13-CV-5326-LHK, 13-CV-5388-LHK, 2016 WL 4474612, at *6 (N.D. Cal. Aug. 25, 2016) ("although the Court did not rule on the parties' cross-motions for summary judgment because the parties settled six days prior to the summary judgment hearing, the Court's initial analysis suggested some vulnerability in Plaintiffs' case"); *Mendez v. C-Two Grp., Inc.*, No. 13-cv-05914-HSGM, 2017 WL 2861118, at *4 (N.D. Cal. July 5, 2017) (holding that the "possibility that Defendants would prevail on their motion for summary judgment if the proceedings were to continue" weighed in favor of settlement).

The decertification risk also loomed. ECF Nos. 148, 161, 178. The Court could have agreed with Fashion Nova that following certification, Fashion Nova raised issues that called for decertification of the California Class. More specifically, there was the risk that the Court may have agreed with Fashion Nova's arguments concerning Plaintiff's proffered damages model, as laid out in detail in Dr. Krosnick's expert report, which was previously unavailable to the Court during certification. *Id.*; *Schneider v. Chipotle Mexican Grill, Inc.*, 336 F.R.D. 588, 597 (N.D. Cal. 2020) (questioning plaintiff's damages model and concluding the risk of decertification supported settlement because "there was no guarantee that the Court would have upheld its prior decision certifying this action as a class action"); *Yahoo*, 2016 WL 4474612, at *6 (risk of decertification leaned in favor of settlement); *Mendez*, 2017 WL 2861118, at *4 (defendants' representation that "even if the Court denied their motion for summary judgment, they would have pursued decertification of the class based upon individual issues" supported settlement).

Similarly, if the Court granted any of Fashion Nova's motions to limit or exclude Plaintiff's experts' testimony could have severely impacted Plaintiff's ability to prove his case at trial. ECF Nos. 145, 147, 150, 151, 153, 162–165, 175-176, 179–180; *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 966 (9th Cir. 2009) (recognizing that the number of serious hurdles remaining, including *Daubert* motions, favored settlement); *Stewart v. Apple Inc.*, No. 19-cv-

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

04700-LB, 2022 WL 3109565, at *4 (N.D. Cal. Aug. 4, 2022) (*Daubert* risk supported settlement).

While Plaintiff remains confident in his ability to ultimately prove the alleged claims, further litigation—including a trial—is always a risky proposition. Plaintiff faced the risk at trial that Fashion Nova would persuade the trier of fact that there was an inadequate nexus between Fashion Nova's Website and its physical retail locations given the limited number of Fashion Nova retail stores in California, or that Plaintiff and the Classes were not denied sufficient accommodations related to those retail locations.; *Murphy v. Le Sportsac, Inc.*, No. 1:22-CV-00058-RAL, 2023 WL 375903, at *11 (W.D. Pa. Jan. 24, 2023) ("the current state of the law regarding the application of Title III of the ADA presented significant risk to the Plaintiff class in this case. The complexity of this issue weighs heavily in favor of settlement."); *Murphy v. Eyebobs, LLC*, 638 F.Supp.3d 463, 484 (W.D. Pa. 2021) (same). While Plaintiff would be required to prove all elements of his claims to prevail, Fashion Nova need only succeed on one defense to potentially defeat the entire Action.

Unsurprisingly, the Parties also had vastly different views on damages. Fashion Nova argued that (1) Plaintiff's damages model was inadequate and (2) that the California Class's statutory damages would be determined by the Court, not by experts. ECF Nos. 148 & 178. If any of these arguments were accepted, the Court could have limited recoverable statutory damages. *Chipotle*, 336 F.R.D. at 597 (risk of proving damages at trial supported settlement "as the Court made clear when it granted class certification, Plaintiff's damages calculations were subject to challenge" including on cross-examination).

Moreover, to recover for the Classes, Plaintiff would need to prevail at summary judgment, pretrial motions, and trial. Even if Plaintiff had recovered an excellent verdict at trial, the very real risk remained that Fashion Nova could have appealed the judgment—a process that could extend for years. *See Walker v. Life Ins. Co. of the Sw.*, No. CV 10-9198 JVS (JDEx), 2021 WL 1220692, at *8 (C.D. Cal. 2021) (noting that the willingness to appeal weighed in favor of settlement approval, "because in its absence there will be inevitable costs, high risks and delay.").

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

The injunctive relief and $5,150,000 settlement balance the risks, costs, and delay inherent in complex cases evenly with respect to all parties. Plaintiff negotiated a settlement that retrieves approximately 27.8% of the reasonably recoverable damages. Coelho Decl. ¶14. Class Counsel predicted that recovery for the California Class claims would be between $0 (worst case) to $18,500,000 (possible realistic case). *Id*. Class Counsel reached the $18,500,000 figure by assuming that the Court *may have* accepted Fashion Nova's argument regarding an alternative formula in light of due process concerns arising from the potentially high damages resulting from the "per day" damages model. *Id*. This means that the $5,150,000 settlement figure represents approximately 27.8% of the realistic *maximum* recovery for the California Class, which exceeds the typical range of recovery for class action settlements. *Id.*; *In re Lithium Ion Batteries Antitrust Litig.*, No. 4:13-md-02420-YGR (DMR), 2017 WL 1086331, at *4 (N.D. Cal. 2017) (overruling objections to settlement amount representing between 2.2% and 11.2% of total possible damages); *Thomas v. Cognizant Tech. Sols. U.S. Corp.*, No. SACV 11-1123-JST (Anx), 2013 WL 12371622, at *6 (C.D. Cal. June 24, 2013) ("When compared to the strength (and weakness) of Plaintiff's case, and the risks of continued litigation, the Court concludes that the settlement amount is fair and reasonable. The amount class members will receive is between 4.4 and 5% of the maximum liability figure"); *cf. In re BofI Holding, Inc. Sec. Litig.*, Nos. 3:15-CV-02324-GPC-KSC, 3:15-CV-02486-GPC-KSC, 2022 WL 9497235, at *5 (S.D. Cal. Oct. 14, 2022) (median recovery in securities class actions was 4.9% where estimated damages were from $75 to $149 million and 4% where estimated damages were from $150 to $249 million); *Schaffer v. Litton Loan Servicing, LP*, No. CV 05–07673 MMM (JCx), 2012 WL 10274679, at *11 (C.D. Cal. 2012) ("[e]stimates of what constitutes a fair settlement figure are tempered by factors such as the risk of losing at trial, the expense of litigating the case, and the expected delay in recovery (often measured in years)."). Additionally, if the Court were to require any form of individualized prove-up following a favorable liability verdict, the total recovery could be greatly reduced.

The injunctive relief portion of the settlement also provides value to the Classes. Coelho Decl. ¶15. Fashion Nova will execute remedial measures, to the extent not already done so, to ensure that Fashion Nova's Website is in substantial compliance with WCAG 2.1. SA §2. This

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

includes implementing a Website Accessibility Policy and working with individuals or entities to aid with website accessibility issues. *Id.* Class Counsel will have the right to conduct compliance audits to ensure that Fashion Nova's website is in substantial compliance with WCAG 2.1. *Id.* §2.2.2. This type of injunctive relief has been deemed fair in light of the substantial risks of litigating website accessibility issues under the ADA. *Murphy*, 2023 WL 375903, at *10-*12 (concluding injunctive relief settlement fair in light of the uncertainty stemming from whether a website is a public accommodation based on nexus requirement and recognizing that individual awards of money damages are not available in an action pursuant to Title III of the ADA, and "[t]hus, the complexity of this case and uncertainty on both sides with respect to liability and damages weigh in favor of granting final approval of the settlement."); *Eyebobs*, 638 F. Supp. 3d at 483-86 (similar). It is estimated that the injunctive relief under the settlement will cost approximately $60,000 to implement initially, with ongoing maintenance fees of up to $42,000 per year. Coelho Decl. ¶15. These estimates account for a full WCAG compliance audit and website overhaul, and outsourced monthly maintenance inclusive of monitoring and updates. *Id*.

Thus, the benefits created by the settlement weigh heavily in favor of granting the motion for preliminary approval. Considering the risks of continued litigation and the time and expense that would be incurred to prosecute the action through a trial, the injunctive relief and $5,150,000 million settlement is a strong recovery that is in the Classes' best interests.

### b. The Proposed Notice and Claims Process is Effective and Supports Approval

As discussed above, the methods of proposed notice and claims administration process are effective.

Here, the Parties' proposed notice program includes both a digital and direct mail notice to ensure the widest reach practicable. SA §6, Exs. 1–2. The proposed methods of providing notice satisfy the requirements of Rule 23 and due process. *See Nat'l Fed. of the Blind v. Target*, No. 3:06-cv-01802-MHP, Order Granting Preliminary Approval of Class Settlement; Conditionally Certifying Settlement Classes; Directing Issuance of Settlement Notice; and Scheduling Hearing

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

on Final Approval (ECF No. 182, Sept. 25, 2008) (approving class notice program with notice distributed to organizations of persons with disabilities, including advocates for the blind).

The proposed notice provides detailed information in plain English. It includes all the information required by the Federal Rules of Civil Procedure and due process. The proposed Long Form Notice describes the proposed settlement and sets forth, among other things: (1) the nature, history, and status of the Action; (2) the definition of the Classes and who is excluded; (3) the reasons the parties have proposed the settlement; (4) the amount of the Funding Pool; (5) the estimated average distribution per California Class Member; (6) the Classes' claims and issues; (7) the parties' disagreement over damages and liability; (8) the maximum amount of attorneys' fees and expenses that Class Counsel intends to seek in connection with final settlement approval; (9) the maximum amount the Plaintiff will request in connection with his representation of the Classes; (10) the plan for allocating the settlement proceeds to the California Class; and (11) the date, time, and place of the Final Approval Hearing. The content of the proposed Long Form Notice and Short Form Notice are "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950).

In addition, Rule 23(h)(1) requires that "[n]otice of the motion [for attorneys' fees] must be served on all parties and, for motions by class counsel, directed to class members in a reasonable manner." The proposed notice satisfies the requirements of Rule 23(h)(1), as it notifies Class Members that Class Counsel will apply to the Court for an award of attorneys' fees in an amount not to exceed 25% of the Funding Pool plus litigation expenses not to exceed $1,235,259.03, to be paid from the Funding Pool. The notices also indicate that the application for a service award will seek no more than $1,000 in connection with Plaintiff's representation of the Classes. SA §6, Exs. 1–2.

### c. Class Counsel's Attorneys' Fees

Rule 23(e)(2)(C)(iii) addresses "the terms of any proposed award of attorney's fees, including timing of payment." As discussed above, Class Counsel intends to seek an award of attorneys' fees of no more than 25% of the Funding Pool (which, given Class Counsel's lodestar

PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL

to date exceeds this requested amount,[7] would result in the application of a negative multiplier) and expenses in an amount not to exceed $1,235,259.03. This fee request reflects the successful result achieved for the Classes, as well as the risks faced at trial and on appeal. Thus, it is in line with other comparable fee awards approved in the Ninth Circuit. *Nat'l Fed'n of the Blind v. Target Corp.*, No. C 06-01802 MHP, 2009 WL 2390261, at *10 (N.D. Cal. Aug. 3, 2009) (awarding in ADA and Unruh settlement, using lodestar method, $3,419,511.96 in attorneys' fees, with a 1.65 multiplier); *Custom LED, LLC v. eBay, Inc.,* No. 12-cv-00350-JST, 2014 WL 2916871, at *9 (N.D. Cal. June 24, 2014) (Tigar, J.) (approving class counsel's request for 25% of common fund, or $1,187,500 in attorney's fees, with 1.94 multiplier).

### 4.     No Other Agreements Exist

Rule 23(e)(2)(C)(iv) and (e)(3) requires disclosure of any other agreements. The parties do not have any other agreements other than the settlement agreement. Coelho Decl ¶7 n.2.

### 5.     The Proposed Distribution Plan Treats Class Members Equally

Rule 23(e)(2)(D) asks whether the proposal, here the California Class distribution plan, treats class members equitably relative to each other. "Approval of a plan of allocation of settlement proceeds in a class action . . . is governed by the same standards of review applicable to approval of the settlement as a whole: the plan must be fair, reasonable and adequate*.*" *In re: Cathode Ray Tube (CRT) Antitrust Litig.*, MDL No. 1917, No. C-07-5944 JST, 2016 WL 6778406, at *3 (N.D. Cal. 2016) (quoting *In re Oracle Sec. Litig.*, No. C-90-0931-VRW, 1994 WL 502054, at *1–2 (N.D. Cal. 1994)).

The distribution plan, which was negotiated between the Parties with the assistance of Judge Hogue (Coelho Decl. ¶7), readily meets this standard: it treats all California Class Members fairly in relation to their claims. *See Khoja v. Orexigen Therapeutics, Inc.*, 2021 WL 5632673, at *7 (S.D. Cal. 2021) ("A plan of allocation that reimburses class members based on the extent of their injuries is generally reasonable."); *Hefler v. Wells Fargo & Co.*, No. 15-cv-00540-JLS-AGS,

---

[7] If preliminary approval is granted, Class Counsel will present their total lodestar in connection with their fee application at the final approval stage, after further detailed review and adjustment of its contemporaneous daily time entries to account for billing judgment.

PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

2018 WL 6619983, at *12 (N.D. Cal. 2018). For purposes of recovery amounts, the distribution plan establishes a uniform, objective method for distributing awards. SA §§1–2; *see In re Nexus 6P Prod. Liab. Litig.*, No. 17-cv-02185-BLF, 2019 WL 6622842, at *9 (N.D. Cal. 2019) ("Here, the Plan of Allocation was proposed by experienced counsel and has a reasonable and rational basis. The plan divides claimants into different groups . . . and distributes funds based on these groups."). The distribution plan will deter fraudulent claims and reasonably accounts for the differing claims based on differing Classes. Thus, because the plan ensures the Class Members will be treated equitably relative to each other, it should be approved as fair, reasonable, and adequate.

### 6. Opportunity for Exclusion

In accordance with Rule 23(e)(4), under the settlement notice program, California Class Members are provided with another opportunity to exclude themselves from the proposed settlement's Class Payment distribution. SA §5.

### 7. The Remaining *Hanlon* Factors Are Satisfied

#### a. The Risk of Maintaining Class Action Status Through Trial

While the Court did certify the Classes, as noted above, Fashion Nova's decertification motion was pending when the settlement was reached. ECF Nos. 148, 161, 178; *see Mazzei v. Money Store*, 829 F.3d 260, 265-67 (2d Cir. 2016) (court can decertify class even after a jury verdict in favor of a certified class at trial); *In re Lenovo Adware Litig.*, No. 15-md-02624-HSG, 2018 WL 6099948, at *8 (N.D. Cal. 2018) (risk of decertification favored preliminary approval). Accordingly, this factor supports preliminary approval.

#### b. Views and Experience of Counsel

The opinion of experienced counsel supporting a class settlement after arm's-length negotiations is entitled to considerable weight. *Norris v. Mazzola*, No. 15-cv-04962-JSC, 2017 WL 6493091, at *8 (N.D. Cal. Dec. 19, 2017); *see also Hefler*, 2018 WL 6619983, at *9 ("That counsel advocate in favor of this Settlement weighs in favor of its approval."); *Ellis v. Naval Air Rework Facility*, 87 F.R.D. 15, 18 (N.D. Cal. 1980) ("[T]he fact that experienced counsel involved in the case approved the settlement after hard-fought negotiations is entitled to considerable

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

weight."). Indeed, in a case like this one that has been diligently litigated, "'[g]reat weight is accorded to the recommendation of counsel, who are most closely acquainted with the facts of the underlying litigation.'" *Gribble v. Cool Transports Inc.*, No. CV 06-04863 GAF (SHx), 2008 WL 5281665, at *9 (C.D. Cal. Dec. 15, 2008); *see also Rodriguez*, 563 F.3d at 967 ("'[P]arties represented by competent counsel are better positioned than courts to produce a settlement that fairly reflects each party's expected outcome in litigation.'"). Class Counsel has significant experience in complex class action litigation and has negotiated numerous other substantial class action settlements throughout the country. Coelho Decl. ¶17.

## V.   MAINTAINING CERTIFICATION OF THE CLASSES FOR SETTLEMENT PURPOSES IS PROPER

Where, as here, the Court has already certified a class, "the only information ordinarily necessary is whether the proposed settlement calls for any change in the class certified, or of the claims, defenses, or issues regarding which certification was granted." *Foster v. Adams & Assocs., Inc.*, 2021 WL 4924849, at *3 (N.D. Cal. 2021) (citing FED. R. CIV. P. 23 advisory committee's note to 2018 amendment); *Youth Just. Coalitions v. City of Los Angeles*, No. 2:16-cv-07932-VAP-RAOx, 2020 WL 9312377, at *2 (C.D. Cal. 2020) (same). Here, there is no difference between the certified classes and the proposed settlement Classes. SA §H. As there are no other facts that would change the Court's reasoning under Rule 23, it likely will certify the settlement Classes for the same reasons. *See Dickey v. Advanced Micro Devices, Inc.*, No. 15-cv-04922-HSG, 2019 WL 4918366, at *3 (N.D. Cal. 2019) (incorporating "prior analysis . . . as set forth in the order certifying the class").

## VI.   THE NOTICE PROGRAM SATISFIES RULE 23 AND DUE PROCESS

Rule 23(e)(1)(B)(i) requires that the Court "direct notice in a reasonable manner to all class members who would be bound by the proposal if giving notice is justified by the parties' showing that the court will likely be able to (i) approve the proposal under Rule 23(e)(2)."

Here, Class Counsel has shown that the proposed settlement can be approved under Rule 23(e)(2). Accordingly, in granting preliminary approval of the settlement, the Court should also approve the proposed form and method of giving settlement notice to the Classes.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

| Event | Deadline for Compliance |
| --- | --- |
| Class Action Fairness Notice | Within 10 days after filing of motion for preliminary approval |
| Deadline to commence mailing notice to organizations for the visually impaired and implementation of digital notice program | Within 7 days after issuance of order granting preliminary approval |
| Deadline to commence posting notice of the proposed settlement on the Settlement Website | Within 7 days after issuance of order granting preliminary approval |
| Deadline for filing papers in support of the settlement and application for attorneys' fees and expenses | 60 days after issuance of notice |
| Deadline for requests for exclusion or objections | 90 days after issuance of notice |
| Deadline for reply paper submission in support of the settlement and application for attorneys' fees and expenses | 120 days after issuance of notice |
| Deadline for California Class Members to file a claim | 90 days after issuance of notice |
| Date for the Final Approval Hearing | 180 days after issuance of the order granting preliminary approval |

## VII.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court (1) grant preliminary approval of the proposed settlement, (2) direct notice to the Classes, and (3) set a schedule for settlement proceedings, including the Final Approval Hearing.

PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL

Dated: May 16, 2024

Respectfully submitted,

/s/ Thiago M. Coelho

Thiago M. Coelho
**WILSHIRE LAW FIRM, PLC**
*Class Counsel for Plaintiff Juan Alcazar*
*and the Nationwide and California Classes*