1
2
3
4
5
6
7
8
9
10
11          **UNITED STATES DISTRICT COURT**
12          **NORTHERN DISTRICT OF CALIFORNIA**
13
14  JUAN ALCAZAR, individually and on behalf of all others similarly situated,    Case No.: 4:20-cv-01434-JST
15                  Plaintiff,    **[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF PROPOSED AMENDED SETTLEMENT ** AS MODIFIED****
16          vs.
17  FASHION NOVA, INC., a California corporation; and DOES 1 to 10, inclusive,
18
19                  Defendants.
20
21
22
23
24
25
26
27
28

**[PROPOSED] ORDER**

Upon considering Plaintiff and Class Representative Juan Alcazar's ("Plaintiff") Motion for Preliminary Approval of Proposed Amended Settlement, supporting documents, and with good cause appearing,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Preliminary Approval of Proposed Amended Settlement is **GRANTED** as follows:

1. Unless otherwise specified, capitalized terms in this Order have the same definition as used in the Amended Agreement.

2. The Court finds on a preliminary basis that the settlement was entered into in good faith, that it is fair, reasonable and adequate, and that it satisfies the standards and applicable requirements for preliminary approval of this class action settlement under Federal Rule of Civil Procedure 23.

3. The settlement falls within the range of reasonableness of a settlement which could ultimately be given final approval by this Court, and appears to be presumptively valid, subject only to any objections that may be raised at the Final Approval Hearing and final approval by this Court. The Court notes that, per the Amended Agreement, Defendant Fashion Nova, Inc. ("Fashion Nova") has agreed to provide $5,150,000 as the Settlement Amount. The Settlement Amount constitutes non-reversionary funds used to resolve the claims asserted against Fashion Nova in this matter on a class-wide basis and includes Class Counsel's Attorneys' Fees and Costs, notice and all costs of the Settlement Administrator, and any service award of up to $1,000 to Plaintiff.

4. The Court preliminarily finds that the terms of the settlement appear to be within the range of approval under Rule 23 and applicable law. The Court finds on a preliminary basis that: (1) the settlement amount is fair and reasonable to the Class Members when balanced against the probable outcome of further litigation relating to class certification, liability and damages issues, and potential appeals; (2) significant formal and informal discovery, investigation, research, and litigation has been conducted such that counsel for the

1

[PROPOSED] ORDER GRANTING PLAINTIFF'S
MOTION FOR PRELIMINARY APPROVAL OF PROPOSED AMENDED SETTLEMENT

Parties at this time are able to reasonably evaluate their respective positions; (3) settlement at this time will avoid substantial costs, delay, and risks that would be presented by further prosecution of the litigation; and (4) the settlement has been reached as the result of intensive, serious, and non-collusive negotiations between the Parties with the assistance of a mediator. Accordingly, the Court preliminarily finds that the Amended Agreement was entered into in good faith.

**IT IS THEREFORE ORDERED THAT:**

1. **Class Certification.** The Court finds, for settlement purposes, that maintenance of this matter as a class action is appropriate. The Classes are the same which this Court found adequate to certify on September 6, 2022. ECF No. 70.

2. **Settlement Administrator.** The Court appoints CPT Group, Inc. as the Settlement Administrator.

3. **Notice and Notice Distribution Plan.** The Court approves, as to form and content: (1) the Short Form Notice, attached as Exhibit 1 to the Amended Agreement; and (2) the Long Form Notice, attached as Exhibit 2 to the Amended Agreement. The Court finds on a preliminary basis that plan for distribution of notice to Class Members satisfies due process, provides the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

4. **Exclusion Requests and Objections.** Nationwide Class Members and any California Class Member who does not timely and validly request exclusion from the settlement's Class Payment distribution may object to the Amended Agreement.

5. **Final Approval Hearing.** A Final Approval Hearing on the question of whether the proposed settlement, attorneys' fees and costs to Class Counsel, and Plaintiff's service award should be finally approved as fair, reasonable and adequate as to the Class Members is hereby set in accordance with the schedule set forth below.

| Event | Deadline |
|---|---|
| Class Action Fairness Notice | May 23, 2025 |

| | |
|---|---|
| Deadline to commence mailing notice to organizations for the visually impaired and implementation of digital notice program | May 21, 2025 |
| Deadline to commence posting notice of the proposed settlement on the Settlement Website | May 21, 2025 |
| Motion for attorney's fees, costs, and incentive awards due | July 22, 2025 |
| Deadline to object to settlement, attorney's fees request, or incentive awards | September 19, 2025 |
| Deadline for California Class Members to file a claim | September 19, 2025 |
| Motion for final approval (including responses to objections) due | October 23, 2025 |
| Final Approval Hearing | January 8, 2026 |

6. The Court **ORDERS** the parties to carry out the Amended Agreement according to the terms of the Amended Agreement.

7. The Court further **ORDERS** that, pending further order of this Court, all proceedings in this lawsuit, except those contemplated herein and in the Amended Agreement, are stayed.

8. The Court further **ORDERS** that the motion for final approval shall address the final approval guidelines in the Northern District of California's Procedural Guidance for Class Action Settlements, available at https://cand.uscourts.gov/forms/procedural-guidance-for-class-action-settlements/, in the order the guidelines are presented on the website.

As reflected in the Guidance, the Court will require a post-distribution accounting within 21 days after the distribution of settlement funds. The Court will typically withhold between 10% and 25% of the attorney's fees granted at final approval until after the post-

/ / /

/ / /

/ / /

/ / /

3
[PROPOSED] ORDER GRANTING PLAINTIFF'S
MOTION FOR PRELIMINARY APPROVAL OF PROPOSED AMENDED SETTLEMENT

distribution accounting has been filed. The final approval motion should specify what percentage class counsel believes it is appropriate to withhold and why.

**IT IS SO ORDERED**.

Dated: May 14, 2025

_____
HON. JON S. TIGAR
U.S. DISTRICT JUDGE