Thiago M. Coelho, SBN 324715
*thiago.coelho@wilshirelawfirm.com*
Jennifer M. Leinbach, SBN 281404
*jennifer.leinbach@wilshirelawfirm.com*
Jesenia A. Martinez, SBN 316969
*jesenia.martinez@wilshirelawfirm.com*
Jesse S. Chen, SBN 336294
*jesse.chen@wilshirelawfirm.com*
**WILSHIRE LAW FIRM, PLC**
660 S. Figueroa Street, Sky Lobby
Los Angeles, CA 90017
Telephone: (213) 381-9988
Facsimile: (213) 381-9989

*Attorneys for Plaintiff*
*and the Nationwide and California Classes*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN ALCAZAR, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>  vs.<br><br>FASHION NOVA, INC., a California corporation; and DOES 1 to 10, inclusive,<br><br>        Defendants. | Case No.: 4:20-cv-01434-JST<br><br>CLASS ACTION<br><br>**NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>*[Filed concurrently with Declarations of Juan Alcazar, Thiago M. Coelho, and Veronica Olivares; and [Proposed] Order]*<br><br>Hearing Date:    February 12, 2026<br>Hearing Time:    2:00 p.m.<br>Hon. Jon S. Tigar<br>Courtroom 6 – 2nd Floor<br><br>Complaint filed:  February 26, 2020<br>Trial Date:     None |

**WILSHIRE LAW FIRM, PLC**
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

<u>**NOTICE OF MOTION**</u>

**TO THE COURT, THE PARTIES, AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on February 12, 2026 beginning at 2:00 p.m., in Courtroom 6 of the United States District Court for the Northern District of California, 2nd Floor, 1301 Clay Street, Oakland, CA 94612, before the Honorable Jon S. Tigar, Plaintiff Juan Alcazar, by and through their undersigned counsel, will and hereby do move the Court, pursuant to Federal Rule of Civil Procedure 23(e), for entry of a judgment granting final approval of the proposed Settlement.

This motion, which is unopposed, will be based upon this Notice, the Memorandum of Points and Authorities filed herewith, the exhibits attached thereto, including the Declaration of Thiago M. Coelho, filed simultaneously herewith, and the record in this matter, along with any oral argument that may be presented to the Court and evidence submitted in connection therewith.

Dated:  December 12, 2025                    Respectfully submitted,

                                             /s/ Thiago M. Coelho
                                             Thiago M. Coelho
                                             **WILSHIRE LAW FIRM, PLC**
                                             *Attorneys for Plaintiff Juan Alcazar and the*
                                             *Nationwide and California Classes*

WILSHIRE LAW FIRM, PLC
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

# TABLE OF CONTENTS

TABLE OF CONTENTS.................................................................................................i

TABLE OF AUTHORITIES .........................................................................................iii

MEMORANDUM OF POINTS AND AUTHORITIES ................................................1

I.      INTRODUCTION ............................................................................................1

II.     STATEMENT OF ISSUE TO BE DECIDED.................................................1

III.    PROCEDURAL AND FACTUAL BACKGROUND.......................................2

    A.    The Parties, Claims, And Certified Classes ................................................2

    B.    Litigation History, Discovery, And Motion Practice...................................2

    C.    Settlement Negotiations ..............................................................................3

    D.    Preliminary Approval and Notice Program .................................................3

IV.     THE SETTLEMENT SHOULD BE FINALLY APPROVED .......................4

    A.    Settlement Satisfies Rule 23(e) and Ninth Circuit Law...............................4

    B.    The Proposed Settlement Satisfies the Requirements of Rule 23(e)(2)........6

       1.    Rule 23(e)(2)(A): Plaintiff and His Counsel Have Adequately Represented the Classes.......................................................................................................................6

       2.    Rule 23(e)(2)(B): The Settlement is the Product of Arm's Length Negotiations Among Experienced Counsel Who Were Aware of the Action's Risks ...........................6

       3.    Rule 23(e)(2)(C)(i): The Proposed Settlement Is Adequate Considering the Costs, Risk and Delay of Trial and Appeal ...................................................................7

       4.    Rule 23(e)(2)(C)(ii): The Proposed Method for Distributing Relief Was Effective ................................................................................................................11

       5.    Rule 23(e)(2)(c)(iii): Attorneys' Fees .................................................12

    C.    No Other Agreements Exist ......................................................................12

    D.    The Proposed Distribution Plan Treats Class Members Equally ...............12

    E.    New Opportunity for Exclusion ...............................................................14

    F.    The Remaining Ninth Circuit Factors Are Satisfied.................................14

       1.    The Risk of Maintaining Class Action Status Through Trial .............14

WILSHIRE LAW FIRM, PLC
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

i

2.    Counsel Views this Good-Faith Settlement as Fair, Reasonable, and Adequate. 14

3.    The Reaction of Class Members to the Settlement ................................................ 15

V.    NOTICE TO THE CLASS SATISFIES DUE PROCESS ................................................ 15

VI.   ATTORNEYS' FEES, COSTS, AND SERVICE AWARD ........................................... 18

VII.  CONCLUSION ................................................................................................. 19

**WILSHIRE LAW FIRM, PLC**
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

ii

# TABLE OF AUTHORITIES

**Cases**

*Churchill Village, L.L.C. v. General Electric*,

    361 F.3d 566 (9th Cir. 2004) ........................................................................... 5

*Cmty. Res. for Indep. Living v. Mobility Works of Cal., LLC*,

    533 F. Supp. 3d 881 (N.D. Cal. 2020) ............................................................. 6

*Cuellar v. First Transit Inc.*,

    No. 8:20-cv-01075-JWH-JDE, 2024 WL 83231 (C.D. Cal. Jan. 8, 2024) ............. 7

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*,

    509 U.S. 579(1993) ............................................................................. 3, 6, 7, 8

*Fleming v. Impax Laboratories Inc.*,

    No. 16-CV-06557-HSG, 2022 WL 2789496 ..................................................... 17

*Foster v. Adams & Assocs., Inc.*,

    No. 18-CV-02723-JSC, 2022 WL 425559 (N.D. Cal. Feb. 11, 2022) .................. 15

*Hanlon v. Chrysler Corp.*,

    150 F.3d 1011 (9th Cir. 1998) ............................................................... passim

*Hayes v. MagnaChip Semiconductor Corp.*,

    2016 WL 6902856 (N.D. Cal. Nov. 21, 2016) ................................................ 18

*In re BofI Holding, Inc. Sec. Litig.*,

    Nos. 3:15-CV-02324-GPC-KSC, 3:15-CV-02486-GPC-KSC, 2022 WL 9497235 (S.D. Cal. Oct. 14, 2022) ....................................................................................... 10

*In re Chrysler-Dodge-Jeep EcoDiesel Mktg., Sales Practices, & Prods. Liab. Litig.*,

    2019 WL 2554232 (N.D. Cal. May 3, 2019) ..................................................... 5

*In re Lenovo Adware Litig.*,

    No. 15-md-02624-HSG, 2018 WL 6099948 (N.D. Cal. 2018) ............................ 14

*In re LinkedIn User Privacy Litig.*,

    309 F.R.D. 573 (N.D. Cal. 2015) .................................................................... 15

WILSHIRE LAW FIRM, PLC
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

*In re Lithium Ion Batteries Antitrust Litig.*,
   No. 4:13-md-02420-YGR (DMR), 2017 WL 1086331 (N.D. Cal. 2017) ............................... 10

*In re Oracle Sec. Litig.*,
   No. C-90-0931-VRW, 1994 WL 502054 (N.D. Cal. 1994) ..................................................... 12

*In re Yahoo Mail Litig.*,
   Nos. 13-CV-4980-LHK, 13-CV-4989-LHK, 13-CV-5326-LHK, 13-CV-5388-LHK, 2016 WL
   4474612 (N.D. Cal. Aug. 25, 2016) ...................................................................................... 8

*In re: Cathode Ray Tube (CRT) Antitrust Litig.*,
   MDL No. 1917, No. C-07-5944 JST, 2016 WL 6778406 (N.D. Cal. 2016) ......................... 12

*Kim v. Allison*,
   8 F.4th 1170 (9th Cir. 2021) ................................................................................................. 5

*Kulesa v. PC Cleaner, Inc.*,
   No. CV 12-0725 FMO (ANx), 2014 WL 12581769 (C.D. Cal. 2014).................................. 7

*Longo v. OSI Sys., Inc.*,
   No. CV 17-8841 FMO (SKX), 2022 WL 22995096 (C.D. Cal. Aug. 31, 2022) .................... 7

*Mazzei v. Money Store*,
   829 F.3d 260 (2d Cir. 2016) ................................................................................................ 14

*Mendez v. C-Two Grp., Inc.*,
   No. 13-cv-05914-HSGM, 2017 WL 2861118 (N.D. Cal. July 5, 2017) ................................ 8

*Mullane v. Cent. Hanover Bank & Tr. Co.*,
   339 U.S. 306 (1950)............................................................................................................ 16

*Murphy v. Eyebobs, LLC*,
   638 F.Supp.3d 463 (W.D. Pa. 2021).................................................................................. 9, 11

*Murphy v. Le Sportsac, Inc.*,
   No. 1:22-CV-00058-RAL, 2023 WL 375903 (W.D. Pa. Jan. 24, 2023) .......................... 9, 10

*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*,
   221 F.R.D. 523 (C.D. Cal. 2004)........................................................................................ 18

WILSHIRE LAW FIRM, PLC
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

*Officers for Just. v. Civ. Serv. Comm'n of City & Cnty. of San Francisco*,

   688 F.2d 615 (9th Cir. 1982) ............................................................................................ 7

*Olean Wholesale Grocery Cooperation v. Bumble Bee Foods LLC*,

   31 F.4th 651 (9th Cir. 2022) ........................................................................................... 5

*Rodriguez v. Nike Retail Servs., Inc.*,

   2022 WL 254349 (N.D. Cal. Jan. 27, 2022) ................................................................. 14

*Rodriguez v. W. Publ'g Corp.*,

   563 F.3d 948 (9th Cir. 2009*)* ................................................................... 6, 8, 14, 15

*Schaffer v. Litton Loan Servicing, LP*,

   No. CV 05–07673 MMM (JCx), 2012 WL 10274679 (C.D. Cal. 2012) ............................... 10

*Schneider v. Chipotle Mexican Grill, Inc.*,

   336 F.R.D. 588 (N.D. Cal. 2020)................................................................................... 8, 9

*Silber v. Mabon*,

   18 F.3d 1449 (9th Cir. 1994) ........................................................................................ 15

*Spann v. J.C. Penny Corp.*,

   211 F.Supp.3d 1244 (C.D. Cal. 2016) ............................................................................ 3

*Stewart v. Apple Inc.*,

   No. 19-cv-04700-LB, 2022 WL 3109565 (N.D. Cal. Aug. 4, 2022)..................................... 8

*Thomas v. Cognizant Tech. Sols. U.S. Corp.*,

   No. SACV 11-1123-JST (Anx), 2013 WL 12371622 (C.D. Cal. June 24, 2013) .................. 10

*Walker v. Life Ins. Co. of the Sw.*,

   No. CV 10-9198 JVS (JDEx), 2021 WL 1220692 (C.D. Cal. 2021) ...................................... 9

**Rules**

Fed. R. Civ. P. 23 ........................................................................................................ 17, 19

Fed. R. Civ. P. 23(b)(2)................................................................................................ 2, 4, 19

Fed. R. Civ. P. 23(b)(3)................................................................................................ 2, 4, 19

Fed. R. Civ. P. 23(c)(2)(B) ............................................................................................... 15

WILSHIRE LAW FIRM, PLC
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

Fed. R. Civ. P. 23(e) ................................................................................ 1, 4, 19

Fed. R. Civ. P. 23(e)(1)(B) .............................................................................. 15

Fed. R. Civ. P. 23(e)(2) ....................................................................... 1, 4, 5, 6

Fed. R. Civ. P. 23(e)(2)(A) ............................................................................ 5, 6

Fed. R. Civ. P. 23(e)(2)(B) ................................................................................. 6

Fed. R. Civ. P. 23(e)(2)(C)(i) ............................................................................ 7

Fed. R. Civ. P. 23(e)(2)(C)(ii) ......................................................................... 11

Fed. R. Civ. P. 23(e)(2)(c)(iii) ......................................................................... 12

Fed. R. Civ. P. 23(e)(2)(C)(iv) ........................................................................ 12

Fed. R. Civ. P. 23(e)(2)(D) .............................................................................. 12

Fed. R. Civ. P. 23(e)(3) .................................................................................... 12

Fed. R. Civ. P. 23(e)(4) .................................................................................... 13

Fed. R. Civ. P. 23(h)(1) .................................................................................... 16

WILSHIRE LAW FIRM, PLC
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

**WILSHIRE LAW FIRM, PLC**
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

After more than five years of hard-fought litigation, extensive motion practice, and arm's length negotiations under the supervision of an experienced mediator, Plaintiff Juan Alcazar ("Plaintiff") has achieved an excellent classwide settlement of this website accessibility class action. The Settlement provides both forward looking injunctive relief requiring Fashion Nova to bring its website into substantial conformance with WCAG and a substantial monetary fund of up to $5,150,000 dollars for the benefit of the certified California damages class.

The Settlement squarely addresses the alleged violations of Title III of the Americans with Disabilities Act (the "ADA") and California's Unruh Civil Rights Act by ensuring that Fashion Nova's website is accessible to legally blind users who rely on screen reader technology, while at the same time providing California class members with the opportunity to obtain meaningful cash payments.

The response from the Classes confirms the fairness of the Settlement.[1] The Notice Program was executed in accordance with the Court approved plan. **No class members objected to the settlement**. The only exclusion in this case is a single opt out request received in connection with the post-certification class notice—before any settlement was reached—and that individual remains excluded. *See* ECF Nos. 121, 121-01.

Under Rule 23(e)(2) and the Ninth Circuit's long standing fairness factors, the Settlement is fair, reasonable, and adequate. The Court should therefore grant final approval, confirm certification of the settlement classes, and enter the proposed final approval order and judgment.

### II.    STATEMENT OF ISSUE TO BE DECIDED

Should the Court grant final approval of the parties' Settlement under Fed. R. Civ. P. 23(e)?

---

[1] All capitalized terms, unless stated otherwise, shall have the same meaning as defined in the Amended Settlement Agreement and Release.

WILSHIRE LAW FIRM, PLC
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

### III.    PROCEDURAL AND FACTUAL BACKGROUND[2]

#### A.    The Parties, Claims, And Certified Classes

Plaintiff Juan Alcazar is legally blind and relies on screen reading software to navigate the internet. He alleged that Defendant Fashion Nova Inc.'s website ("Fashion Nova"), www.fashionnova.com, was not properly coded for screen readers and thus was not accessible to the blind. As a result, Plaintiff was denied full and equal access to Fashion Nova's goods and services in violation of Title III of the ADA and the Unruh Civil Rights Act.

Fashion Nova operates one of the nation's fastest growing online clothing retailers. Fashion Nova denies any wrongdoing, contends that its website has always provided reasonable access, and has vigorously litigated this case.

On September 6, 2022, after full briefing and consideration of the parties' evidentiary submissions, the Court certified two litigation classes: a Nationwide Class of all legally blind individuals who attempted to access Fashion Nova's website using screen reading software during the applicable limitations period, and a California Class consisting of the same population who reside in California. *See* ECF 70. The Court found that Plaintiff satisfied Rule 23(a)'s numerosity, commonality, typicality, and adequacy requirements and that the Nationwide Class satisfied Rule 23(b)(2) while the California Class satisfied Rule 23(b)(3). *Id.*

#### B.    Litigation History, Discovery, And Motion Practice

This case has been heavily litigated. Plaintiff filed suit in February 2020 and amended his complaint. The parties engaged in significant fact and expert discovery, including written discovery, document production, and depositions. Plaintiff retained expert witnesses regarding

---

[2] The Northern District's Procedural Guidance indicates that the motion for attorneys' fees should refer to the history and facts section set out in the motion for final approval. In this case, the attorneys' fees motion was filed first on September 11, 2025. ECF No. 210. Plaintiff respectfully refers the Court to the Declaration of Thiago M. Coelho in Support of Plaintiff's Motion for Attorney's Fees ("Coelho Fee Decl.") for a detailed history of the work undertaken in this case. *See* ECF No. 210-1. For the Court's convenience, a short recitation of the facts is included in this brief.

website accessibility, screen reader technology, and damages.

Following class certification, Fashion Nova moved to decertify the California Class, moved for summary judgment, and filed four separate *Daubert* motions challenging Plaintiff's experts. Prior to settlement, those motions were fully briefed with trial rapidly approaching. Both sides faced significant risks as to liability, class wide damages under the Unruh Act, and the availability and scope of injunctive relief under the ADA.

**C.    Settlement Negotiations**

On January 18, 2024, after extensive discovery and with dispositive motions pending, the parties participated in a full day mediation before the Honorable Amy D. Hogue (Ret.), a highly experienced mediator in complex class actions. Although the case did not resolve at the mediation, Judge Hogue remained actively involved. After further arm's length negotiations and the exchange of detailed information about the claims and defenses, the parties accepted a mediator's proposal that forms the basis of the Amended Settlement Agreement now before the Court.

The Settlement was reached only after years of hard-fought litigation, the completion of extensive fact and expert discovery, a full briefing of class certification and decertification, and the filing of dispositive and *Daubert* motions. This history strongly supports a finding that Class Counsel were fully informed about the strengths and weaknesses of the case when they negotiated the Settlement. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998); *Spann v. J.C. Penny Corp.*, 211 F.Supp.3d 1244, 1256-57 (C.D. Cal. 2016) ("substantial discovery conducted by the parties," and "extensive motion practice, including motions for summary judgment and motions for class certification," meant that the parties "entered the settlement discussions with a substantial understanding of the factual and legal issues from which they could advocate for their respective positions.").

**D.    Preliminary Approval and Notice Program**

Plaintiff moved for preliminary approval of the Amended Settlement Agreement, which the Court granted on May 14, 2025. *See* ECF No. 203. In so doing, the Court found that the settlement fell within the range of possible approval, that the proposed notice plan was adequate,

WILSHIRE LAW FIRM, PLC
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

and that the proposed classes were likely to be finally certified for settlement purposes under Rules 23(b)(2) and 23(b)(3).

The Court approved a notice program consisting of a nationwide digital media campaign that deployed sponsored search advertising, programmatic display ads, social media, online video, and online radio to target likely class members, including users with characteristics shared by blind or visually impaired individuals. The program was designed to generate more than sixteen million digital impressions and achieve approximately seventy-two percent reach nationally and eighty-five percent reach in California within forty-five days. The Court also approved direct notice to a long list of organizations serving blind and visually impaired individuals, and the establishment of a dedicated, accessible settlement website and toll-free phone number.

The Settlement Administrator has now carried out that notice program. As described in the *Declaration of Veronica Olivares on behalf of CPT Group, Inc. Regarding Settlement Administration and in Support of Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement* ("Olivares Decl.") filed concurrently with this Motion, notice was disseminated as ordered, the settlement website and toll-free number were launched and maintained, and Class Members were given the opportunity to submit claims, request exclusion, or object. Olivares Decl., ¶¶5-9. As of the date of this Motion, 5,838 valid California claims have been made. Olivares Decl., ¶15.

## IV.    THE SETTLEMENT SHOULD BE FINALLY APPROVED

### A.    Settlement Satisfies Rule 23(e) and Ninth Circuit Law

Under Rule 23(e), a class action settlement may be approved only if the Court finds that it is fair, reasonable, and adequate after considering whether: (1) the class representatives and counsel have adequately represented the class; (2) the proposal was negotiated at arm's length; (3) the relief provided is adequate, taking into account the costs, risks, and delay of trial and appeal and other relevant factors; and (4) the proposal treats class members equitably relative to each other. Fed. R. Civ. P. 23(e)(2).

**WILSHIRE LAW FIRM, PLC**
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

The Ninth Circuit has long applied similar factors, including: the strength of the plaintiff's case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class certification through trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; and the reaction of the class members to the proposed settlement. *See Hanlon*, 150 F.3d at 1026; *Churchill Village, L.L.C. v. General Electric*, 361 F.3d 566, 575 (9th Cir. 2004). These factors continue to guide the analysis under Rule 23(e)(2). *See Kim v. Allison*, 8 F.4th 1170, 1178–79 (9th Cir. 2021).

Where, as here, a settlement is reached after a class has already been certified, the settlement is entitled to a presumption of fairness, although the Court still must apply an independent and rigorous review. *See Olean Wholesale Grocery Cooperation v. Bumble Bee Foods LLC*, 31 F.4th 651, 664–65 (9th Cir. 2022) (en banc).

The Court's May 14, 2025 Preliminary Approval Order considered the Rule 23(e)(2) and Ninth Circuit factors when assessing the Settlement and found that it was fair, reasonable, and adequate, subject to further consideration at the Final Approval hearing. *See* ECF No. 203 at p.1. Since then, nothing has changed that would alter the Court's analysis, and its findings in that Order remain equally true now. *See In re Chrysler-Dodge-Jeep EcoDiesel Mktg.*, *Sales Practices, & Prods. Liab. Litig.*, 2019 WL 2554232, at *2 (N.D. Cal. May 3, 2019) ("Those conclusions [drawn at preliminary approval] stand and counsel equally in favor of final approval now.").

Plaintiff respectfully submits that the proposed Settlement satisfies Rule 23(e)(2), the relevant Ninth Circuit factors, and the guidelines set forth in the Northern District of California's Procedural Guidance for Class Action Settlements (the "Guidelines"), and warrants approval as fair, reasonable, and adequate.

**B.    The Proposed Settlement Satisfies the Requirements of Rule 23(e)(2)**

**1.    Rule 23(e)(2)(A): Plaintiff and His Counsel Have Adequately Represented the Classes**

Rule 23(e)(2)'s first two factors "look[] to the conduct of the litigation and of the negotiations leading up to the proposed settlement." Rule 23(e)(2) advisory committee's notes to 2018 amendment. The settlement embodies all the hallmarks of a fair resolution under Rule 23(e)(2).

Rule 23(e)(2)(A) asks whether the plaintiff and plaintiff's counsel have adequately represented the class. This factor overlaps with the Ninth Circuit's factor regarding "the extent of discovery completed and the stage of the proceeds." *Hanlon*, 150 F.3d at 1026. As explained above, the Class Counsel and Plaintiff satisfy this factor: they diligently prosecuted this action for four years. Among other things, they investigated and drafted the Complaint; opposed Fashion Nova's several motions, including summary judgment; successfully certified the Classes; conducted expert discovery; and engaged in several settlement discussions with Fashion Nova, including a lengthy mediation with Judge Hogue. Coelho Fee Decl. ¶¶92-95; Declaration of Thiago M. Coelho in Support of Plaintiff's Motion for Final Approval of Class Action Settlement ("Coelho MFA Decl.") ¶¶4-8, 11. Given Class Counsel's and Plaintiff's demonstrated prosecution of this Action, they have adequately represented the Classes.

**2.    Rule 23(e)(2)(B): The Settlement is the Product of Arm's Length Negotiations Among Experienced Counsel Who Were Aware of the Action's Risks**

Rule 23(e)(2)(B) asks whether a proposed settlement is procedurally adequate, i.e., whether "the proposal was negotiated at arm's length." Fed. R. Civ. P. 23(e)(2)(B). "[The Ninth Circuit] put[s] a good deal of stock in the product of an arms-length, non-collusive, negotiated resolution." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009*); accord Cmty. Res. for Indep. Living v. Mobility Works of Cal., LLC*, 533 F. Supp. 3d 881, 889 (N.D. Cal. 2020). The Parties here reached the Settlement only after a formal mediation session and several weeks of

WILSHIRE LAW FIRM, PLC
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

additional negotiations overseen by an experienced mediator, Amy Hogue of Signature Resolution. *See* Coelho Fee Decl., ¶¶81-86; Coelho MFA Decl. ¶¶4-8. Mediation efforts did not begin until after the completion of substantial discovery and while decertification, summary judgment, and *Daubert* motions were pending. Given the efforts of the Parties over the last five years, there can be no question that counsel "'had a sound basis for measuring the terms of the settlement.'" *Longo v. OSI Sys., Inc.*, No. CV 17-8841 FMO (SKX)res, 2022 WL 22995096, at *4 (C.D. Cal. Aug. 31, 2022).

Specifically, before settlement, Plaintiff (1) developed a classwide damages model through Dr. Krosnick's survey, and (2) investigated the alleged WCAG violations on Fashion Nova's website. *See* ECF Nos. 56, 65–66; *Cuellar v. First Transit Inc.*, No. 8:20-cv-01075-JWH-JDE, 2024 WL 83231, at *4 (C.D. Cal. Jan. 8, 2024) (expert analysis supported conclusion regarding adequacy of representation). Class Counsel's discovery and expert work enabled Class Counsel to "enter[] the settlement discussions with a substantial understanding of the factual and legal issues from which they could advocate for their respective positions and which are necessary for a robust negotiation." *Kulesa v. PC Cleaner, Inc.*, No. CV 12-0725 FMO (ANx), 2014 WL 12581769, at *10 (C.D. Cal. 2014). These facts demonstrate that the Settlement is the result of arm's-length negotiations and "not the product of fraud or overreaching by, or collusion between, the negotiating parties." *Officers for Just. v. Civ. Serv. Comm'n of City & Cnty. of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982).

### 3.    Rule 23(e)(2)(C)(i): The Proposed Settlement Is Adequate Considering the Costs, Risk and Delay of Trial and Appeal

Rule 23(e)(2)(C)(i) and the Ninth Circuit's factors concerning the "strength of plaintiffs' case," the "risk, expense, complexity, and likely duration of further litigation," and "the amount offered in settlement," are also satisfied because the injunctive relief and $5,150,000 non-reversionary recovery provide a significant and immediate benefit to the Classes, especially in light of the costs, risks, and delay posed by continued litigation. *Hanlon*, 150 F.3d at 1026.

At the time of settlement, Fashion Nova's motions for summary judgment, decertification,

WILSHIRE LAW FIRM, PLC
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

and motions *in limine* to exclude or limit Plaintiff's experts' testimony under *Daubert* were pending. *See* ECF Nos. 143, 145, 147, 150, 151. While Plaintiff believed Fashion Nova's summary judgment motion did not present a significant threat given that numerous material factual disputes existed (*i.e.*, whether a sufficient nexus existed between Fashion Nova's Website and its physical retail locations and whether Plaintiff was denied adequate accommodations), there was still the possible risk that the Court could have granted summary judgment. ECF Nos. 143, 160, 177; *see also In re Yahoo Mail Litig.*, Nos. 13-CV-4980-LHK, 13-CV-4989-LHK, 13-CV-5326-LHK, 13-CV-5388-LHK, 2016 WL 4474612, at *6 (N.D. Cal. Aug. 25, 2016) ("although the Court did not rule on the parties' cross-motions for summary judgment because the parties settled six days prior to the summary judgment hearing, the Court's initial analysis suggested some vulnerability in Plaintiffs' case"); *Mendez v. C-Two Grp., Inc.*, No. 13-cv-05914-HSGM, 2017 WL 2861118, at *4 (N.D. Cal. July 5, 2017) (holding that the "possibility that Defendants would prevail on their motion for summary judgment if the proceedings were to continue" weighed in favor of settlement).

The risk of decertification also loomed. ECF Nos. 148, 161, 178. The Court could have agreed with Fashion Nova that issues raised after certification called for decertification of the California Class. Specifically, there was the risk that the Court may have agreed with Fashion Nova's arguments concerning Plaintiff's proffered damages model, which was laid out detail in Dr. Krosnick's expert report, and which was previously unavailable to the Court during certification. *Id.*; *Schneider v. Chipotle Mexican Grill, Inc.*, 336 F.R.D. 588, 597 (N.D. Cal. 2020) (questioning plaintiff's damages model and concluding the risk of decertification supported settlement because "there was no guarantee that the Court would have upheld its prior decision certifying this action as a class action"); *Yahoo*, 2016 WL 4474612, at *6 (risk of decertification leaned in favor of settlement); *Mendez*, 2017 WL 2861118, at *4 (defendants' representation that "even if the Court denied their motion for summary judgment, they would have pursued decertification of the class based upon individual issues" supported settlement).

Similarly, if the Court granted any of Fashion Nova's motions to limit or exclude

**WILSHIRE LAW FIRM, PLC**
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

Plaintiff's experts' testimony, that could have severely impacted Plaintiff's ability to prove his case at trial. *See* ECF Nos. 145, 147, 150, 151, 153, 162–165, 175-176, 179–180; *Rodriguez*, 563 F.3d at 966 (recognizing that the number of serious hurdles remaining, including *Daubert* motions, favored settlement); *Stewart v. Apple Inc.*, No. 19-cv-04700-LB, 2022 WL 3109565, at *4 (N.D. Cal. Aug. 4, 2022) (*Daubert* risk supported settlement).

While Plaintiff remains confident that he could have prevailed on his claims, further litigation—including a trial—is always a risky proposition. At trial, there was a risk that Fashion Nova could persuade the trier of fact that there was an inadequate nexus between Fashion Nova's Website and its physical retail locations to support an ADA and Unruh Action violation by pointing to (1) the limited number of Fashion Nova retail stores in California, or (2) that Plaintiff and the Classes were not denied sufficient accommodations related to those retail locations.; *Murphy v. Le Sportsac, Inc.*, No. 1:22-CV-00058-RAL, 2023 WL 375903, at *11 (W.D. Pa. Jan. 24, 2023) ("the current state of the law regarding the application of Title III of the ADA presented significant risk to the Plaintiff class in this case. The complexity of this issue weighs heavily in favor of settlement."); *Murphy v. Eyebobs, LLC*, 638 F.Supp.3d 463, 484 (W.D. Pa. 2021) (same). While Plaintiff would be required to prove all elements of his claims to prevail, Fashion Nova would only need to succeed on one defense to potentially defeat the entire Action.

Unsurprisingly, the Parties also had vastly different views on damages. Fashion Nova argued that (1) Plaintiff's damages model was inadequate and (2) that the California Class's statutory damages would be determined by the Court, not by experts. ECF Nos. 148 & 178. If any of these arguments were accepted, the Court could have limited the recoverable statutory damages. *Chipotle*, 336 F.R.D. at 597 (risk of proving damages at trial supported settlement "as the Court made clear when it granted class certification, Plaintiff's damages calculations were subject to challenge" including on cross-examination).

Moreover, even if Plaintiff had achieved an excellent verdict at trial, Fashion Nova could have appealed the judgment—a process that could postpone recovery for years. *See Walker v. Life*

**WILSHIRE LAW FIRM, PLC**
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

*Ins. Co. of the Sw.*, No. CV 10-9198 JVS (JDEx), 2021 WL 1220692, at *8 (C.D. Cal. 2021) (noting that the willingness to appeal weighed in favor of settlement approval, "because in its absence there will be inevitable costs, high risks and delay.").

Here, the injunctive relief and $5,150,000 non-reversionary settlement fund provided by the Settlement is an exceptional result in light of the risks, costs, and delay inherent in complex cases evenly with respect to all parties. Plaintiff negotiated a settlement that retrieves approximately 27.8% of the *maximum* reasonably recoverable damages. Coelho MFA Decl. ¶13. This well exceeds the typical range of recovery for class action settlements. *Id.*; *See, e.g.*, *In re Lithium Ion Batteries Antitrust Litig.*, No. 4:13-md-02420-YGR (DMR), 2017 WL 1086331, at *4 (N.D. Cal. 2017) (overruling objections to settlement amount representing between 2.2% and 11.2% of total possible damages); *Thomas v. Cognizant Tech. Sols. U.S. Corp.*, No. SACV 11-1123-JST (Anx), 2013 WL 12371622, at *6 (C.D. Cal. June 24, 2013) ("When compared to the strength (and weakness) of Plaintiff's case, and the risks of continued litigation, the Court concludes that the settlement amount is fair and reasonable. The amount class members will receive is between 4.4 and 5% of the maximum liability figure"); *cf. In re BofI Holding, Inc. Sec. Litig.*, Nos. 3:15-CV-02324-GPC-KSC, 3:15-CV-02486-GPC-KSC, 2022 WL 9497235, at *5 (S.D. Cal. Oct. 14, 2022) (median recovery in securities class actions was 4.9% where estimated damages were from $75 to $149 million and 4% where estimated damages were from $150 to $249 million); *Schaffer v. Litton Loan Servicing, LP*, No. CV 05–07673 MMM (JCx), 2012 WL 10274679, at *11 (C.D. Cal. 2012) ("[e]stimates of what constitutes a fair settlement figure are tempered by factors such as the risk of losing at trial, the expense of litigating the case, and the expected delay in recovery (often measured in years).").

Additionally, the injunctive relief portion of the settlement also provides value to the Classes. Coelho MFA Decl. ¶14. Fashion Nova will execute remedial measures, to the extent not already done so, to ensure that Fashion Nova's Website is in substantial compliance with WCAG 2.1. SA §2. This includes implementing a Website Accessibility Policy and working with individuals or entities to aid with website accessibility issues. *Id.* Class Counsel will have the

WILSHIRE LAW FIRM, PLC
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

right to conduct compliance audits to ensure that Fashion Nova's website is in substantial compliance with WCAG 2.1. *Id.* §2.2.2. This type of injunctive relief has been deemed fair in light of the substantial risks of litigating website accessibility issues under the ADA. *Le Sportsac*, 2023 WL 375903, at *10-*12 (concluding injunctive relief settlement fair in light of the uncertainty stemming from whether a website is a public accommodation based on nexus requirement and recognizing that individual awards of money damages are not available in an action pursuant to Title III of the ADA, and "[t]hus, the complexity of this case and uncertainty on both sides with respect to liability and damages weigh in favor of granting final approval of the settlement."); *Eyebobs*, 638 F. Supp. 3d at 483-86 (similar). It is estimated that the injunctive relief under the settlement will cost approximately $60,000 to implement initially, with ongoing maintenance fees of up to $42,000 per year. Coelho MFA Decl. ¶13. These estimates account for a full WCAG compliance audit and website overhaul, and outsourced monthly maintenance inclusive of monitoring and updates. *Id*.

Thus, the benefits created by the settlement weigh heavily in favor of granting the motion for final approval. Considering the risks of continued litigation and the time and expense that would be incurred to prosecute the action through a trial, the injunctive relief and $5,150,000 million non-reversionary settlement is a strong recovery that is in the Classes' best interests.

### 4. Rule 23(e)(2)(C)(ii): The Proposed Method for Distributing Relief Was Effective

Plaintiff and Class Counsel have also undertaken substantial efforts to notify the Classes about the proposed Settlement pursuant to Rule 23(e)(2)(C)(ii). Following the Preliminary Approval Order, CPT Group, Inc. ("CPT") executed a 45-day nationwide digital media campaign beginning June 20, 2025. Olivares Decl., ¶11. The campaign used programmatic display advertising on the Google Display Network, sponsored search ads on Google and Bing, and targeted social-media and online-video advertising on Facebook, Instagram, Reddit, YouTube, and Spotify, with all banner and media ads linking directly to the settlement website. *Id.*, ¶¶11-12. By the conclusion of the campaign on August 3, 2025, CPT had delivered 16,814,515 digital

impressions and generated 24,479 click-throughs to the settlement website. *Id.* CPT further issued an informational press release regarding the settlement via PR Newswire's US1 National Newsline, which reached an estimated audience of approximately 133.6 million individuals and produced 3,002 views of the release and 195 additional click-throughs to the website. *Id.* Collectively, these coordinated efforts were carried out in accordance with the Preliminary Approval Order and were reasonably calculated to, and in fact did, provide extensive notice of the Settlement and claims process to potential Class Members. See Section D below on claims administration and auditing.

### 5.    Rule 23(e)(2)(c)(iii): Attorneys' Fees

Rule 23(e)(2)(c)(iii) address "the terms of any proposed award of attorneys' fees, including timing of payment." Fed. R. Civ. P. 23(e)(2)(c)(iii). As discussed in Class Counsel's Memorandum in Support of an Award of Attorneys' Fees and Expenses ("Fee Brief"), filed on September 11, 2025 (ECF No. 210), Class Counsel seeks a benchmark attorneys' fee of 25% of the Settlement Amount and expenses of $1,235,259.03. This fee request was fully disclosed in the Class Notice. (*See* Olivares Decl., Ex. A p.6) and is consistent with fee awards approved in other class action settlements. *See* Fee Brief, §III.A-B. The Fee Brief likewise sets forth the reasons Class Counsel's requested fees and expenses and should be paid in full at the time of their award. *See* Fee Brief, §V.

### C.    No Other Agreements Exist

Rule 23(e)(2)(C)(iv) and (e)(3) requires disclosure of any other agreements. Neither party has any other agreements that impact the Classes. Coelho MFA Decl ¶16.

### D.    The Proposed Distribution Plan Treats Class Members Equally

Rule 23(e)(2)(D) asks whether the proposal, here the California Class distribution plan, treats class members equitably relative to each other. "Approval of a plan of allocation of settlement proceeds in a class action . . . is governed by the same standards of review applicable to approval of the settlement as a whole: the plan must be fair, reasonable and adequate." *In re: Cathode Ray Tube (CRT) Antitrust Litig.*, MDL No. 1917, No. C-07-5944 JST, 2016 WL 6778406,

**WILSHIRE LAW FIRM, PLC**
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

at *3 (N.D. Cal. 2016) (quoting *In re Oracle Sec. Litig.*, No. C-90-0931-VRW, 1994 WL 502054, at *1–2 (N.D. Cal. 1994)).

The distribution plan, which was negotiated between the Parties with the assistance of Judge Hogue (Coelho Fee Decl. ¶¶81-84), readily meets this standard: it treats all California Class Members fairly in relation to their claims.

CPT received approximately 730,000 claim submissions during the notice period, which they subjected to a layered audit and fraud-screening process. It first deployed front-end tools like reCAPTCHA, interaction monitoring, and logging to deter bots, then retained legal technology company ClaimScore to analyze the 724,338 online claims using a 1,000-point scoring model that flags red-flag patterns (IP clusters, suspicious domains, synthetic identities, etc.). Olivares Decl., ¶14. Claims scoring below 700—where ClaimScore's model indicates a 99.9% probability of invalidity—were deemed fraudulent, while borderline claims near the threshold received extra scrutiny. *Id.* After ClaimScore preliminarily validated 11,369 claims and rejected 712,969 as fraudulent, CPT applied its own validation and de-duplication review (including separate review of 5,408 mailed claims), ultimately determining that 5,838 valid claims had been made by California Class Members. *Id.* at ¶15.

This rigorous audit ensures that the Net Settlement Amount is shared only among legitimately injured California Class Members, rather than being diluted by bots or other inauthentic claimants. The Amended Settlement Agreement requires the Settlement Administrator to use "adequate and customary procedures and standards to prevent the payment of fraudulent claims," authorizes additional information requests and denials subject to Court oversight, and provides that payments to California Class Members are capped at $4,000 per household and reduced pro rata if necessary so total distributions do not exceed the Net Settlement Amount. *See* ECF No. 200-2 at §1.2.3. By aggressively culling fraudulent claims and paying only Approved Claims under these terms, CPT's audit confirms that the distribution plan treats California Class Members fairly and proportionally to their proven eligibility.

WILSHIRE LAW FIRM, PLC
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

WILSHIRE LAW FIRM, PLC
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

### E.    New Opportunity for Exclusion

In accordance with Rule 23(e)(4), under the settlement notice program, California Class Members were provided with another opportunity to exclude themselves from the proposed settlement's Class Payment distribution. ECF No. 200-2 at §5. No further exclusions were received. Olivares Decl., ¶16.

### F.    The Remaining Ninth Circuit Factors Are Satisfied

#### 1.    The Risk of Maintaining Class Action Status Through Trial

While the Court did certify the Classes, as noted above, Fashion Nova's decertification motion was pending when the settlement was reached. ECF Nos. 148, 161, 178; *see Mazzei v. Money Store*, 829 F.3d 260, 265-67 (2d Cir. 2016) (court can decertify class even after a jury verdict in favor of a certified class at trial); *In re Lenovo Adware Litig.*, No. 15-md-02624-HSG, 2018 WL 6099948, at *8 (N.D. Cal. 2018) (risk of decertification favored preliminary approval). Accordingly, this factor supports final approval.

#### 2.    Counsel Views this Good-Faith Settlement as Fair, Reasonable, and Adequate

The Ninth Circuit recognizes that parties "'represented by competent counsel are better positioned than courts to produce a settlement that fairly reflects each party's expected outcome in litigation.'" *Rodriguez*, 563 F.3d at 967. Thus, courts grant great weight to the recommendations and opinions of experienced counsel. *See Rodriguez v. Nike Retail Servs., Inc.*, 2022 WL 254349, at *4 (N.D. Cal. Jan. 27, 2022) (noting "the experience and views of counsel . . . favors approving the settlement" and highlighting counsel's "thorough understanding of the strengths and weaknesses of th[e] case and their extensive experience litigating prior . . . class actions cases").

Class Counsel has extensive experience representing plaintiffs in complex class action litigation and have negotiated substantial class action settlements. As a result of this experience, and with the assistance of sophisticated experts when appropriate, Class Counsel possessed a firm understanding of the strengths and weaknesses of the claims by the time the Settlement was

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

reached. Class Counsel concluded that the Settlement is an outstanding result for the Classes. Coelho Fee Decl., ¶¶88-89.

### 3.    The Reaction of Class Members to the Settlement

The overwhelmingly positive reaction of the Class to the Settlement supports approving the Settlement. *See Foster v. Adams & Assocs., Inc.*, No. 18-CV-02723-JSC, 2022 WL 425559, at *6 (N.D. Cal. Feb. 11, 2022) ("Thus, the Court 'may appropriately infer that a class action settlement is fair, adequate, and reasonable when few class members object to it.'"); *accord In re LinkedIn User Privacy Litig.*, 309 F.R.D. 573, 589 (N.D. Cal. 2015).

As described above, CPT executed a comprehensive digital notice program and media campaign which delivered widespread dissemination of the Settlement Agreement, as well as opt-out and objection deadlines, to potential Class Members. Olivares Decl., ¶11-12. The deadline to object to any aspect of the Settlement was October 22, 2025. **No objections nor additional requests for exclusion were received**. *Id*., ¶16. In total, only one California Class Member has chosen to opt out of the Class. That individual did not do so in response to the Settlement but rather contacted Class Counsel to request exclusion after receiving notice that a class had been certified in this action. Coelho MFA Decl., ¶20; *see also* ECF Nos. 121,121-01. This highly favorable response to the Settlement greatly supports granting final approval. *Hanlon*, 150 F.3d at 1027 ("[T]he fact that the overwhelming majority of the class willingly approved the offer and stayed in the class presents at least some objective positive commentary as to its fairness").

## V.    NOTICE TO THE CLASS SATISFIES DUE PROCESS

A district court "must direct notice in a reasonable manner to all class members who would be bound by the proposal," Fed. R. Civ. P. 23(e)(1)(B), and "must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort," Fed. R. Civ. P. 23(c)(2)(B). The notice also must describe "the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." *Rodriguez*, 563 F.3d at 962 (internal quotation marks omitted). Importantly, "[a]lthough Rule 23 requires that reasonable efforts be

WILSHIRE LAW FIRM, PLC
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

made to reach all class members, it does not require that each class member actually receive notice." *Silber v. Mabon*, 18 F.3d 1449, 1454 (9th Cir. 1994) (noting that the standard for class notice is "best practicable" notice, not "actually received" notice).

The substance of the Notice satisfies Rule 23 and due process. The Long and Short Form Notices clearly describe the nature of the action, the certified Nationwide and California Classes, the settlement consideration, the right of California Class Members to submit claims, and all Class Members' options and deadlines to object, opt out (for California Class Members), appear at the final approval hearing, or do nothing. *See* Olivares Decl., Ex. A. The notices provide detailed information in plain English.

The Long Form Notice describes the proposed settlement and sets forth, among other things: (1) the nature, history, and status of the Action; (2) the definition of the Classes and who is excluded; (3) the reasons the parties have proposed the settlement; (4) the Settlement Amount; (5) the estimated average distribution per California Class Member; (6) the Classes' claims and issues; (7) the parties' disagreement over damages and liability; (8) the maximum amount of attorneys' fees and expenses that Class Counsel intends to seek in connection with final settlement approval; (9) the maximum amount the Plaintiff will request in connection with his representation of the Classes; (10) the plan for allocating the settlement proceeds to the California Class; and (11) the date, time, and place of the Final Approval Hearing. *See* Olivares Decl., Ex. A. The notice contents of are "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950).

In addition, Rule 23(h)(1) requires that "[n]otice of the motion [for attorneys' fees] must be served on all parties and, for motions by class counsel, directed to class members in a reasonable manner." The notice satisfies the requirements of Rule 23(h)(1), as it notifies Class Members that Class Counsel will apply to the Court for an award of attorneys' fees in an amount not to exceed 25% of the Settlement Amount plus litigation expenses not to exceed $1,235,259.03, to be paid from the Settlement Amount. The notices also indicate that the application for a service

WILSHIRE LAW FIRM, PLC
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

1  award will seek no more than $1,000 in connection with Plaintiff's representation of the Classes.

2  *See* Olivares Decl., Ex. A at p.6.

3  Per the Court's May 14, 2025 Preliminary Approval Order, CPT implemented the

4  Court-approved Notice Distribution Plan. CPT launched and maintained a dedicated, accessible

5  settlement website (www.FashionNovaAccessibilitySettlement.com). Olivares Decl., ¶5. The

6  website hosted key case documents (including the Complaint, Amended Settlement Agreement,

7  Preliminary Approval Order, Long Form Notice, Claim Form, and Opt-Out Form), an "Important

8  Dates" page, and an online claims portal that allowed Class Members to submit claims

9  electronically during the June 20–October 20, 2025 response period. *Id.*, ¶¶6-7. The Settlement

10  Website has since received approximately 2.3 million page views from about 1.5 million unique

11  visitors. *Id.*, ¶8. CPT also established and maintained a 24-hour toll-free IVR line

12  (1-888-678-2596) and a case-specific email address

13  (FashionNovaAccessibilitySettlement@cptgroup.com) to respond to Class Member inquiries; the

14  toll-free number had received 216 calls and the email inbox 323 messages. *Id.*, ¶9.

15  To disseminate notice broadly, CPT also executed a 45-day nationwide digital media

16  campaign beginning June 20, 2025. *Id.*, ¶11. The campaign used programmatic display

17  advertising on the Google Display Network, sponsored search ads on Google and Bing, and

18  targeted social-media and online-video advertising on Facebook, Instagram, Reddit, YouTube,

19  and Spotify, with all banner and media ads linking directly to the settlement website. *Id.* By the

20  conclusion of the campaign on August 3, 2025, CPT had delivered 16,814,515 digital impressions

21  and generated 24,479 click-throughs to the settlement website. *Id.* CPT further issued an

22  informational press release regarding the settlement via PR Newswire's US1 National Newsline,

23  which reached an estimated audience of approximately 133.6 million individuals and produced

24  3,002 views of the release and 195 additional click-throughs to the website. *Id.*, ¶12. Collectively,

25  these coordinated website, telephone, email, and digital-media efforts were carried out in

26  accordance with the Preliminary Approval Order and were reasonably calculated to, and in fact

27  did, provide extensive notice of the settlement and claims process to potential Class Members.

28

WILSHIRE LAW FIRM, PLC
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

**WILSHIRE LAW FIRM, PLC**
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

The notice program here fairly apprises Class Members of their rights with respect to the Settlement, is the best notice practicable under the circumstances, and complies with the Court's Preliminary Approval Order, Fed. R. Civ. P. 23, and due process. *See, e.g.*, *Fleming v. Impax Laboratories Inc.*, No. 16-CV-06557-HSG, 2022 WL 2789496, at *5 (finding that the parties "sufficiently provided the best practicable notice" where class notice explained "the nature of the action, the class definition, and the class members' right to exclude themselves from the class"); *Hayes v. MagnaChip Semiconductor Corp.*, 2016 WL 6902856, at *4 (N.D. Cal. Nov. 21, 2016) (same); *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 526 (C.D. Cal. 2004) (same).

## VI.     ATTORNEYS' FEES, COSTS, AND SERVICE AWARD

The Northern District's guidance requires that any request for attorneys' fees and service awards be supported by detailed evidence and be noticed for the same date as final approval. Plaintiff has complied with that requirement. Plaintiff's Fee Motion was filed on September 11, 2025 and is noticed to be heard concurrently with this motion. The fee motion does not include a request for a service award for Plaintiff. That request is set forth and outlined below.

Plaintiff and Class Representative Juan Alcazar respectfully requests a modest $1,000 service award in recognition of his substantial efforts on behalf of the Nationwide and California Classes.

As set forth in his declaration, Mr. Alcazar, a visually impaired individual who relies on screen-reading software to navigate the internet, initiated this litigation after personally encountering accessibility barriers on Fashion Nova's website, then spent approximately 3 hours assisting counsel with pre-filing investigation of those barriers and another 2.5 hours reviewing and discussing the complaint before it was filed. Alcazar Decl., ¶¶4-5. Over the ensuing four-plus years of litigation, he devoted roughly 40 hours to reviewing court filings and case updates, an additional 10 hours assisting with class certification (including re-testing the website), and approximately 4 hours reviewing and responding to written discovery. *Id.*, ¶¶6-8. He further spent about 3 hours reviewing the class notice program to ensure it would effectively reach the visually

WILSHIRE LAW FIRM, PLC
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

impaired community, 3 hours staying informed about settlement-planning conferences, 3 hours conferring with counsel regarding Fashion Nova's requests to modify the case schedule, 5 hours assisting with opposition to summary judgment and related motions, 4 hours attending the December 8, 2023 settlement conference before Judge Ryu, 5 hours reviewing and evaluating Judge Hogue's mediator's proposal and the resulting settlement structure, and 3 hours monitoring the progress of CPT's notice program—more than 80 hours of documented effort, with additional time anticipated to assist with settlement implementation and class-member communications. *Id.*, ¶¶9-16.

In light of this sustained commitment, the risks and responsibilities he assumed as a blind, named plaintiff in a certified class action, and the significant injunctive and monetary relief obtained for the Classes, the requested $1,000 service award is reasonable and well-earned.

## VII.    CONCLUSION

For all the foregoing reasons, Plaintiff respectfully requests that the Court: (i) grant final approval of the Amended Settlement Agreement and Release as fair, reasonable, and adequate under Rule 23(e); (ii) confirm certification of the Nationwide Class under Rule 23(b)(2) and the California Class under Rule 23(b)(3) for settlement purposes; (iii) find that the notice program satisfied Rule 23, CAFA, due process, and the Northern District's Procedural Guidance for Class Action Settlements; (iv) overrule any objections that may be filed after the objection deadline, if any are submitted; (v) approve the proposed plan for distribution of the Net Settlement Amount and cy pres; (vi) approve the requested attorneys' fees, costs, and service award as set forth in the previously filed fee motion; and (vii) enter the proposed final approval order and final judgment.

Dated:  December 12, 2025                      Respectfully submitted,

                                              */s/ Thiago M. Coelho*
                                              Thiago M. Coelho
                                              **WILSHIRE LAW FIRM, PLC**
                                              *Attorneys for Plaintiff Juan Alcazar and the
                                              Nationwide and California Classes*

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT